# FORM FOR USE IN APPLICATIONS
# FOR HABEAS CORPUS UNDER 28 U.S.C. § 2254

RECEIVED

2006 JUL 21 A 11: 11

_Clarence Watkins_
**Name**

_132/16_
**Prison Number**

_William R. Donaldson Correctional Facility_
_100 Warrior Lane, Bessemer, Alabama 35023-7299_
**Place of Confinement**

United States District Court _Middle_ District of _Alabama_

Case No. _2:06CV650-MEF_
(To be supplied by Clerk of U. S. District Court)

_Clarence Watkins_ , **PETITIONER**
(Full Name)  (Include name under which you were convicted)

_Kenneth Jones, Warden_ , **RESPONDENT**
(Name of Warden, Superintendent, Jailor, or authorized person
having custody of Petitioner)

and

THE ATTORNEY GENERAL OF THE STATE OF _Alabama_

_Troy King_ , **ADDITIONAL RESPONDENT.**

(if petitioner is attacking a judgement which imposed a sentence to be served in the <u>future</u>, petitioner must fill in the name of the state where the judgment was entered. If petitioner has a sentence to be served in the <u>future</u> under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. §2255, in the federal court which entered the judgment.)

### PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

### INSTRUCTIONS--READ CAREFULLY

(1) This petition must be legibly handwritten or typewritten and signed by the petitioner under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.



SCANNED   N955

The Judicial Conference of the United States has adopted, effective 1/1/83, the 8½ x 11 inch paper size standard for use throughout the federal judiciary and directed the elimination of the use of legal size paper. All pleadings, etc. filed after 12/31/82 must be on 8½ x 11 inch paper, otherwise we cannot accept them.

(2) Additional pages are not permitted except with respect to the <u>facts</u> which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5 your petition will be filed if it is in proper order.

(4) If you do not have the necessary filing fee, you may request permission to proceed <u>in forma pauperis</u>, in which event you must execute the declaration on the last page, setting forth information establishing your inability to prepay the fees and costs or give security therefor. If you wish to proceed <u>in forma pauperis</u>, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition if fully completed, <u>the original and two copies * must be mailed to the Clerk of the United States District Court whose address is:</u>

P.O. Box 711<br>Montgomery, Alabama 36101

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

**\*If you are proceeding <u>in forma pauperis</u>, only the original petition needs to be filed with the Court.**

PETITION

1. Name and location of court which entered the judgment of conviction under attack _Montgomery Cnty Circuit Crt_

2. Date of judgment of conviction _May 12, 2005_

3. Length of sentence _30 yrs_ Sentencing Judge _Tracy S. McCooey_

4. Nature of offense or offenses for which you were convicted: _____
   _Shooting in Violation of Title 13A-6-90 Code of_
   _Alabama 1975_

5. What was your plea? (check one)
   (a) Not guilty ( )
   (b) Guilty (✓)
   (c) Nolo contendere ( )
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: _____
   _N/A_

6. Kind of trial: (Check one)
   (a) Jury ( )
   (b) Judge only (✓)

7. Did you testify at the trial? Yes (✓) No ( )

8. Did you appeal from the judgment of conviction? Yes (✓) No ( )

9. If you did appeal, answer the following:
   (a) Name of court _Alabama Court of Criminal Appeals_
   (b) Result _Appeal Dismissed_
   (c) Date of result _August 24, 2005_
   If you filed a second appeal or filed a petition for certeorari in the Supreme Court, give details: _____
   _N/A_

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal? Yes ( ) No ( )

11. If your answer to 10 was "yes", give the following information:
    (a) (1) Name of court _Montgomery County Circuit Court_
        (2) Nature of proceeding _Rule 32 Petition_
        (3) Grounds raised _The court lacks what jurisdiction_
        _to render the judgment to impose the sentence_

        (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( ) No (✓)
        (5) Result _Denied_
        (6) Date of result _January 9, 2006_

(b) As to any second petition, application or motion give the same information:
   (1) Name of court _____
   (2) Nature of proceeding _____
   (3) Grounds raised _____ *N/A* _____
   _____
   _____
   _____
   _____
   _____

   (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( ) No (✓) *N/A*
   (5) Result _____ *N/A* _____
   (6) Date of result _____ *N/A* _____

(c) As to any third petition, application or motion, give the same information:
   (1) Name of Court _____
   (2) Nature of proceeding _____
   (3) Grounds raised _____ *N/A* _____
   _____
   _____
   _____
   _____
   _____

   (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( ) No (✓) *N/A*
   (5) Result _____ *N/A* _____
   (6) Date of result _____ *N/A* _____

(d) Did you appeal to the highest state court having jurisdiction the result of any action taken on any petition, application or motion:
   (1) First petition, etc.        Yes (✓)   No ( )
   (2) Second petition, etc.       Yes ( )   No ( )
   (3) Third petition, etc.        Yes ( )   No ( )

(e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not: _____
_____
_____
_____ *N/A* _____
_____
_____
_____

12. State <u>concisely</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the <u>facts</u> supporting each ground.

   CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. As to all grounds on which you have previously exhausted state court remedies, you should set them forth in this petition if you wish to seek federal relief. If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date.

   For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted all your state court remedies with respect to them. However, <u>you should raise in this petition all available grounds</u> (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

   If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose. Do not check any of the grounds listed below. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

   (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
   (b) Conviction obtained by use of coerced confession.
   (c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].
   (d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].
   (e) Conviction obtained by a violation of the privilege against self-incrimination.
   (f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
   (g) Conviction obtained by a violation of the protection against double jeopardy.
   (h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
   (i) Denial of effective assistance of counsel.
   (j) Denial of right of appeal.

A. Ground one: _See Attached grounds of Petition_
Supporting FACTS   (tell your story briefly without citing cases or law):

_See Attached grounds of Petition_

B. Ground two: _See Attached grounds of Petition_
Supporting FACTS   (tell your story briefly without citing cases or law):

_See Attached grounds of Petition_

C. Ground three: _N/A_
Supporting FACTS   (tell your story briefly without citing cases or law):

_N/A_

D. Ground four: _~~~~~~~~~~~~~~~~~~~~~~~~~~_
   Supporting FACTS   (tell your story briefly without citing cases or law): _____

   _(scribbled out)_

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

   _(scribbled out)_

14. Do you have any petition or appeal now pending in any court, wither state or federal, as to the judgment under attack?    Yes ( )  No (✓)

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing _____

    (b) At arraignment and plea _____

    (c) At trial _____

    (d) At sentencing _____

    (e) On appeal _____

(f) In any post-conviction proceeding _____
_____

(g) On appeal from any adverse ruling in a post-conviction proceeding: ____
_____
_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ( )    No (✓)

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ( )    No (✓)

(a) If so, give name and location of court which imposed sentence to be served in the future: ~~_____~~
~~_____~~

(b) And give date and length of sentence to be served in the future: ~~_____~~
~~_____~~

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ( )    ~~No~~

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on _18th July 2006_.
                                                                    (date)

X _Clarence Waters_
Signature of Petitioner

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| CLARENCE WATERS, | ) |
| Petitioner, | ) |
| vs. | ) CIVIL ACTION NO. 06 cv 650 -MEF |
| KENNETH JONES, Warden; Attorney General, State of Alabama, | ) ) |
| Respondents. | ) |

### PETITIONER'S GROUNDS OF PETITION

Comes now the above Petitioner "Clarence Waters" and files this his "Petition For Writ Of Habeas Corpus" pursuant to 28 USC 2254 and in support of same this Petitioner will show unto this honorable court the following to-wit:

1. **JURISDICTION**

This honorable court has jurisdiction of the above styled cause and over the above referenced parties pursuant to "Title 28, 28 USC 2254."

2. **FERDERAL HABEAS CORPUS ISSUES PRESENTED**

(A) The court was without jurisdiction to render the judgment or to impose the sentence.

3. **PROCEDURAL HISTORY**

The Petitioner "Clarence Waters" filed a "PETITION FOR RELIEF FROM CONVICTION OR SENTENCE" pursuant to Rule 32 Ala.R.Crim.P. in the Circuit Court of Montgomery County, Alabama Dec. 5, 2005.

1.

Then on January 6, 2006 the State of Alabama through it's Deputy District Attorney the honorable "Matthew D. Shddrix" filed it's "STATE'S ANSWER TO PETITION FOR RELIEF FROM CONVICTION OR SENTENCE."

And on January 9, 2006, the trial court the honorable "Tracy S. McCooey" entered a order in which she dismissed the Petitioner's Rule 32 Petition without first conducting an evidentiary hearing on the merits of the claims raised in the Petitioner's Rule 32 Petition.

Then on January 19, 2006, the Petitioner filed a "MOTION TO VACATE, ALTER OR AMEND JUDGMENT pursuant to Rule 59(e), Ala.R.Civ.P. in the Circuit Court of Montgomery County Alabama.

And on January 23, 2006 the honorable "Tracy McCooey" entered a order in which she denied the Petitioner's "MOTION TO VACATE, ALTER OR AMEND JUDGMENT."

Then on February 1, 2006, the Petitioner filed formal written notice of appeal to the Alabama Court of Criminal Appeals.

And on April 14, 2006, the Alabama Court of Criminal Appeals affirmed by memorandum the trial court's dismissal of the Petitioner's Rule 32 Petition.

Then on April 17, 2006, the Petitioner filed timely application for rehearing to the Alabama Court of Criminal Appeals.

And on April 28, 2006, the Alabama Court of Criminal Appeals overruled the Petitioner's "APPLICATION FOR REHEARING."

Then on May 2, 2006, the Petitioner filed timely "PETITION FOR WRIT OF CERTIORARI" to the Alabama Supreme Court.

And on June 6, 2006, The Alabama Supreme Court denied the Petitioner "Petition For Writ of Certiorari."

4. **ARGUMENT**

"The court was without jurisdiction to render the judgment or to impose the sentence."

The Petitioner "Clarence Waters" was formally indicted by the Montgomery County Grand Jury in it's February 2005 session for the offense of **"STALKING"** in violation of "Title 13A, 13A-6-90, Code of Ala. 1975." See Exhibit A. A copy of the indictment attached for this honorable court's inspection.

The Petitioner argues that "Stalking" in violation of "Title 13A, 13A-6-90, Code of Ala. 1975" states the following:

> **"TITLE 13A, 13A-6-90, Code of Ala. 1975; Stalking:**
>
> "(a)  A person commits the crime of Stalking if,
> (1)  A person intentionally and repeatedly follows or harrasses another person and who makes a credible threat, either expressed or implied, with the intent to place that person in reasonable fear of death or serious bodily harm."

The Petitioner argues that his indictment states the following:

> "Did intentionally and repeatedly follow or harrass another person, Caroline Nolen, and made a credible threat either expressed or implied, with the intent to place that person in reasonable fear of death or serious bodily harm."

The Petitioner argues that this indictment clearly states that the Petitioner "Did intentionally and repeatedly follow or harrass another person, to wit, Caroline Nolen." See EXHIBIT A. A copy of the original indictment attached for this honorable court's inspection.

3.

The Petitioner argues further that, <u>this indictment clearly states that the Petitioner "Made a credible threat either expressed or implied, with the intent to place that person in reasonable fear of death or serious bodily harm."</u>

The Petitioner argues that, this indictment <u>Exhibit A,</u> fails to charge the Petitioner with the offense of "<u>Stalking</u>" in violation of "<u>Title 13A, 13A-6-90, Code of Ala. 1975,</u>" for the following reasons.

The Petitioner argues that this indictment <u>Exhibit A,</u> states the following:

> "And made a credible threat either expressed or implied with the intent to place that person in reasonable fear of death or serious bodily harm."

The Petitioner argues further that, this indictment <u>Exhibit A,</u> uses the term ("<u>That Person</u>") in relation to the victims name ("<u>Caroline Nolen</u>") as such this indictment fails to name the victim in relation to ("<u>And made a credible threat either expressed or implied, with the intent to place that victim "Caroline Nolen" in reasonable fear of death or serious bodily harm</u>").

The Petitioner argues further that, clearly this indictment fails to State the offense of "<u>Stalking</u>" as defined at "<u>Title 13A, 13A-6-90, Code of Ala. 1975</u>" because the indictment only charges the Petitioner with ("<u>Intentionally and repeatedly following or harrassing another person to wit "Caroline Nolen</u>"), but fails to alege in the indictment that the Petitioner ("<u>Made a credible threat either expressed or implied with the intent to place Caroline Nolen in reasonable fear of death or serious bodily harm</u>").

4.

The Petitioner argues that, this indictment fails to charge the offense of "<u>Stalking</u>" in violation of "<u>Title 13A, 13A-6-90, Code of Ala. 1975</u>" because this indictment fails to name the person, the Petitioner was suppose to have ("<u>Made a credible threat, either expressed or implied, with the intent to place the named person in reasonable fear of death or serious bodily harm</u>").

The Petitioner argues that an indictment that fails to state an offense will not support a judgment of conviction <u>Mays v. City of Prattville</u>, 402 So.2d 1114, 1117 (Ala.Crim.App. 1981), citing <u>Barbee v. State</u>, 417 So.2d 611 (Ala.Crim.App.____).

5.     **ARGUMENT**

The Petitioner "Clarence Waters" argues that as evidence by the record in this case <u>Exhibit B</u>, a copy of the original <u>sentencing order</u> of this honorable court, and <u>Exhibit C</u>, a copy of the original **<u>MOTION TO RECONSIDER SENTENCE</u>** these records clearly show on their face, that the trial court relied only upon the "<u>Presentence Investigation Report</u>" which listed two (2) prior felony convictions, in order to enhance the Petitioner's sentence to thirty (30) years imprisonment.

The Petitioner argues further that, the Alabama Court of Criminal Appeals holding in the authroity of <u>Cooper v. State</u>, 632 So.2d 1342 (Ala.Crim.App. 1993), held that the presentence investigation report contained in the record, which lists prior convictions amounted to sufficient notice of the felony convict-

ions that the state intended to prove at the sentencing hearing, while the Alabama Court of Criminal Appeals are aware of their holding in the authority of <u>Nesbitt v. State</u>, 531 So.2d 37 (Ala. Crim.App. 1987). That the defendant's receipt of a presentence investigation report constitutes notice of the state's intent to proceed under the Alabama Habitual Felony Offender Act, "<u>Title 13A, 13A-5-9, Code of Ala. 1975.</u>"

The Petitioner argues that, the Alabama Court of Criminal Appeals holding in the authority of <u>Cooper v. State</u>, 632 So.2d 1342 (Ala.Crim.App. 1993), is expressly overruled as follows.

The Petitioner argues that, the Alabama Supreme Court's decision in the authority of <u>Ex Parte Cooper</u>, 632 So.2d 1344 (Ala. 1994), held the following:

> "We are not willing to extend the holding in the authority of <u>Cooper v. State</u>, 632 So.2d 1342 (Ala.Crim.App. 1993), to allow the presentence investigation report to supply sufficient notice of the specific prior felony conviction upon which the state intends to rely upon."

The Petitioner argues that he was highly prejudice by the trial courts reliance upon the presentence investigation report to enhance the Petitioner's sentence to thirty (30) years imprisonment.

Wherefore, premises considered Petitioner moves this honorable court to set this matter down for a federal evidentiary hearing on the merits of the claims raised in the present petition for Writ of Habeas Corpus

Done this the 18th day of July, 2006.

7.

                                      Respectfully submitted,

                                      */s/ Clarence Waters*
                                      CLARENCE WATERS
                                      AIS#132116
                                      Willaim E. Donaldson
                                      Correctional Facility
                                      100 Warrior Lane
                                      Bessemer, Ala. 35023-7299

# THE STATE OF ALABAMA
## MONTGOMERY COUNTY

Circuit Court of Montgomery County, February 2005

COUNT I: THE GRAND JURY OF MONTGOMERY COUNTY CHARGE THAT, BEFORE THE FINDING OF THIS INDICTMENT,

> Clarence Waters, alias
> Clarence Carter, alias
> Slim Carter, alias

WHOSE NAME IS OTHERWISE UNKNOWN TO THE GRAND JURY, DID INTENTIONALLY AND REPEATEDLY FOLLOW OR HARASS ANOTHER PERSON, CAROLYN NOLEN, AND MADE A CREDIBLE THREAT, EITHER EXPRESSED OR IMPLIED, WITH THE INTENT TO PLACE THAT PERSON IN REASONABLE FEAR OF DEATH OR SERIOUS BODILY HARM, IN VIOLATION OF SECTION 13A-6-90 OF THE CODE OF ALABAMA, AGAINST THE PEACE AND DIGNITY OF THE STATE OF ALABAMA.

SCANNED

*Ellen Brooks*
District Attorney, Fifteenth Judicial Circuit of Alabama



| State of Alabama Unified Judicial System | CASE ACTION SUMMARY (CONTINUATION) SENTENCING ORDER | Case Number CC- 05-275 |
|---|---|---|

STATE OF ALABAMA v. **Clarence Waters**    Page No. ____ of ____ Pages

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|

### Sentencing Order

5-12-05
Rec'd 5-17-05
Comp.

The defendant and counsel, and counsel for the State of Alabama appeared in open court for the defendant to be sentenced on his/her conviction of **Stalking**

### Habitual Felony Offender

The defendant has been given reasonable notice that the State intended to move the Court to sentence the the defendant under the provisions of -- 13A-5-9 and 10, *Code of Alabama, 1975*.
The State's motion to sentence the defendant pursuant to the Habitual Felony Offender Act is
__X__ granted; _____ denied. The Court finds the defendant has __X__ prior convictions:
**2 priors**

### Sentence

_____ The defendant waived a sentencing hearing.
__X__ The Court conducted a sentencing hearing.
__X__ A pre-sentence report was requested by the defendant and considered by the Court.
_____ The defendant waived a pre-sentence investigation and report.
__X__ The Court asked the defendant if he/she had anything to say why the sentence of law should not be imposed against him/her, and: __X__ the defendant having had his/her say; _____ the defendant had nothing to say, it is ORDERED as follows:
__X__ The defendant is sentenced to the custody of the Commissioner of the Department of Corrections for a period of: __30__ year(s), and _____ month(s), _____ day(s); _____ his/her life; _____ his/her life without parole.
_____ The defendant is sentenced to the custody of the Sheriff of Montgomery County, Alabama, for a period of: _____ year(s), _____ month(s), _____ day(s).
_____ The defendant is sentenced to the custody of the Warden of the Montgomery City Jail for a period of: _____ year(s), _____ month(s), _____ days(s).
_____ The defendant is fined the sum of $_____.
_____ The defendant is fined the sum of $_____ for the Mandatory Drug Demand Reduction Assessment Act Fine.
_____ Defendant's Driver's License is suspended for a period of _____.
_____ Y.O.A.
_____ Frank Lee Youth Center is recommended.
__X__ The counts in this sentence shall run concurrent with the sentence(s) imposed in **all other counts**
__X__ The defendant shall pay restitution in the amount of $ **482.40**
__X__ The defendant shall pay the costs of this case.
__X__ The defendant shall pay the Alabama Crime Victims Compensation Commission, the sum of $ **50**
_____ The defendant shall pay $100.00 fine to the Department of Forensic Sciences.
_____ One-half of all monies earned by the defendant while in the Department of Corrections shall be withheld to pay Court-Ordered monies.
_____ The defendant shall reimburse the State of Alabama the costs of his/her appointed counsel in the amount of $ _____.
_____ The payment of Court-ordered monies shall be a condition of parole, early release, S.I.R., or work release.
__X__ The defendant was advised of his/her rights of appeal.

Exhibit B

| State of Alabama | CASE ACTION SUMMARY (CONTINUATION) | Case Number |
|---|---|---|
| Unified Judicial System | SENTENCING ORDER | CC - 05-27 |

STATE OF ALABAMA v. *Clarence Waters*   Page No. ___ of ___ P.

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|

5-12-05
Rec'd
5-17-05
Comp.

### Sentencing Order

The defendant and counsel, and counsel for the State of Alabama appeared in open court for the defendant to be sentenced on his/her conviction of *Stalking*

### Habitual Felony Offender

The defendant has been given reasonable notice that the State intended to move the Court to sentence the the defendant under the provisions of --- 13A-5-9 and 10, *Code of Alabama, 1975*.
The State's motion to sentence the defendant pursuant to the Habitual Felony Offender Act is
__X__ granted; _____ denied. The Court finds the defendant has __X__ prior convictions

*2 priors*

### Sentence

____ The defendant waived a sentencing hearing.
____ The Court conducted a sentencing hearing.
__X__ A pre-sentence report was requested by the defendant and considered by the Court.
____ The defendant waived a pre-sentence investigation and report.
__X__ The Court asked the defendant if he/she had anything to say why the sentence of law should not be imposed against him/her, and: __X__ the defendant having had his/her say; ____ the defendant ha nothing to say, it is ORDERED as follows:
__X__ The defendant is sentenced to the custody of the Commissioner of the Department of Corrections for a period of: __30__ year(s), and _____ month(s), _____ day(s); _____ his/her life; _____ his/her life without parole.
____ The defendant is sentenced to the custody of the Sheriff of Montgomery County, Alabama, for a period of: _____ year(s), _____ month(s), _____ day(s).
____ The defendant is sentenced to the custody of the Warden of the Montgomery City Jail for a period of: _____ year(s), _____ month(s), _____ days(s).
____ The defendant is fined the sum of $_____.
____ The defendant is fined the sum of $_____ for the Mandatory Drug Demand Reduction Assessment Act Fine.
____ Defendant's Driver's License is suspended for a period of _____.
____ Y.O.A.
____ Frank Lee Youth Center is recommended.
__X__ The counts in this sentence shall run concurrent with the sentence(s) imposed in *all other conv*
__X__ The defendant shall pay restitution in the amount of $ *487.40*
__X__ The defendant shall pay the costs of this case.
__X__ The defendant shall pay the Alabama Crime Victims Compensation Commission, the sum of $ *50*
____ The defendant shall pay $100.00 fine to the Department of Forensic Sciences.
____ One-half of all monies earned by the defendant while in the Department of Corrections shall be withhel pay Court-Ordered monies.
____ The defendant shall reimburse the State of Alabama the costs of his/her appointed counsel in the amount of $ _____.
__X__ The payment of Court-ordered monies shall be a condition of parole, early release, S.I.R., or work release.
__X__ The defendant was advised of his/her rights of appeal.

5/14/05

EXHIBIT C

| | | |
|---|---|---|
| STATE OF ALABAMA | * | IN THE CIRCUIT COURT OF |
| PLAINTIFF | * | MONTGOMERY COUNTY, |
| VS. | * | STATE OF ALABAMA |
| CLARENCE WATERS | * | CRIMINAL DIVISION |
| DEFENDANT | * | CASE NO.: CC-2005-0275 TSM |

## MOTION TO RECONSIDER SENTENCE

Comes now the Defendant, Clarence Waters, by and through his attorney, and moves this Honorable Court to reconsider the sentence imposed upon him on May 12, 2005, and as grounds for this Motion, states unto the Court as follows:

1. The Defendant, Clarence Waters, appeared in Court on March 24, 2005, and entered a guilty plea to the charge of Stalking, a class C felony.

2. Sentencing was set for May 12, 2005. A presentence report was prepared by the State Probation and Parole office. The Defendant had two prior felony convictions making the sentencing range not less than ten years, nor more than life. The probation officer recommended fifteen years.

3. The Defendant offered several family members to testify on his behalf, and offered several letters of recommendation concerning his excellent work record. He also submitted evidence that he had received help for his drug addition.

4. After a sentencing hearing, the Defendant was sentenced to thirty years in the custody of the State Board of Corrections.

5. Since the time of the offense, the Defendant has stopped using illegal drugs and has stayed away from those who use illegal drugs. He has completed a drug rehabilitation course and has been attended NA meetings. He has made a good effort to become a better citizen. The Court should consider the progress the Defendant has made in improving his life since the commission of the crime.

6. The Defendant never touched the victim. He never went to her house. The crime only consisted of verbal threats over the telephone, and watching her at their place of employment.

1

7. The victim had indicated she was interested in the Defendant at their place of employment. Otherwise, the events would not have occurred.

8. Rule 26.8, Alabama Rules of Criminal Procedure, states that the sentence imposed in each case should be the least restrictive sanction that is consistent with the protection of the public and the gravity of the crime. The Court should consider, in evaluating the gravity of the offense, that no overt action was ever taken against the victim. It was only verbal threats.

9. Taking into consideration sentences imposed for this type of crime in other cases in this judicial circuit, and in the state, the sentence of thirty years is excessive. While stalking is not listed in the sentencing guidelines, if one considers Assault I, a class B felony, more serious than the charge against the Defendant, both because it is a class B felony and it involves serious injury to the victim, the recommended sentencing range is from 101 months to 204 months. This is clearly under the 360 months imposed by this Court in this case. This takes into consideration two prior felonies and two periods of prior incarceration.

WHEREFORE, the Defendant moves the Court to reconsider the sentence imposed upon him in this case and to consider a sentence more appropriate to the crime which should be closer to ten years than to thirty years.

Raymond Johnson (joh051)

Attorney for the Defendant
640 McDonough Street
Montgomery, AL. 36104
Office (334) 265-8731
(334) 832-1051 Fax

### CERTIFICATE OF SERVICE

I hereby certify that I have this day, served a copy of the foregoing document upon the District Attorney of Montgomery County, by placing a copy of said Motion in the box assigned to the District Attorney in the office of the Circuit Clerk at the Montgomery County Courthouse this 16th day of May, 2005.

Raymond Johnson (joh051)

2