IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CLARENCE WATERS, AIS # 132116, )
                                     )
                                     )
        Petitioner,            )
                                     )
VS.                         )        CIVIL ACTION NO.
                                     )        2:06-CV-650-MEF
                                     )
KENNETH JONES, et al.,        )
                                     )
        Respondents.      )

**ANSWER**

I.

**Facts and Proceedings in State Courts**

1. On or about June 14, 1995, Clarence Waters ("Waters") apparently entered a guilty plea to a charge of stalking in Montgomery County Circuit Court. *See* Petitioner Waters's *Habeas Corpus Petition*, at p. 3.

2. Waters was apparently sentenced to serve a term of imprisonment of thirty years. *See* Petitioner Waters's *Habeas Corpus Petition*, at p. 2. Waters took no direct appeal. *See* Petitioner Waters's *Habeas Corpus Petition*, at p. 3.

3. On July 21, 2006, Waters filed the instant federal petition for writ of habeas corpus.

## II.

## Petitioner Waters's present claims

4. In his *Petition For Writ Of Habeas Corpus*, Waters raises the claim that his indictment is illegal because, in a portion of the indictment, the reference to the victim was "that person" instead of the victim's name, i.e., Carolione Nolen. *See* Petitioner Waters's *Habeas Corpus Petition*, at p. 12.

## III.

## Respondents' defenses

5. Respondents deny Waters's indictment is illegal.

6. Respondents deny that Waters has exhausted this claim in state court. Furthermore, it would be futile now for Waters to attempt to exhaust this claim in state court because, among other reasons, of the fact that the one-year statute of limitations of Rule 32.2(c) of the Alabama Rules of Criminal Procedure has now run. Because it would be futile for Waters to seek further state court relief on this claim, for state court purposes the claim is procedurally defaulted. Because the claim is procedurally defaulted in state court, Waters is prohibited from raising it now in federal habeas corpus without a showing of "cause and prejudice" for her having failed to properly pursue the issues in state court. See Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989); Wainwright v. Sykes, 433

U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977); <u>Engle v. Isaac</u>, 456 U.S. 107, 102

S. Ct. 1558, 71 L. Ed. 2d 783 (1982).

7. Respondents aver that Waters has failed to state a cause of action

cognizable under 28 U. S. C. Section 2254.

8. Respondents deny each and every other material allegation in the petition

except those that may be admitted.

IV.

**Respondents' arguments**

In support of their defenses, Respondents submit the following arguments:

A.

*STATUTE OF LIMITATIONS*

9. <u>Statute of Limitations</u>.  Under the Anti-terrorism and Effective Death Penalty

Act of 1996 ("AEDPA"), Title 28 U. S. C. Section 2244(d) provides --

> (1) a 1-year period of limitation shall apply to an application for
> a writ of habeas corpus by a person in custody pursuant to the
> judgment of a State court.  The limitation period shall run from
> the latest of --
>
> (A) the date on which the judgment became final by the
> conclusion of direct review or the expiration of the time for
> seeking such review;
>
> (B) the date on which the impediment to filing an application
> created by State action in violation of the Constitution or laws

of the United States is removed, if the applicant was prevented
from filing such by State action;

(C) the date on which the constitutional right asserted was
initially recognized by the Supreme Court, if the right has been
newly recognized by the Supreme Court and made retroactive
applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or
claims presented could have been discovered through the
exercise of due diligence.

(2) The time during which a properly filed application for State
post-conviction or other collateral review with respect to the
pertinent judgment or claim is pending shall not be counted
toward any period of limitation under this subsection.

10. The effective date of the AEDPA was April 24, 1996. *See* Hunter v.
United States, 101 F. 3d 1565, 1568 (11th Cir. 1996). Because Craig was convicted
after April 24, 1996, under Title 28 U. S. C. Section 2244(d), he had one year from
the finality of his conviction in which to file his federal habeas corpus petition.

11. The forty-two days Water had in which to file his state direct appeal
expired on June 23, 2006. Waters did not mail his federal petition for writ of
habeas corpus until July 18, 2006. Because over a year elapsed between the July,
2005 finality of Waters's conviction and the filing of his federal petition for writ of
habeas corpus, Waters's federal habeas petition is barred by the one-year AEDPA
statute of limitations.

4

12. Nor should the Title 28 U. S. C. Section 2244 statute of limitation for any reason be equitably tolled for Craig. *See, e.g.,* <u>Helton v. Secretary for Dept. of Corrections</u>, 259 F. 3d 1310, 1314 (11th Cir. 2001). A legal prerequisite for eligibility for equitable tolling is that the petitioner's reason for a failure to file his petition on time be due to "extraordinary circumstances beyond his control". <u>Sandvik v. United States</u>, 177 F.3d 1269, 1271 (11th Cir. 1999). Craig has shown nothing here to support a contention that his failure to file his federal habeas corpus petition within one year of the finality of his conviction was for a reason or reasons "beyond his control".

## B.

## PROCEDURAL DEFAULT

13. Procedural default rules apply to claims that are not seasonably raised in the state courts, either at trial, on direct appeal, or in state collateral proceedings. <u>Wainwright v. Sykes</u>, 433 U. S. 72 (1977); <u>Murray v. Carrier</u>, 477 U. S. 478 (1986); and <u>Presnell v. Kemp</u>, 835 F. 2d 1567 (11th Cir. 1988). When a procedural default bars litigation of a federal constitutional claim in state court, a state prisoner may not obtain federal habeas corpus relief on the basis of a claim unless he first establishes "cause and prejudice." <u>Wainwright v. Sykes</u>, 433 U.S. at 74; and <u>Murray v. Carrier</u>, 477 U.S. at 482.

14. Because he took no direct appeal, Waters's claim as set out herein is procedurally defaulted. This Court is obligated to dispose of on procedural

5

grounds claims like the ones raised here by Waters, where and whenever possible.

See Jones v. White, 992 F. 2d 1548, 1565-1566 (11th Cir. 1993).

15. Unless she is able to establish "cause" and "actual prejudice" for his

failure to properly pursue his claim through the state court, this Court should not

now consider the merits of Waters's procedurally defaulted claim. See Harris v.

Reed, 489 U. S. 255, 258, 109 S. Ct. 1038, 103 L. Ed. 2d 308 (1989); Coleman v.

Thompson, 501 U. S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991).

Respondents do not believe Waters will be able to make this showing.

WHEREFORE, PREMISES CONSIDERED, this Court should deny the

petition and the relief requested herein by Waters, either on the grounds of the

AEDPA statute of limitations, or on the grounds of procedural default.

Respectfully submitted,

Troy King (KIN047)
*Attorney General*
By:

/s/ Stephen N. Dodd
Stephen N. Dodd
*Assistant Attorney General*
ID #ASB-6492

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of September, 2006, I electronically

filed the foregoing with the Clerk of the Court using the CM/ECF system, and I

hereby certify that I have mailed by United States Postal Service the document to

the following non-CM/ECF participants:   Clarence Waters, AIS #132116,

Donaldson Correctional Facility, 100 Warrior Lane, Bessemer, AL  35023-7299.

s/ **Stephen N. Dodd**
Stephen N. Dodd (ASB-6492)
*Assistant Attorney General*
Attorney for Respondents
Alabama Attorney General's Office
11 South Union Street
Montgomery, AL  36130
Telephone:  334-242-7378
Fax:         334-242-2848
E-mail:      sdodd@ago.state.al.us

ADDRESS OF COUNSEL:
Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, AL  36130
(334) 242-7300

180889/99102-001

7