IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CLARENCE WATERS, #132116, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 2:06-CV-650-MEF |
| | ) |
| KENNETH JONES, et al., | ) |
| | ) |
| Respondents. | ) |

**ORDER**

On September 25, 2006, the respondents filed an answer to the petition for habeas corpus relief. However, this answer fails to comply with the directives of the order entered on August 14, 2006. Specifically, the respondents failed to acknowledge the state post-conviction petition filed by the petitioner under Rule 32, *Alabama Rules of Criminal Procedure*, on December 5, 2005, did not address the impact such petition had on the issue pending before this court and omitted copies of relevant state court records. Accordingly, it is

ORDERED that on or before October 11, 2006 the respondents shall file a supplemental answer which:

1. Contains such portions of the state court record that are relevant and necessary to a disposition of the issues presented by the petitioner. These documents would include, but are not limited to, the Rule 32 petition filed by the petitioner, the response to the petition filed by the State, the motion to vacate judgment filed by the petitioner, all

documents filed on appeal from the denial of the Rule 32 petition and all rulings issued by the state court(s) addressing the issue presented in the Rule 32 petition.

    2. Sets forth an ***accurate and complete*** procedural history from which the court can determine whether the one-year period of limitation bars review of the petition as argued in their September 25, 2006 answer. ***In so doing, the respondents shall provide the court with copies of documents indicating the disposition of the case in the state appellate court, including but not limited to the case action summary maintained by the trial court, all state court appellate decisions, the docket sheet(s) indicating the dates of such decisions, and copies of the briefs filed in the state court***.

    3. Addresses the applicability of § 2254(d)(1) of the AEDPA as this section significantly "modifies the role of federal habeas courts in reviewing petitions filed by state prisoners." *Williams v. Taylor*, 529 U.S. 362, 403, 120 S.Ct. 1495, 1518 (2000). In sum, § 2254(d)(1) places new constraints on the power of a federal court to grant a state prisoner's application for habeas corpus relief with respect to those claims adjudicated on the merits in state court. Specifically, the statute allows this court to grant a writ of habeas corpus only "if the relevant state-court decision was either (1) '*contrary to* ... clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) '*involved an unreasonable application of* ... clearly established Federal law, as determined by the Supreme Court of the United States.' (Emphases added.)" *Williams v. Taylor*, 529 U.S. at 404-405, 120 S.Ct. at 1519. "Under § 2254(d)(1) and the *Williams* decision, [a

federal court] can grant relief only if the state court decision denying relief is 'contrary to' clearly established federal law or is an 'unreasonable application' of federal law." *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001). Additionally, the statute makes it clear that a federal court cannot grant relief with respect to claims adjudicated on the merits by the state courts "unless the adjudication of the claim . . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). **Thus, if the respondents contend that this court is precluded from granting habeas relief because claims raised by the petitioner have been properly adjudicated by the state courts in decisions neither contrary to nor an unreasonable application of clearly established Supreme Court precedent, the respondents must identify to this court the decision of the state court on each claim**.

    4. If this court is barred from reviewing the claim presented by Waters due to his failure to properly present his federal claim to the state courts, the respondents shall provide a basis for the procedural default.

    DONE, this 26th day of September, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE