IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CLARENCE WATERS, AIS # 132116, )
)
)
Petitioner, )
)
VS. )          CIVIL ACTION NO.
)          2:06-CV-650-MEF
)
KENNETH JONES, et al., )
)
Respondents. )

## SUPPLEMENTAL ANSWER

I.

### Facts and Proceedings in State Courts (continued)

2.1. On December 5, 2005, Waters filed a Rule 32 petition in the Montgomery County Circuit Court, raising the claim that his indictment was illegal because a portion of the indictment referenced the victim as "that person" instead of using the victim's name, i.e., Caroline **Nolen.** [See **Respondents' Exhibit 1**, the record on appeal from the denial of Waters's Rule 32 petition in Waters v. State, CR 05-0882 mem. op. (Ala. Crim. App. Apr. 14, 2005), at C. 7-19]

2.2 Waters's Rule 32 petition was denied on January 9, 2006, and Waters appealed.  On April 14, 2006, the Alabama Court of Criminal Appeals affirmed the denial of Waters's Rule 32 petition in Waters v. State, CR 05-0882 mem. op. (Ala.

Crim. App. Apr. 14, 2005. [See **Respondents' Exhibit 5**] A *Certificate of Judgment* was issued on June 9, 2006. [See **Respondents' Exhibit 6**]

## II.

### Petitioner Waters's present claims *(continued)*

4.1 This is Waters's first federal petition for writ of habeas corpus. [See Waters's *Petition for Writ of Habeas Corpus*, at pp. 2-3]

## III.

### Respondents' defenses (continued)

6.1. Having previously denied that Waters had exhausted his claim in state court, Respondents now, based on additional information becoming available to them, admit that Waters has exhausted his claim in state court.

## IV.

### Respondents' arguments (continued)

In further support of their defenses, Respondents submit the following arguments:

## C.

### *MERITS*

16. <u>Language of indictment</u>. Waters claimed in his Rule 32 proceedings, as well as arguing here, that the language used in his stalking indictment was inadequate to charge a crime. Specifically, Waters points to the phrase --

2

> (W)aters . . . follow(ed) another person, Carolyn
> Nolen . . . , and made a credible threat . . . with the intent
> to place that person in reasonable fear . . ..

-- as being inadequate.

One way of looking at Waters's claim to interpret it as arguing that the
language referenced above fails to adequately identify *who* *"that person" was that
Waters intended to place in fear*. Or, maybe Waters is saying that the language fails
to specify *who* the *"credible" threat was supposed to have been made against.*  Or,
maybe Waters is saying that the indictment does not explain that *the person who was
"followed", and the person who was "threat(ened), were one in the same person,*
i.e., Carolyn Nolen.

Either way, what Waters does not understand is that the sufficiency of a state
indictment is an issue on federal habeas corpus only if the indictment was so
deficient that the convicting court was deprived of jurisdiction.  Heath v. Jones, 863
F. 2d 815, 821 (11th Cir. 1989), *citing* DeBenedictis v. Wainwright, 674 F. 2d 841
(11th Cir. 1982). The crime of stalking is defined by Alabama state law to have six
main elements:  1) intentional, 2) repeated, 3) following, 4) accompanied by a threat,
5) which such threat places the person being followed, 6) in reasonable fear.

Though it may not be clear to Waters, it is clear to everyone else that the
person who was placed in *fear* because of the *threat* posed by being *repeatedly and
intentionally* by Waters was . . . Carolyn Nolen. Waters's indictment is more than

3

adequate to convey this meaning. Because it does, it is legally adequate, both as a matter of state law, and as a matter of U. S. Constitutional law.

## V.

### Exhibits

17. The following exhibits are filed herewith:

| | |
|---|---|
| Exhibit 1 | the record of Waters's Rule 32 appeal in <u>Waters v. State</u>, CR 05-0882 mem. op. (Ala. Crim. App. Apr. 14, 2006; |
| Exhibit 2 | the brief filed by Waters in his Rule 32; |
| Exhibit 3 | the brief filed by the State in Waters's Rule 32; |
| Exhibit 4 | the reply brief filed by Waters in his Rule 32; |
| Exhibit 5 | the Alabama Court of Criminal Appeals's memorandum opinion in <u>Waters v. State</u>, CR 05-0882 mem. op. (Ala. Crim. App. Apr. 14, 2006; and, |
| Exhibit 6 | the *Certificate of Judgment* in CR 05-0882. |

WHEREFORE, PREMISES CONSIDERED, this Court should deny the petition and the relief requested herein by Waters.

Respectfully submitted,

Troy King (KIN047)
*Attorney General*
By:

/s/ Stephen N. Dodd
Stephen N. Dodd
*Assistant Attorney General*
ID #ASB-6492

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of October, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:  Clarence Waters, AIS #132116, Donaldson Correctional Facility, 100 Warrior Lane, Bessemer, AL  35023-7299.

**s/ Stephen N. Dodd**
Stephen N. Dodd (ASB-6492)
*Assistant Attorney General*
Attorney for Respondents
Alabama Attorney General's Office
11 South Union Street
Montgomery, AL  36130
Telephone: 334-242-7378
Fax:           334-242-2848
E-mail:       sdodd@ago.state.al.us

ADDRESS OF COUNSEL:
Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, AL  36130
(334) 242-7300

196173/98801-001

COURT OF CRIMINAL APPEALS NO. _____ CR 05-0882

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

**FROM**

CIRCUIT COURT OF ___MONTGOMERY___ COUNTY, ALABAMA

CIRCUIT COURT NO _____CC 05-275.61_____

CIRCUIT JUDGE _____TRACY MCCOOEY_____

Type of Conviction/ Order Appealed From: _____RULE 32_____

Sentence Imposed: _____

Defendant Indigent: ☑ YES ☐ NO

## CLARENCE WATERS

NAME OF APPELLANT

PRO SE                    AIS# 132116
_____
(Appellant's Attorney)                    (Telephone No.)

W.E.D. CORR FACILITY - 100 WARRIOR LANE
_____
(Address)

BESSEMER, ALABAMA 35023
_____
(City)          (State)          (Zip Code)

**v.**

## STATE OF ALABAMA

NAME OF APPELLEE

(State represented by Attorney General)

NOTE: If municipal appeal, indicate above, and enter

name and address of municipal attorney below.

df
_____

_____

(For Court of Criminal Appeals Use Only)

EXHIBIT

PENGAD 800-631-6989

**INDEX**
**CLERK'S RECORD**

CASE ACTION SUMMARY......................................................... 1

RULE 32 PETITION.......................................................... 2-20

ORDER FOR STATE TO RESPOND................................................ 21

STATE'S ANSWER............................................................ 22-25

ORDER FOR STATE TO RESPOND................................................ 26

ORDER DISMISSED RULE 32 PETITION.......................................... 27-28

MOTION TO VACATE, ALTER OR AMEND JUDGEMENT................................ 29-33

PETITIONER'S NOTICE OF APPEAL............................................. 34-35

REPORTER'S TRANSCRIPT ORDER............................................... 36

DOCKETING STATEMENT....................................................... 37-38

CLERK'S CERTIFICATE OF APPEAL............................................. 39

CERTIFICATE OF COMPLETION................................................. 40

```
ACRO370                ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 2005 000275.61
OPER: TOR                    CASE ACTION SUMMARY
PAGE:   1                    CIRCUIT  CRIMINAL                  RUN DATE: 12/15/2005
===============================================================================
IN THE CIRCUIT COURT OF MONTGOMERY                                    JUDGE: TSM

STATE  OF  ALABAMA               VS      WATERS CLARENCE
                                         W.E.D. CORR FACILITY
CASE: CC 2005 000275.61                  100 WARRIOR LANE
                                         BESSEMER, AL  35023 0000

DOB: 11/10/1955          SEX: M  RACE: B  HT: 6 02  WT: 215  HR: BLK EYES: BRO
SSN: 424782161  ALIAS NAMES: CARTER CLARENCE
===============================================================================
CHARGE01: RULE 32-FELONY        CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE:                           AGENCY/OFFICER: 0030100

DATE WAR/CAP ISS:                    DATE ARRESTED:
DATE     INDICTED:                   DATE     FILED: 12/08/2005
DATE    RELEASED:                    DATE  HEARING:
    BOND AMOUNT:          $.00          SURETIES:

DATE 1:           DESC:               TIME: 0000
DATE 2:           DESC:               TIME: 0000

TRACKING NOS: CC 2005 000275 00  /                     /

    DEF/ATY:                   TYPE:                         TYPE:

                        00000                     00000

PROSECUTOR:


===============================================================================
OTH CSE: CC200500027500 CHK/TICKET NO:                GRAND JURY:
COURT REPORTER:                  SID NO:      000597954
DEF STATUS: PRISON               DEMAND:                      OPER: TOR
===============================================================================
  TRANS DATE    ACTIONS, JUDGEMENTS, AND NOTES                        OPE
-------------------------------------------------------------------------------
  12/13/2005  | ASSIGNED TO: (TSM)                        (AR01)  |  TOR
-------------------------------------------------------------------------------
  12/13/2005  | CHARGE 01: RULE 32-FELONY/#CNTS: 001      (AR01)  |  TOR
-------------------------------------------------------------------------------
  12/13/2005  | INITIAL STATUS SET TO: "P" - PRISON       (AR01)  |  TOR
-------------------------------------------------------------------------------
  12/13/2005  | FILED ON: 12/08/2005                      (AR01)  |  TOR
-------------------------------------------------------------------------------
  12/15/2005  | CASE ACTION SUMMARY PRINTED               (AR08)  |  TOR
-------------------------------------------------------------------------------
  12/15/2005  | CAS ATTACHMENT PRINTED                    (AR08)  |  TOR
-------------------------------------------------------------------------------
```

12/15/05 ✓ Copy to DA & Df.

12/19/05  Order For State To Respond
1-9-06    Order Dismissing Rule 32

01/30/06  Notice of Appeal w/ Forms

02/08/06  Clerk's Notice of Appeal To Cem Appls, AG, DA, + Def.
          ~~Court Reporters + Def~~
          CR 05-0882

Case Number

_CC_-_05_-_0275 TSM_ •61
ID    YR    NUMBER

(To be completed
by Court Clerk)

# IN FORMA PAUPERIS DECLARATION

_Montgomery County Circuit Trial_
[insert appropriate court]

_Clarence Witters_
(Petitioner)

vs.

_State of Alabama_
(Respondent(s))

### DECLARATION IN SUPPORT OF REQUEST TO PROCEED
### IN FORMA PAUPERIS

I, _Clarence Witters #132116_ , declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1. Are you presently employed?    Yes _____    No _✓_

   a. If the answer is "yes", state the amount of your salary or wages per month, and give the name and address of your employer.

   _____

   b. If the answer is "no", state the date of last employment and the amount of the salary and wages per month which you received.

   _____

2. Have you received within the past twelve months any money from any of the following sources?

   a. Business, profession, or other form of self-employment?

      Yes _____    No _✓_

   b. Rent payments, interest, or dividends?

      Yes _____    No _✓_

   c. Pensions, annuities, or life insurance payments?

      Yes _____    No _✓_

   d. Gifts or inheritances?

      Yes _____    No _✓_

   e. Any other sources?

      Yes _____    No _✓_

RECEIVED

CIRCUIT COURT CLERK

12-7-05

Prepayment of court fees to waived.

12/13/05 Copy to DA & Dfg. _jr_ /2

If the answer to any of the above is "yes", describe each source of money and state the amount received from each during the past twelve months.

_____

_____

_____

_____

3.  Do you own cash, or do you have money in a checking or savings account?

Yes _____          No ✓_____

(Include any funds in prison accounts.)

If the answer is "yes", state the total value of the items owned.

_____

_____

4.  Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

Yes _____          No ✓_____

If the answer is "yes", describe the property and state its approximate value.

_____

_____

5.  List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

_____

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on _29th_ _November, 2005_
                    (Date)

_X Clarence Waters_
Signature of Petitioner

## CERTIFICATE

I hereby certify that the petitioner herein has the sum of $ _26.44_ on account to his credit at the institution where he is confined. I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said _WM E Donaldson_ institution:

_____

COPY FOR COURT
ATTACHED

_____

_30 November 2005_
DATE

_E. Coleman  Acct. Clerk_
AUTHORIZED OFFICER OF INSTITUTION

Rule 32

My Commission Expires _5/31/2008_   _Patricia H Parson_
                                         _Notary_

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
W.E. DONALDSON CORR. FACILITY

AIS #: 132116      NAME: WATERS, CLARENCE               AS OF: 11/30/2005

| MONTH | # OF DAYS | AVG DAILY BALANCE | MONTHLY DEPOSITS |
|-------|-----------|-------------------|------------------|
| DEC   | 31        | $0.00             | $0.00            |
| JAN   | 31        | $0.00             | $0.00            |
| FEB   | 28        | $0.00             | $0.00            |
| MAR   | 31        | $0.00             | $0.00            |
| APR   | 30        | $0.00             | $0.00            |
| MAY   | 31        | $0.00             | $0.00            |
| JUN   | 30        | $0.00             | $0.00            |
| JUL   | 31        | $0.00             | $0.00            |
| AUG   | 31        | $0.05             | $0.92            |
| SEP   | 30        | $9.07             | $165.00          |
| OCT   | 31        | $8.59             | $150.00          |
| NOV   | 30        | $5.28             | $65.00           |

## COURT COPY

# PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

## (Pursuant to Rule 32,
### Alabama Rules of Criminal Procedure)

Case Number

_____
ID    YR    NUMBER

IN THE _Circuit_____ COURT OF _Montgomery County_ ALABAMA

_Clarence Wilson___ vs. _State of Alabama___
Petitioner (Full Name)                    Respondent

[Indicate either the "State" or,
if filed in municipal court, the
name of the "Municipality"]

Prison Number _132116_____ Place of Confinement _Williams Farrell Donaldson Correctional Facility_

County of conviction _Montgomery County_

**NOTICE:** BEFORE COMPLETING THIS FORM, READ CAREFULLY
THE ACCOMPANYING INSTRUCTIONS.

1. Name and location (city and county) of court which entered the judgment of conviction
   or sentence under attack _Montgomery County Circuit Court_
   _Montgomery, Alabama_

2. Date of judgment of conviction _May 12, 2005_

3. Length of sentence _Thirty (30) years_

4. Nature of offense involved (all counts) _D.S. Trafficing in Violation of_
   _"Title 13A-6-90" Code of Alabama (1975)"_

5. What was your plea? (Check one)
   (a)  Guilty _✓_
   (b)  Not guilty _____
   (c)  Not guilty by reason of mental disease or defect _____
   (d)  Not guilty and not guilty by reason of mental disease or defect _____

6.  Kind of trial: (Check one)

   (a)  Jury _____        (b)  Judge only ✓

7.  Did you testify at the trial?

   Yes _____            No _____

8.  Did you appeal from the judgment of conviction?

   Yes ✓                 No _____

9.  If you did appeal, answer the following:

   (a)  As to the state court to which you first appealed, give the following information:

      (1)  Name of court _Alabama Court of Criminal Appeals_
         _Direct Appeal_

      (2)  Result _Appeal Dismissed on motion of the Petitioner_

      (3)  Date of result _August 24, 2005_

   (b)  If you appealed to any other court, then as to the second court to which you appealed, give the following information:

      (1)  Name of court _____

      (2)  Result _____ N/A

      (3)  Date of result _____

   (c)  If you appealed to any other court, then as to the third court to which you appealed, give the following information:

      (1)  Name of court _____

      (2)  Result _____ N/A

      (3)  Date of result _____

2

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

Yes __✓__          No _____

11. If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed:

  (a)  (1)  Name of court _*Montgomery County Circuit Court*_

        (2)  Nature of proceeding _*Rule 32 Petition*_

        (3)  Grounds raised _*1) Involuntary 2) guilty plea was not entered, motion to withdraw guilty plea should have been granted 3) Ineffective assistance of Counsel*_

            (attach additional sheets if necessary)

        (4)  Did you receive an evidentiary hearing on your petition, application, or motion?

            Yes _____          No _✓_

        (5)  Result _*Dismissed*_

        (6)  Date of result _*September 20, 2005*_

  (b)  As to any second petition, application, or motion, give the same information:

        (1)  Name of court _____

        (2)  Nature of proceeding _____

        (3)  Grounds raised _*N/A*_

            (attach additional sheets if necessary)

        (4)  Did you receive an evidentiary hearing on your petition, application, or motion?

            Yes _*N/A*_          No _____

        (5)  Result _*N/A*_

        (6)  Date of result _____

  (c)  As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions):

        (1)  Name of court _*N/A*_

(2) Nature of proceeding _____

(3) Grounds raised _____

_____

_____

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____    No _____

(5) Result _____

(6) Date of result _____

(d) Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

(1) First petition, etc.       Yes _____       No ✓

(2) Second petition, etc.     Yes _____       No _____

(2) Third petition, etc.      Yes _____       No _____

**ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.**

(e) If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

_Failed To Appeal To The Alabama Court_
_Of Criminal Appeals Appeal Denied_
_A Denial Of The Petition_

12. Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include <u>all</u> facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):

_____ A. The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.

For your information, the following is a list of the most frequently raised claims of constitutional violation:.

(1)  Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(2)  Conviction obtained by use of coerced confession.

(3)  Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(4)  Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5)  Conviction obtained by a violation of the privilege against self-incrimination.

(6)  Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7)  Conviction obtained by a violation of the protection against double jeopardy.

(8)  Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(9)  Denial of effective assistance of counsel.

**This list is not a complete listing of all possible constitutional violations.**

**If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.**

B.  **The court was without jurisdiction to render the judgment or to impose the sentence.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

C.  **The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

D.  **Petitioner is being held in custody after his sentence has expired.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

E.  **Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:**

**The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and**

**The facts are not merely cumulative to other facts that were known; and**

5

The facts do not merely amount to impeachment evidence; and

If the facts had been known at the time of trial or sentencing, the result would probably have been different; and

The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.

> If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ F. **The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.**

> If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13. **IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:**

> "**Successive Petitions.** The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A. Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

Yes _✓_          No _____

B. If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

(a) Name of court _Montgomery County Circuit Court_

(b) Result _Dismissed_

(c) Date of result _September 20, 2005_
(attach additional sheets if necessary)

C. If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

> On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes _____          No _✓_

15. Give the name and address, if known, of each attorney who represented you at the following stages of the case that resulted in the judgment under attack:

(a) At preliminary hearing _____

_____

(b) At arraignment and plea _____

_____

(c) At trial _____

_____

(d) At sentencing _____

_____

(e) On appeal _____

_____

(f) In any post-conviction proceeding _____

_____

(g) On appeal from adverse ruling in a post-conviction proceeding _____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes _____      No __✓____

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes _____      No __✓____

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____

(b) And give date and length of sentence to be served in the future: _____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes _____      No _____

18. What date is this petition being mailed?

_____

Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY

CLARENCE WATERS                          (
                                         (
            PETITIONER                   (
                                         (
VS.                                      (   CASE NUMBER  CC-2005-0275-TSM
                                         (
STATE OF ALABAMA                         (
                                         (
            RESPONDENT                    (

## PETITIONER'S GROUNDS OF PETITION

   COMES NOW THE ABOVE STYLED PETITIONER "CLARENCE WATERS" AND FILES THIS HIS

"PETITION FOR RELIEF FROM CONVICTION OR SENTENCE"  PURSUANT TO RULE 32 A.R.CRIM.P.

AND IN SUPPORT OF SAME THIS PETITIONER WILL SHOW UNTO THIS HONORABLE COURT THE FOLLOWING

TO WIT.

## THE COURT WAS WITHOUT JURISDICTION TO RENDER THE JUDGEMENT OR TO IMPOSE THE SENTENCE

## I.  PROCEDURAL HISTORY

   THE PETITIONER "CLARENCE WATERS" WAS FORMALLY INDICTED BY THE MONTGOMERY COUNTY GRAND

JURY IN IT'S FEBRUARY 2005, SESSION FOR THE OFFENSE OF "STALKING"  IN VIOLATION OF

"TITLE 13A-6-90" "CODE OF ALABAMA(1975)"

   THEN ON MARCH 24, 2005  THE PETITIONER FORMALLY PLEAD GUILTY TO THE CHARGE OF "STALKING"

AS CHARGED IN THE INDICTMENT

   AND ON MAY 12, 2005  THE TRIAL COURT CONDUCTED A FORMAL SENTENCING HEARING AND

SENTENCED THE PETITIONER TO THIRTY (30) YEARS IMPRISONMENT

   THEN ON JUNE 1, 2005  THE PETITIONER FILED A "MOTION TO WITHDRAW GUILTY PLEA"

   AND ON JULY 14, 2005  THE TRIAL COURT CONDUCTED A FORMAL HEARING ON THE PETITIONER'S

"MOTION TO WITHDRAW GUILTY PLEA"

   THEN ON THIS SAME DATE JULY 14, 2005  THE TRIAL COURT DENIED THE PETITIONER'S MOTION

TO WITHDRAW GUILTY PLEA

I

AND ON JULY 21, 2005  THE PETITIONER FILED TIMELY NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS

THEN ON AUGUST 24, 2005  THE ALABAMA COURT OF CRIMINAL APPEALS ENTERED A ORDER IN WHICH IT DISMISSED THE PETITIONER'S APPEAL ON THE PETITIONER'S MOTION REQUESTING THAT THE ALABAMA COURT OF CRIMINAL APPEALS DISMISS THIS APPEAL

2.    ARGUMENT

THE PETITIONER "CLARENCE WATERS"  WAS FORMALLY INDICTED BY THE MONTGOMERY COUNTY GRAND JURY IN IT'S FEBRUARY 2005, SESSION FORTHE OFFENSEOF "STALKING"  IN VIOLATION OF "TITLE 13A-6-90" "CODE OF ALABAMA (1975)"  SEE EXHIBIT A  A COPY OF THE ORIGINAL INDICTMENT ATTACHED FOR THIS HONORABLE COURTS INSPECTION

THE PETITIONER ARGUESTHAT "STALKING"   IN VIOLATION OF "TITLE 13A-6-90" "CODE OF ALABAMA (1975)"  STATES THE FOLLWING

"TITLE 13A-6-90"   "CODEOF ALABAMA (1975)"

STALKING

(a)  A PERSON COMMITS THE CRIME OF STALKING IF

(I)  A PERSON WHO INTENTIONALLY AND REPEATEDLY FOLLOWS OR HARASSES ANOTHER PERSON AND WHO MAKES A CREDIBLE THREAT, EITHER EXPRESSED OR IMPLIED, WITH THE INTENT TO PLACE THAT PERSON IN REASONABLE FEAR OF DEATH OR SERIOUS BODILY HARM

THE PETITIONER ARGUES FURTHER THAT HIS INDICTMENT EXHIBIT A STATES THE FOLLOWING

("DIS INTENTIONALLY AND REPEATEDLY FOLLOW OR HARASS ANOTHER PERSON, CAROLINE NOLEN, AND MADE A CREDIBLE  THREAT EITHER EXPRESSED OR IMPLIED, WITH THEINTENT TO PLACE THAT PERSON IN REASONABLE FEAR OF DEATH OR SERIOUS BODILY HARM")

THE PETITIONER ARGUES THAT THIS INDICTMENT CLEARLY STATES THAT THE PETITIONER

("DID INTENTIONALLY AND R●●ATEDLY FOLLOW OR HARASS ANOTHE●●ERSON, TO WIT CAROLINE NOLEN ")    SEE EXHIBIT A  A COPY OF THE ORIGINAL INDICTMENT ATTACHED FOR THIS COURTS INSPECTION.

THE PETITIONER ARGUES HOWEVER THAT, THIS INDICTMENT CLEARLY STATES THAT THE PETITIONER ("MADE A CREDIBLE THREAT EITHER EXPRESSED OR IMPLIED, WITH THE INTENT TO PLACE THAT IN REASONABLE FEAR  OF DEATH OR SERIOUS BODILY  HARM ")

THE PETITIONER ARGUES THAT THIS INDICTMENT EXHIBIT A   FAILS TO CHARGE THE PETITIONER WITH THE OFFENSE OF "STALKING" FOR THE FOLLOWING REASONS.

THE PETITIONER ARGUES THAT THIS INDICTMENT EXHIBIT A   STATES THE FOLLOWING ("AND MADE A CREDIBLE THREAT, EITHER EXPRESSED OR IMPLIED, WITH THE INTENT TO PLACE THAT PERSON IN REASONABLE FEAR OF DEATH OR SERIOUS BODILY HARM")

THE PETITIONER ARGUES FURTHER THAT, THIS INDICTMENT EXHIBIT A   USES THE TERM "THAT PERSON") IN RELATION TO THE VICTIMS NAME ("CAROLINE NOLEN") AS SUCH THIS INDICTMENT FAILS TO NAME THE VICTIM IN RELATION TO ("AND MADE A CREDIBLE THREAT EITHER EXPRESSED OR IMPLIED, WITH THE INTENT TO PLACE THE VICTIM ("CAROLINE NOLEN") IN REASONABLE FEAR OF DEATH OR SERIOUS BODILY HARM")

THE PETITIONER ARGUES FURTHER THAT, CLEARLY THIS INDICTMENT FAILS TO STATE THE OFFENSE OF STALKING AS DEFINED AT "TITLE 13A-6-90" "CODE OF ALABAMA (1975)"  BECAUSE THE INDICTMENT ONLY CHARGES THE PETITIONER WITH ("INTENTIONALLY AND REPEATEDLY FOLLOWING OR HARRASSING ANOTHER PERSON, TO WIT CAROLINE NOLEN")  BUT FAILS TO ALLEDGE IN THE INDICTMENT THAT THE PETITIONER ("MADE A CREDIBLE THREAT EITHER EXPRESSED OR IMPLIED, WITH THE INTENT TO PLACE CAROLINE NOLEN, IN REASONABLE FEAR OF DEATH OR SERIOUS BODILY HARM")

THE PETITIONER ARGUES FURTHER THA , THIS INDICTMENT FAILS TO CHARGE THE OFFENSE OF (STALKING) IN VIOLATION OF "TITLE 13A-6-90" "CODE OF ALABAMA (1975)"  BECAUSE THIS INDICTMENT FAILS TO NAME THE PERSON THE PETITIONER WAS SUPPOSE TO HAVE ("MADE A CREDIBLE THREAT TO, EITHER EXPRESSED OR IMPLIED, WITH THE INTENT TO PLACE THE NAMED PERSON IN REASONABLE FEAR OF DEATH OR SERIOUS BODILY HARM")

THE PETITIONER ARGUES THAT A INDICTMENT THAT FAILS TO STATE AN OFFENSE WILL NOT SUPPORT A JUDGMENT OF CONVICTION HAYS V. CITY OF PRATTVILLE;  402 SO 2d 1114 (ALA. CRIM. APP. 1981).  CITING BARBEE V. STATE  417 SO 2d 611 (ALA. CRIM. APP.)

3

3. ARGUMENT

THE PETITIONER "CLARENCE WATERS" ARGUES THAT AS EVIDENCED BY THE RECORDS IN THIS CASE EXHIBIT B A COPY OF THE "ORIGINAL SENTENCING ORDER" OF THIS COURT AND EXHIBIT C A COPY OF THE ORIGINAL "MOTION TO RECONSIDER SENTENCE" THESE RECORDS CLEARLY SHOW ON THEIR FACE, THAT THE TRIAL COURT RELIED ONLY UPON THE "PRESENTENCE INVESTIGATION REPORT" WHICH LISTED TWO (2) PRIOR FELONY CONVICTIONS, IN ORDER TO ENHANCE THE PETITIONER'S SENTENCE TO THIRTY (30) YEARS IMPRISONMENT.

THE PETITIONER ARGUES FURTHER, THAT, THE ALABAMA COURT OF CRIMINAL APPEALS HOLDING IN THE AUTHORITY OF COOPER V. STATE 632 so 2d 1342 (ALA. CRIM. APP. 1993), HELD THAT THE PRESENTENCE INVESTIGATION REPORT CONTAINED IN THE RECORD, WHICH LISTS PRIOR CONVICTIONS AMOUNTED TO SUFFICIENT NOTICE OF THE FELONY CONVICTIONS THAT THE STATE INTENDED TO PROVE AT THE SENTENCING HEARING, WHILE THE ALABAMA COURT OF CRIMINAL APPEALS ARE AWARE OF THEIR HOLDING IN THE AUTHORITY OF NESBITT V. STATE 531 so 2d 37 (ALA. CRIM. APP. 1987), THAT A DEFENDANT'S RECEIPT OF A PRESENTENCE INVESTIGATION REPORT CONSTITUTES NOTICE OF THE STATES INTENT TO PROCEED UNDER THE ALABAMA HABITUAL FELONY OFFENDER ACT "TITLE 13A-5-9" "CODE OF ALABAMA (1975)"

THE PETITIONER ARGUES FURTHER THAT, THE ALABAMA COURT OF CRIMINAL APPEALS HOLDING IN THE AUTHORITY OF COOPER V. STATE 632 so 2d 1342 (ALA. CRIM. APP. 1993), HELD THAT, THE PRESENTENCE INVESTIGATION REPORT CONTAINED IN THE RECORD, WHICH LISTS PRIOR CONVICTIONS AMOUNTED TO SUFFICIENT NOTICE OF THE FELONY CONVICTIONS THAT THE STATE INTENDED TO PROVE AT THE SENTENCING HEARING, WHILE THE ALABAMA COURT OF CRIMINAL APPEALS ARE AWARE OF THEIR HOLDING IN THIS CASE IS OTHERWISE OVERRULED AS FOLLOWS

THE PETITIONER ARGUES THAT THE ALABAMA COURT OF CRIMINAL APPEALS STATED THAT THEY ARE UNWILLING TO EXTEND THAT HOLDING TO ALLOW THE PRESENTENCE INVESTIGATION REPORT TO SUPPLY SUFFICIENT NOTICE OF THE SPECIFIC PRIOR CONVICTIONS UPON WHICH THE STATE INTENDS TO RELY UPON EX PARTE COOPER 632 so 2d 1344 (ALA. 1994).

THE PETITIONER ARGUES FURTHER THAT, HE WAS HIGHLY PREJUDICED BY THE TRIAL COURTS RELIANCE UPON THIS PRESENTENCE INVESTIGATION REPORT TO ENHANCE THE PETITIONER'S SENTENCE TO THIRTY (30) YEARS IMPRISONMENT.

4

THE PETITIONER ALSO FINDS THAT WHETHER A SENTENCE IS NOT AUTHORIZED BY LAW,, HOWEVER IS A JURISDICTIONAL ISSUE, THAT CAN BE RAISED IN A RULE 32 PETITION AS RULE 32.2 (e) (3) A.R.CRIM.P. PROVIDES THAT A PETITIONER WILL NOT BE GIVEN RELIEF UNDER THIS RULE BASED UPON ANY GROUND (WHICH COULD HAVE BEEN BUT WAS NOT RAISED AT TRIAL UNLESS THE GROUND PLAINTIFF ARISES UNDER RULE 32.1 (b) A.R.CRIM.P. THE PETITIONER'S CLAIM ARISES UNDER RULE 32.1 (c) A.R.CRIM.P.


THEREFORE PREMISES CONSIDERED PETITIONER WANTS THIS HONORABLE COURT TO SET THIS CONTESTED MATTER DOWN FOR A EVIDENTIARY HEARING ON THE MERITS OF THE CLAIM RAISED IN THE PRESENT RULE 32 PETITION FOR RELIEF THIS HONORABLE COURT.


DONE THIS THE ____ DAY OF DECEMBER 2005



RESPECTFULLY SUBMITTED



CLARENCE WATERS
AIS# 132116
WILLIAM E. DONALDSON CORRECTIONAL FACILITY
100 WARRIOR LANE
BESSEMER, ALABAMA    35023-7299

5



# THE STATE OF ALABAMA

## MONTGOMERY COUNTY

Circuit Court of Montgomery County, February 2005

COUNT I: THE GRAND JURY OF MONTGOMERY COUNTY CHARGE THAT, BEFORE THE FINDING OF THIS INDICTMENT,

Clarence Waters, alias
Clarence Carter, alias
Slim Carter, alias

WHOSE NAME IS OTHERWISE UNKNOWN TO THE GRAND JURY, DID INTENTIONALLY AND REPEATEDLY FOLLOW OR HARASS ANOTHER PERSON, CAROLYN NOLEN, AND MADE A CREDIBLE THREAT, EITHER EXPRESSED OR IMPLIED, WITH THE INTENT TO PLACE THAT PERSON IN REASONABLE FEAR OF DEATH OR SERIOUS BODILY HARM, IN VIOLATION OF SECTION 13A-6-90 OF THE CODE OF ALABAMA, AGAINST THE PEACE AND DIGNITY OF THE STATE OF ALABAMA.

*Ellen Brooks*

District Attorney, Fifteenth Judicial Circuit of Alabama



| State of Alabama | CASE ACTION SUMMARY (CONTINUATION) | Case Number |
|---|---|---|
| ...ified Judicial System | SENTENCING ORDER | CC - 05 275 |

STATE OF ALABAMA v. *Clarence Waters*    Page No. ___ of ___ Pages

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|

### Sentencing Order

The defendant and counsel, and counsel for the State of Alabama appeared in open court for the defendant to be sentenced on his/her conviction of ___ Stalking

### Habitual Felony Offender

___ The defendant has been given reasonable notice that the State intended to move the Court to sentence the the defendant under the provisions of --- 13A-5-9 and 10, *Code of Alabama, 1975.*
The State's motion to sentence the defendant pursuant to the Habitual Felony Offender Act is __X__ granted; _____ denied. The Court finds the defendant has __X__ prior convictions:

___ 2 priors ___

### Sentence

_____ The defendant waived a sentencing hearing.
_____ The Court conducted a sentencing hearing.
_____ A pre-sentence report was requested by the defendant and considered by the Court.
_____ The defendant waived a pre-sentence investigation and report.
_____ The Court asked the defendant if he/she had anything to say why the sentence of law should not be imposed against him/her, and: __X__ the defendant having had his/her say; _____ the defendant had nothing to say, it is ORDERED as follows:
_____ The defendant is sentenced to the custody of the Commissioner of the Department of Corrections for a period of: __GO__ year(s), and _____ month(s), _____ day(s); _____ his/her life; _____ his/her life without parole.
_____ The defendant is sentenced to the custody of the Sheriff of Montgomery County, Alabama, for a period of: _____ year(s), _____ month(s), _____ day(s).
_____ The defendant is sentenced to the custody of the Warden of the Montgomery City Jail for a period of: _____ year(s), _____ month(s), _____ days(s).
_____ The defendant is fined the sum of $ _____
_____ The defendant is fined the sum of $ _____ for the Mandatory Drug Demand Reduction Assessment Act Fine.
_____ Defendant's Driver's License is suspended for a period of _____
_____ Y.O.A.
_____ Frank Lee Youth Center is recommended.
_____ The counts in this sentence shall run concurrent with the sentence(s) imposed in _____ all other counts
_____ The defendant shall pay restitution in the amount of $ _____
_____ The defendant shall pay the costs of this case. 487 40
_____ The defendant shall pay the Alabama Crime Victims Compensation Commission, the sum of $ 50
_____ The defendant shall pay $100.00 fine to the Department of Forensic Sciences.
_____ One-half of all monies earned by the defendant while in the Department of Corrections shall be withheld to pay Court-Ordered monies.
_____ The defendant shall reimburse the State of Alabama the costs of his/her appointed counsel in the amount of $ _____
_____ The payment of Court-ordered monies shall be a condition of parole, early release, S.I.R., or work release.
_____ The defendant was advised of his/her rights of appeal.

STATE OF ALABAMA                    *       IN THE CIRCUIT COURT OF

    PLAINTIFF                      *       MONTGOMERY COUNTY,

VS.                                 *       STATE OF ALABAMA

CLARENCE WATERS                     *       CRIMINAL DIVISION

    DEFENDANT                      *       CASE NO.: CC-2005-0275 TSM

## MOTION TO RECONSIDER SENTENCE

Comes now the Defendant, Clarence Waters, by and through his attorney, and moves this Honorable Court to reconsider the sentence imposed upon him on May 12, 2005, and as grounds for this Motion, states unto the Court as follows:

1. The Defendant, Clarence Waters, appeared in Court on March 24, 2005, and entered a guilty plea to the charge of Stalking, a class C felony.

2. Sentencing was set for May 12, 2005. A presentence report was prepared by the State Probation and Parole office. The Defendant had two prior felony convictions making the sentencing range not less than ten years, nor more than life. The probation officer recommended fifteen years.

3. The Defendant offered several family members to testify on his behalf, and offered several letters of recommendation concerning his excellent work record. He also submitted evidence that he had received help for his drug addition.

4. After a sentencing hearing, the Defendant was sentenced to thirty years in the custody of the State Board of Corrections.

5. Since the time of the offense, the Defendant has stopped using illegal drugs and has stayed away from those who use illegal drugs. He has completed a drug rehabilitation course and has been attended NA meetings. He has made a good effort to become a better citizen. The Court should consider the progress the Defendant has made in improving his life since the commission of the crime.

6. The Defendant never touched the victim. He never went to her house. The crime only consisted of verbal threats over the telephone, and watching her at their place of employment.

1

7. The victim had indicated she was interested in the Defendant at their place of employment. Otherwise, the events would not have occurred.

8. Rule 26.8, Alabama Rules of Criminal Procedure, states that the sentence imposed in each case should be the least restrictive sanction that is consistent with the protection of the public and the gravity of the crime. The Court should consider, in evaluating the gravity of the offense, that no overt action was ever taken against the victim. It was only verbal threats.

9. Taking into consideration sentences imposed for this type of crime in other cases in this judicial circuit, and in the state, the sentence of thirty years is excessive. While stalking is not listed in the sentencing guidelines, if one considers Assault I, a class B felony, more serious than the charge against the Defendant, both because it is a class B felony and it involves serious injury to the victim, the recommended sentencing range is from 101 months to 204 months. This is clearly under the 360 months imposed by this Court in this case. This takes into consideration two prior felonies and two periods of prior incarceration.

WHEREFORE, the Defendant moves the Court to reconsider the sentence imposed upon him in this case and to consider a sentence more appropriate to the crime which should be closer to ten years than to thirty years.

Raymond Johnson (joh051)

Attorney for the Defendant
640 McDonough Street
Montgomery, AL. 36104
Office (334) 265-8731
(334) 832-1051 Fax

## CERTIFICATE OF SERVICE

I hereby certify that I have this day, served a copy of the foregoing document upon the District Attorney of Montgomery County, by placing a copy of said Motion in the box assigned to the District Attorney in the office of the Circuit Clerk at the Montgomery County Courthouse this 16th day of May, 2005.

Raymond Johnson (joh051)

2

FIFTEENTH JUDICIAL CIRCUIT
CIRCUIT COURT
CASE NO. CC-05-275

STATE OF ALABAMA,

    Plaintiff

V.                                ORDER

CLARENCE WATERS,

    Defendant

---

    This cause is before the Court upon a Rule 32 Petition filed by the above named defendant, and upon consideration of the same, it is

    ORDERED that the State of Alabama shall file its response thereto in the time designated by law.

    DONE and ORDERED this the 19th day of December, 2005.

                                   TRACY S. McCOOEY
                                   CIRCUIT JUDGE

CC:   Scott Green/Angie King, DDAs

      Clarence Waters – AIS #132116
      W.E.D. Corr. Facility
      100 Warrior Lane
      Bessemer, AL  35023

RECEIVED
12-20-05

*TSM.*

# IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
## MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| CLARENCE WATERS, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No: CC 05-0275 |
| | ) | . 61 |
| STATE OF ALABAMA, | ) | |
| Respondent. | ) | |

## STATE'S ANSWER TO PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

Comes now the State of Alabama, by and through its District Attorney for the Fifteenth

Judicial Circuit, Eleanor I. Brooks, and responds to the "Petition for Relief From Conviction or

Sentence" filed with this Honorable Court by the above named Defendant. The State

respectfully requests this Honorable Court to dismiss the Defendant's petition, and as grounds

therefore would show:

## PROCEDURAL HISTORY

1. The Petitioner was indicted by the Montgomery County Grand Jury on or about

   February 18, 2005 for one count of Stalking.

2. The Petitioner entered a guilty plea on or about March 24, 2005. On May 12, 2005,

   the Petitioner was sentenced under the Habitual Felony Offender Act to 30 years

   imprisonment, as the Petitioner had two prior felony convictions.

3. Petitioner's motion to withdraw his guilty plea was denied after full hearing on July

   14, 2005.

4. The Petitioner then filed this Rule 32 Petition, the Petitioner's first Rule 32 Petition,

   on August 10, 2005.

## BURDEN OF PROOF

Rule 32.6(b) <u>Ala. R. Crim. P.</u>, requires that the petition contain a "clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings." <u>Ala. R. Crim. P.</u> 32.6(b). The petition must support every element of the claim with factual allegations. <u>Dean v. State</u>, 570 S.2d 890 (Ala. Crim. App. 1990). When a petitioner fails to offer a set of facts upon which relief may be sought, the Court may dismiss the petition. <u>See Lockett v. State</u>, 644 S.2d 34 (Ala. 1994). The Petitioner failed to meet this burden, thus he is not entitled to an evidentiary hearing on these claims. This is also Petitioner's second successive petition and Petitioner could have raised any and all of the grounds raised in this new petition in the first one which is required by the law of Alabama.

## ARGUMENT

1.     **The Petitioner's claim that the Petitioner's indictment is void because it fails to include the proper language is without merit and is due to be summarily dismissed.**

The indictment clearly includes all language required by Alabama Law. It names the victim, and lists the elements which the Defendant violated which total to the offense of Stalking. A simple reading of the indictment shows that the language Defendant claims is not there, namely that he did not make a credible threat to the victim, clearly is. Therefore, the Petitioner's claim is due to be summarily dismissed.

2.     **The Petitioner's claim that the Court was without jurisdiction to render the judgment or to impose the sentence is without merit, and is due to be denied.**

The Petitioner only presents bare allegations with no evidence to support these allegations. A bare allegation that a constitutional right has been violated is not sufficient to warrant any relief requested by the Petitioner. <u>Ala. R. Crim. P.</u>, Rule 32.6(b). The petition must support every element of the claim with factual allegations. <u>Dean v. State</u>, 570 S.2d 890. Since the Petitioner has failed to offer a set of facts upon which relief may be sought, the Court may dismiss the petition. <u>See Lockett v. State</u>, 644 S.2d. 34.

While the Petitioner has checked the ground that the court was without jurisdiction to render the judgment on his Rule 32 form, he has presented no evidence in his attached statement. Therefore, the Petitioner has failed to sufficiently plead this claim and it is due to be denied.

## I. PROPRIETY OF SENTENCE

Petitioner also claims that the sentence imposed exceeds the maximum authorized by law in that he was not notified of the intent of the State to invoke the Habitual Offender Act at sentencing. Petitioner states that he was never notified and that this amounts to a violation of the laws of the State of Alabama and the Constitution of the United States.

Again, Petitioner fails to substantiate this claim with a valid argument but simply cites numerous cases out of context in a shotgun fashion. The Petitioner was represented by the Honorable Raymond Johnson throughout the plea and sentencing phases. The crux of Petitioner's last Rule 32 was his assertion that he was denied effective assistance of counsel. This Honorable Court, however, found otherwise. This Honorable Court found that Petitioner was not denied the effective assistance of counsel, that his claims amounted to nothing more than "bare allegations" (see Order of Honorable Eugene Reese Denying Petitioner's Rule 32 dated October 10, 2001). This is relevant to the instant petition because the State on two separate occasions prior to the Petitioner's plea and sentencing informed Petitioner through his counsel that the State intended to invoke the Habitual Offender Act.

Finally, the Defendant's Rule 32 is due to be denied as it is a second successive petition and no new grounds have been raised for which this Honorable Court may rule in his favor.

For the above reasons, this Petition is without merit and the Petitioner is not entitled to the relief requested. Therefore, the State of Alabama moves this Honorable Court dismiss the Petitioner's Rule 32 petition and deny any and all relief requested.

Respectfully submitted on this the ⟋ day of January 2006.

ELEANOR I. BROOKS
DISTRICT ATTORNEY

By:

Matthew D. Shaddrix (SHA-067)
Deputy District Attorney

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been served upon the Petitioner Clarence Waters, AIS# 132116, PO Box 150, Mt. Meigs, AL 36057-0150, served also to Kilby Correctional Facility, PO Box 4599, Montgomery, AL 36103-4599 by U.S. Mail, postage prepaid and properly addressed, this the ___6___ day of January 2006.

ELEANOR L. BROOKS
DISTRICT ATTORNEY

Matthew D. Shaddrix (SHA-067)
Deputy District Attorney

FIFTEENTH JUDICIAL CIRCUIT
CIRCUIT COURT
CASE NO.  CC-05-275

STATE OF ALABAMA,

    Plaintiff

V.                                                    ORDER

CLARENCE WATERS,

    Defendant

---

    This cause is before the Court upon a Rule 32 Petition filed by the

above named defendant, and upon consideration of the same, it is

    ORDERED that the State of Alabama shall file its response thereto

in the time designated by law.

    DONE and ORDERED this the 19th day of December, 2005.

TRACY S. McCOOEY
CIRCUIT JUDGE

CC:   Scott Green/Angie King, DDAs ✓

      Clarence Waters – AIS #132116 ✓
      W.E.D. Corr. Facility
      100 Warrior Lane
      Bessemer, AL  35023

**RECEIVED**
1-10-06
**CIRCUIT COURT CLERK**

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| CLARENCE WATERS, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No: CC 05-0275 |
| | ) | |
| STATE OF ALABAMA, | ) | |
| Respondent. | ) | |

## ORDER

This matter is before the Court on the above defendant's Petition for Post Conviction relief pursuant to Rule 32 of the Alabama Rules of Criminal Procedure and the State's Answer and Motion to Dismiss. Having considered the pleadings, the court's own records, and its review of the original proceedings, this court hereby finds as follows:

1. The Petitioner's claim that the Petitioner's indictment is void because it fails to properly charge the crime of stalking is without merit and is summarily dismissed. The Indictment clearly includes all the language required by Alabama Law. The Petitioner has failed to state a recognizable claim. See Rule 32.3, Ala. R. Crim. P. Rule 32.7(d), Ala. R. Crim. P., states that if the court determines that the petition is not sufficiently specific, or it fails to state a claim, or no material issue of law exists which would entitle the Petitioner to relief under the rule, the court may dismiss the petition. Therefore, the Petitioner's claim is summarily dismissed.

2. The Petitioner's claim that the Court was without jurisdiction to render the judgment or to impose the sentence is without merit, and is also denied. The Petitioner only presents bare allegations with no evidence to support these allegations. A bare allegation that a constitutional right has been violated is not sufficient to warrant any relief requested by the Petitioner. Ala. R. Crim. P., Rule 32.6(b). The petition must support every element of the claim with factual allegations. Dean v. State, 570 S.2d 890. Since the Petitioner has failed to offer a set of facts upon which relief may be sought, the Court may dismiss the petition. See Lockett v. State, 644 S.2d. 34. While the Petitioner has checked the ground that the court was without jurisdiction to render the judgment on his Rule 32 form, he has presented no evidence in his attached

## RECEIVED

1-10-06

CIRCUIT COURT CLERK

statement.  Therefore, the Petitioner has failed to sufficiently plead this claim and it is therefore denied.

Having fully considered the above issues, it is hereby **ORDERED, ADJUDGED, AND DECREED** that any relief request by the above named defendant pursuant to the Rule 32 Petition now before the Court is DENIED and the petition is DISMISSED.

Done this the ___ day of September 2006.

_____
TRACY S. McCOOEY
CIRCUIT JUDGE

CC:   Matthew D. Shaddrix, DDA

      Clarence Waters – AIS #132116
      PO Box 150
      Mt. Meigs, AL 36057-0150

      Clarence Waters – AIS #132116
      Kilby Correctional Facility
      PO Box 4599
      Montgomery, AL 36103-4599





THE CIRCUIT COURT OF MONTGOMERY

CLARENCE WATERS

      PETITIONER

VS.

STATE OF ALABAMA

      RESPONDENT

CASE NUMBER     CC-05-0275

## MOTION TO VACATE, ALTER OR AMEND JUDGEMENT .

COMES NOW THE ABOVE STYLED PETITIONER "CLARENCE WATERS" AND FILES THIS HIS "MOTION TO VACATE, ALTER OR AMEND JUDGEMENT" PURSUANT TO RULE 59 (e) A.R.Civ.P. AND IN SUPPORT OF SAME THIS PETITIONER WILL SHOW UNTO THIS HONORABLE COURT THE FOLLOWING TO WIT.

I.   BURDEN OF PROOF

THIS HONORABLE COURT IN IT'S ORDER DATED JANUARY 6, 2006 CONTENDS THAT THE PETITIONER HAS FAILED TO PRESENT A CLEAR AND SPECIFIC STATEMENT OF THE GROUNDS UPON WHICH RELIEF IS SOUGHT, INCLUDING FULL DISCLOSURE OF THE FACTUAL BASIS OF THOSE GROUNDS, AS SUCH THE PETITIONER HAS FAILED TO MEET HIS BURDEN OF PROOF, AND LIKEWISE IS NOT ENTITLED TO A EVIDE TIARY HEARING ON HIS CLAIMS.

2.   THE PETITIONER ARGUES THAT, HE PRESENTS TWO (2) DISTINCT CLAIMS, BOTH DEAL WITH JURISDICTIONAL FOUNDATIONS, THE FIRST ARGUMENT DEALS WITH A PURE QUESTION OF LAW, AND INVOLVES AROUND EXHIBIT A  THE INDICTMENT IN QUESTION, WHICH CLEARLY PRESENTS A DECISION MUST BE BASED ON A DE NOVO DECISION BY THIS COURT.

PETITIONER ARGUES THAT, THIS INDICTMENT STATES THE FOLLOWING  (AND MADE A CREDIBLE , EITHER EXPRESSED OR IMPLIED, WITH THE INTENT TO PLACE THAT PERSON IN REASONABLE [FEAR] OF DEATH OR SERIOUS BODILY HARM")

PETITIONER ARGUES FURTHER THAT, THIS INDICTMENT USES PETITION ("THAT PERSON") IN RELATION TO THE VICTIM NAMED ("CAROLINE EVANS") AS SUCH THIS INDICTMENT FAILS TO NAME

I

THE VICTIM IN RELATION TO ~~AND MADE A CREDIBLE~~ THREAT EITHER EXPRESSED OR IMPLIED WITH

THE INTENT TO PLACE THE VICTIM ("CAROLINE NOLEON") IN REASONABLE FEAR OR DEATH OR SERIOUS

BODILY HARM")

THE PETITIONER ARGUES FURTHER THAT, THIS INDICTMENT CLEARLY FAILS TO CHARGE THE OFFENSE

OF ("STALKING") IN VIOLATION OF "TITLE I3A-6-90" "CODE OF ALABAMA (I975)" BECAUSE THIS

INDICMENT FAILS TO NAME THE PERSON THE PETITIONER WAS SUPPOSE TO HAVE ("MADE A CREDIBLE

THREAT, TO, EITHER EXPRESSED OR IMPLIED, WITH THE INTENT TO PLACE THE NAMED PERSON IN

REASONABLE FEAR OF DEATH OR SERIOUS BODILY HARM")

THE PETITIONER ARGUES THAT, A INDICTMENT THAT FAILS TO STATE AN OFFENSE WILL NOT SUPPORT

A JUDGEMENT OF CONVICTION MAYS V. CITY OF PRATTVILLE; 402 so 2d III4 III7 (ALA. CRIM. APP.

I98I), CITING BARBEE V. STATE 4I7 so 2d 6II (ALA. CRIM. APP. I982)


3. THIS HONORABLE COURT IN IT'S ORDER DATED JANUARY 6, 2006 CONTENDS THAT THE CLAIM THAT,

THE PETITIONER'S SENTENCE IMPOSED EXCEEDS THE MAXIMUM AUTHORIZED BY LAW AS HE WAS NOT

NOTIFIED OF THE INTENT OF THE STATE TO INVOKE THE HABITUAL OFFENDER ACT AT SENTENCING,

AND AS SUCH, AMOUNTS TO A VIOLATION OF THE LAWS OF THE STATE OF ALABAMA, AND THE CONSTITUTION

OF THE UNITED STATES, IS CLEARLY A MISSTATEMENT OF THE FACTS IN THIS CASE.

THE PETITIONER'S ARGUMENT IN HIS RULE 32 PETITION CLAIM WAS BASED SOLELY UPON THE

ALABAMA COURT OF CRIMINAL APPEALS DECISION IN THE AUTHORITY OF EX PARTE COOPER 632 so 2d

I344 (ALA. I994),

THE PETITIONER ARGUES THAT, THE ALABAMA SUPREME COURT HELD IN EX PARTE COOPER SUPRA

THAT THEY ARE NOT WILLING TO EXTEND THE HOLDING IN COOPER V. STATE 632 so 2d I342 (ALA.

CRIM. APP. I993), TO ALLOW THE PRESENTENCE INVESTIGATION REPORT TO SUPPLY SUFFICIENT NOTICE

OF THE SPECIFIC PRIOR CONVICTION (S) OF WHICH THE STATE INTENDS TO RELY UPON.

THE PETITIONER ARGUES THAT, HE MET HIS BURDEN OF PROOF IN THIS CLAIM, BY SUBMITTING A COPY

OF THE ORIGINAL SENTENCING ORDER EXHIBIT C TO CLEARLY SHOW THAT IN DEED THE TRIAL COURT

RELIED UPON THIS PRESENTENCE INVESTIGATION REPORT TO SUPPLY NOTICE OF THE SPECIFIC PRIOR

FELONY CONVICTION (S) TO ENHANCE THE PETITIONER'S PRESENT SENTENCE IN THIS CASE.


4. THE PETITIONER ARGUES THAT THIS RULE 32 PETITION IS CLEARLY WITH MERIT, AND THE PETITIONER

IS ENTITLED TO A EVIDENTIAL HEARING ON HIS CLAIMS RAIESD IN THE PRESENT RULE 32 PETITION

## 5. PROPRIETY OF SENTENCE

THIS HONORABLECOURT HAS FAILED TO ADDRESS THIS CLAIM THAT, THE TRIAL COURT RELIED UPON A PRESENTENCE INVESTIGATION REPORT WHICH LISTED TWO (2) PRIOR FELONY CONVICTION (S), IN ORDER TO ENHANCE THEPETITIONER' SENTENCE TO THIRTY (30) YEARS IMPRISONMENT, WHICH IS PROHIBITED UNDER ALABAMA LAW, SEE THE AUTHORITY OF EX PARTE COOPER 632 so 2d 1344 (ALA. 1994).

## 6. DUB PROCESS VIOLATION

THEPETITIONER ARGUES FURTHER THAT, THETRIAL COURT DENIED THE PETITIONER'S HIS 14TH AMENDMENT RIGHT TO DUE PROCESS OF LAW, FORTHE FOLLOWIN' REASONS.

ON DEC EMBER 5, 2005 THE MONTGOMERY COUNTY CIRCUIT COURT CLERK FILED THE PRESENT RULE 32 PETITION, ANDTHE TRIAL COURT GRANTED THEPETITIONER'S "INFORMA PAUPERIS DECLARATION" THEPETITIONER'S RULE 32 PETITION WAS LEGALLYNOTCLIZED ON NOV EMBER 29, 2005 WITH THE ATTACHED ARGUMENT, BEING SIGNED BY THE PETITIONER USING HIS CURRENT PLACE OF INCARCERATION "WILLIAM E. DONALDSON CORRE TIONAL FACILITY" 100 WARRIOR LANE BESSEMER ALABAMA 35023-7299

THEN ON DEC EMBER 19, 2005 THETRIAL COURT ENTERED AORDER DIRECTING THE RESPONDENT TO FILE IT'S RESPONSE TO THE PETITIONER'S RULE 32 PETITION IN THE TIME DESIGNATED BY LAW. THETRIAL COUR FORWARDED THE PETITION A COPY OF THE ORDER, AT HIS PLACE OF INCARCERATION WILLIAM E. DONALDSON CORRECTIONAL FACILITY 100 WARRIOR LANE BESSEMER ALABAMA 35023-7299

* THEN ON JANUARY 6, 2006 THE HONORABLE MATTHEW D. SHADRIX DEPUTY DISTRICT ATTORNEY OF MONTGOMERY COUNTY ALABAMA FILED IT'S STATESRESPONSE TO PETITION FOR RELIEF FROM CONVICTION OR SENTENCE, WITH CERTIFICATE OF SERVICE ON THE PETITIONER AT MT. MEIGS ALABAMA 36057-0150, KILBY CORRECTIONAL FACILITY PO BOX 4599 MONTGOMERY ALABAMA 36103.

* ANDON JANUARY 9, 2006 SOMW THREE (3) DAYS LATER, THIS HONORABLECOURT ENTERED A ORDER DISMISSING THEPETITIONER'S RULE 32 PETITION WITH CERTIFICATE OF SERVICE ON THE

TIONER AT PO. BOX 150 ███ MEIGS ALABAMA   36057=0150, AN ██ ALSO KILBY CORRECTIONAL
FACILITY P.O BOX 4599 MONTGOMERY, ALABAMA   36103=4594.

\* THE PETITIONER CONTENDS THAT, THE PETITIONER WAS NOT OFFERED PROPER DUE PROCESS BECAUSE
THE PETITIONER WAS HIGHLY PREJUDICED IN THE SERVICE REQUIREMENTS AS THE STATES RESPONSE
AND THIS HONORABLE COURTS ORDER OF DISMISSAL WAS NOT FORWARDED TO THE PETITIONER'S CURRENT
PLACE OF INCARCERATION IN TIME FOR THE PETITIONER TO RESPOND TO THE RESPONDENTS ANSWER.

DONE THIS THE 18th DAY OF JANUARY 2006

RESPECTFULLY SUBMITTED

CLARENCE WATERS
AIS# 132116  H=61
WILLIAM E. DONALDSON CORRECTIONAL FACILITY
100 WARRIOR LANE
BESSEMER, ALABAMA   35023=7299

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I HAVE SERVED A COPY OF THE ABOVE AND FOREGOING UPON THE FOLLOWING BY PLACING A COPY IN THE UNITED STATES MAIL POSTAGE PREPAID AND PROPERLY ADDRESSED THIS THE _____ DAY OF JANUARY 2006 AS FOLLOWS

CC:  H ONORABLE MATTHEW L. SHADDRIX
     DEPUTY DISTRICT ATTORNEY
     FIFTEENTH JUDICIAL CIRCUIT
     MONTGOMERY COUNTY COURTHOUSE
     P.O BOX 1667
     MONTGOMERY, ALABAMA   36102-1667

RESPECTFULLY SUBMITTED

*Clarence Waters*

CLARENCE WATERS
AIS# 132116  H-61
WILLIAM E. DONALDSON CORRECTIONAL FACILITY
100 WARRIOR LANE
BESSEMER, ALABAMA  35023-7299

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY.

CLARENCE WATERS

   PETITIONER

VS.         ( CASE NUMBER  CC-05-275

STATE OF ALABAMA

   RESPONDENT

.PETITIONER'S NOTICE OF APPEAL

COMES NOW THE ABOVE STYLED PETITIONER "CLARENCE WATERS" AND FILES THIS HIS
"PETITIONER'S NOTICE OF APPEAL" PURSUANT TO RULE 4 (b) (1) A.R.A.P.  TO THE ALABAMA
COURT OF CRIMINAL APPEALS FROM THE TRIAL COURTS ORDER DISMISSING THE PETITIONER'S
RULE 32 PETITION ON JANUARY 9, 2006

DONE THIS THE 30 DAY OF JANUARY 2006

RESPECTFULLY SUBMITTED

CLARENCE WATERS
AIS# I32II6
WILLIAM E. DONALDSON CORRECTIONAL FACILITY
IOO WARRIOR LANE
BESSEMER, ALABAMA   35023-7299

I

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I HAVE SERVED A COPY OF THE ABOVE AND FOREGOING UPON THE

FOLLOWING BY PLACING A COPY IN THE UNITED STATES MAIL POSTAGE PREPAID AND PROPERLY

ADDRESSED THIS THE _____ DAY OF JANUARY 2006 AS FOLLOWS


CC: HONORABLE MATTHEW.D. SHADDRIX
    DEPUTY DISTRICT ATTORNEY
    FIFTEENTH JUDICIAL CIRCUIT OF ALABAMA
    MONTGOMERY COUNTY COURTHOUSE
    P.O BOX 1667
    MONTGOMERY, ALABAMA   3_102-1667


CC: HONORABLE TROY KING
    ATTORNEY GENERAL
    STATE OF ALABAMA
    ALABAMA STATEHOUSE
    11 SOUTH UNION STREET
    MONTGOMERY, ALABAMA   36130


RESPECTFULLY SUBMITTED


CLARENCE WATERS
AIS# 132116
WILLIAM E. DONALDSON CORRECTIONAL FACILITY
100 WARRIOR LANE
BESSEMER, ALABAMA   35023-7299

| State of Alabama Unified Judicial System Form ARAP-1C    8/91 | REPORTER'S TRANSCRIPT ORDER -- CRIMINAL See Rules 10(c) and 11(b) of the Alabama Rules of Appellate Procedure (A.R. App.P.) | Criminal Appeal Number _____ |

**TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.**

☑CIRCUIT COURT ☐DISTRICT COURT ☐JUVENILE COURT OF *Montgomery*, COUNTY

*Clarence Waters*, Appellant

V. ☑STATE OF ALABAMA ☐MUNICIPALITY OF _____

| Case Number *CC-85-226* | Date of Judgment/Sentence/Order *January 9, 2006* |
| Date of Notice of Appeal Oral: | Written: *January 30, 2006* | Indigent Status Granted: ☑Yes ☐No |

**PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY (1) THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR (2) THAT THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE, AND §12-12-72, CODE OF ALABAMA 1975).

*Clarence Waters*          *1/30/06*          *Clarence Waters*
Signature                        Date                        Print or Type Name

**PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED.** Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(c)(2), Alabama Rules of Appellate Procedure (A.R.App.P)):

MARK PROCEEDINGS REQUESTED:                                          COURT REPORTER(S)

A. ☐ TRIAL PROCEEDINGS - Although this designation will include the judgment and sentence proceedings, a transcript of the organization of the jury and arguments of counsel must be designated separately.

B. ☐ ORGANIZATION OF THE JURY - This designation will include voir dire examination and challenges for cause. Note that in noncapital cases the voir dire of the jury will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

C. ☐ ARGUMENTS OF COUNSEL - Note that in noncapital cases the arguments of counsel will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL. (ATTACH ADDITIONAL PAGES IF NECESSARY):

ADDITIONAL PROCEEDINGS REQUESTED                     DATE

D. _____

E. _____

F. _____

G. _____

**IMPORTANT NOTICE:** The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to any proceedings in the case that are not specifically designated on this form for inclusion in the reporter's transcript. A general designation such as "all proceedings" is not sufficient. (See Rule 10(c)(2), A.R.App.P.)

**PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW. I ALSO CERTIFY (1) THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEEN REVOKED, OR (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS

*Clarence Waters*          *1/30/06*          *Clarence Waters*
Signature                        Date                        Print or Type Name

**DISTRIBUTION:** Original filed with Clerk of Trial Court and copies mailed to: (1) Clerk of the Court of Criminal Appeals, (2) the District Attorney, (3) the Attorney General or the municipal prosecutor in lieu of the District Attorney and the Attorney General if the appeal is from a municipal conviction, and (4) to each Court Reporter who reported proceedings designated for inclusion in the reporter's transcript.

**State of Alabama**
**Unified Judicial System**
Form ARAP-26 (front)    8/91

# COURT OF CRIMINAL APPEALS
## DOCKETING STATEMENT

Criminal Appeal Number
_____

**A. GENERAL INFORMATION:**

☑ CIRCUIT COURT   ☐ DISTRICT COURT   ☐ JUVENILE COURT OF _Montgomery_ , COUNTY

_Charge Watters_ , Appellant

v.   ☑ STATE OF ALABAMA   ☐ MUNICIPALITY OF _____

| Case Number | Date of Complaint or Indictment | Date of Judgment/Sentence/Order |
|---|---|---|
| CC-05-225 | | January 9, 2006 |

| Number of Days of Trial/Hearing _____ Days | Date of Notice of Appeal   Oral: _____ | Written: January 30, 2006 |

Indigent Status Requested: ☑ Yes ☐ No          Indigent Status Granted: ☑ Yes ☐ No

**B. REPRESENTATION:**

Is Attorney Appointed or Retained?   ☐ Appointed   ☐ Retained.   If no attorney, will appellant represent self?   ☑ Yes ☐ No

Appellant's Attorney (Appellant if pro se) (Attach additional pages if necessary)

_Charge Watters_

| Address | City | State | Zip Code |
|---|---|---|---|
| 100 Common Loop | Besseme | Alabama | 35020-7289 |

Telephone Number   N/A

**C. CODEFENDANTS:** List each CODEFENDANT and the codefendant's case number.

| Codefendant | Case Number |
|---|---|
| Codefendant | Case Number |
| Codefendant | Case Number |

N/A

**D. TYPE OF APPEAL:** Please check the applicable block.

1 ☐ State Conviction   4 ☐ Pretrial Order   7 ☐ Juvenile Transfer Order   10 ☐ Other (Specify)
2 ☑ Post-Conviction Remedy   5 ☐ Contempt Adjudication   8 ☐ Juvenile Delinquency
3 ☐ Probation Revocation   6 ☐ Municipal Conviction   9 ☐ Habeas Corpus Petition

FILED
FEB 2006
Melissa Rittenour
Circuit Clerk

**E. UNDERLYING CONVICTION/CHARGE:** Regardless of the type of appeal checked in Section D, please check the box beside each offense category for which the appellant has been convicted or charged as it relates to this appeal. Also include the applicable section of the Code of Alabama for State convictions.

1 ☐ Capital Offense - § _____   6 ☐ Trafficking in Drugs - § _____   11 ☐ Fraudulent Practices - § _____
2 ☐ Homicide - § _____   7 ☐ Theft - § _____   12 ☐ Offense Against Family - § _____
3 ☐ Assault - § _____   8 ☐ Damage or Intrusion   13 ☐ Traffic - DUI - § _____
4 ☐ Kidnapping/Unlawful   to Property - § _____   14 ☐ Traffic - Other - § _____
   Imprisonment - § _____   9 ☐ Escape - § _____   15 ☐ Miscellaneous (Specify):
5 ☐ Drug Possession - § _____   10 ☐ Weapons/Firearms - § _____   _____ - § _____

**F. DEATH PENALTY:**

Does this appeal involve a case where the death penalty has been imposed?   ☐ Yes ☑ No

**G. TRANSCRIPT:**

1. Will the record on appeal have a reporter's transcript?   ☐ Yes ☑ No
2. If the answer to question "1" is "Yes," state the date the Reporter's Transcript Order was filed. _January 30, 2006_ (Date)
3. If the answer to question "1" is "No":
   (a) Will a stipulation of facts be filed with the circuit clerk?   ☐ Yes ☑ No
   (b) Will the parties stipulate that only questions of law are involved and will the trial court certify the questions?   ☐ Yes ☑ No

NOTE: If the appeal is from the district or juvenile court and the answer to question "1" is "No," then a positive response is required for question 3(a) or 3(b).

Form ARAP- 26 (back)    8/91    ● COURT OF CRIMINAL APPEALS D●●ETING STATEMENT

**H. POST-JUDGMENT MOTIONS:** List all post-judgment motions by date of filing, type, and date of disposition (whether by trial court order or by the provisions of Rules 20.3 and 24.4 (ARCrP)):

| DATE OF FILING | | | TYPE OF POST-JUDGMENT MOTION | DATE OF DISPOSITION | | |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Month | Day | Year |
| | | | Rule 32 Petition | 1 | 9 | 06 |
| | | | | | | |
| | | | | | | |
| | | | | | | |

**I. NATURE OF THE CASE:** Without argument, briefly summarize the facts of the case.

1. The Court was without jurisdiction to render the judgment or to impose the sentence

**J. ISSUE(S) ON APPEAL:** Briefly state the anticipated issues that will be presented on appeal. (Attach additional pages if necessary.)

1. The Court was without jurisdiction to render the judgment or to impose the sentence

X _Clarence Waters_

**K. SIGNATURE:**

_January 30, 2006_
Date

X _Clarence Waters_
Signature of Attorney/ Party Filing this Form

ACR371

**ALABAMA JUDICIAL DATA CENTER**
**NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS**
**BY THE TRIAL COURT CLERK**
**IN THE CIRCUIT COURT  OF MONTGOMERY COUNTY**
STATE OF ALABAMA VS WATERS CLARENCE              JUDGE: TRACEY S MCCOOEY

APPEAL DATE: 01/30/2006

INDIGENCY STATUS:
  GRANTED INDIGENCY STATUS AT TRIAL COURT:    __X__ YES    ____ NO
  APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL:  ____ YES    _X__ NO  N/A
  INDIGENT STATUS REVOKED ON APPEAL:          ____ YES    _X__ NO
  INDIGENT STATUS GRANTED ON APPEAL:          __X__ YES    ____ NO

DEATH PENALTY: NO

APPEAL TYPE: RULE 32 PETITION

THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E., RULE 32 PETITION,
WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE.

CO/CASE NUMBER: 03/CC 2005 000275.61

ORDER ENTERED(DATE): 01092006 PETITION: X DISMISSED  __DENIED  __GRANTED

| POST-JUDGMENT MOTIONS FILED: | DT FILED | DT DENIED | CON BY AGREE |
|---|---|---|---|
| ___ MOTION FOR NEW TRIAL | _____ | _____ | _____ |
| ___ MOTION FOR JUDG. OF ACQUIT | _____ | _____ | _____ |
| ___ MOTION TO W/D GUILTY PLEA | _____ | _____ | _____ |
| ___ MOTION FOR ATTY TO W/DRAW | _____ | _____ | _____ |
| ___ OTHER _____ | _____ | _____ | _____ |

COURT REPORTER(S):
ADDRESS:

APPELLATE COUNSEL #1:                   PRO SE
ADDRESS:

PHONE NUMBER:                           000-000-0000   ,   00000

APPELLATE COUNSEL #2:
ADDRESS:

PHONE NUMBER:

APPELLANT (PRO SE):                     WATERS CLARENCE
ADDRESS:                                W.E.D. CORR FACILITY
                                        BESSEMER      ,  AL  350230000
AIS #:                                  132116

APPELLEE (IF CITY APPEAL):
ADDRESS:

I CERTIFY THAT THE INFORMATION PROVIDED                   OPERATOR: DBH
ABOVE IS ACCURATE TO THE BEST OF MY          PREPARED: 02/08/2006
KNOWLEDGE AND I HAVE SERVED A COPY OF
THIS NOTICE OF APPEAL ON ALL PARTIES TO      _____
THIS ACTION ON THIS 8th DAY OF FEB, 2006       CIRCUIT COURT CLERK

| State of Alabama<br>Unified Judicial System<br>From ARAP - 14 Rev. 11 / 91 | CERTIFICATE OF COMPLETION AND<br>TRANSMITTAL OF RECORD ON<br>APPEAL BY TRIAL CLERK | Appellate Case Number<br>_____ |
|---|---|---|

| TO: THE CLERK OF<br>    THE COURT OF CRIMINAL APPEALS OF ALABAMA | DATE OF<br>NOTICE OF APPEAL:    01/30/2006 |
|---|---|

| APPELLANT               CLARENCE WATERS |
|---|
| v. STATE OF ALABAMA |

I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling in ( a single volume of __40__ pages) (_____ volumes of 200 pages each and one volume of _____ pages) the clerk's record and the reporter's transcript and that one copy each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of brief.

I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

DATED this __28__ day of __FEBRUARY__ __2006__

*Melissa Pittman*
_____
Circuit Clerk

IN THE ALABAMA COURT OF CRIMINAL APPEALS

CLARENCE WATERS

APPELLANT

VS.

STATE OF ALABAMA

APPELLEE

ON APPEAL FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY

BRIEF AND ARGUMENT OF APPELLANT

```
                    CLARENCE WATERS
                    AIS# 132116
                    WILLIAM E. DONALDSON
                    CORRECTIONAL FACILITY
                    100 WARRIOR LANE
                    BESSEMER, ALABAMA
                    35023-7299
```



STATEMENT REGARDING ORAL ARGUMENT

THE APPELLANT "CLARENCE WATERS" DOES NOT REQUEST ORAL ARGUMENT IN THIS CASE.

## TABLE OF CONTENT

PAGE(S)

STATEMENT REGARDING ORAL ARGUMENT.................... i

TABLE OF CONTENT.................................... ii

TABLE OF AUTHORITIES............................... iii

STATEMENT OF THE CASE AND FACTS..................... 1

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW........ 2

STATEMENT OF THE STANDARD OF REVIEW................. 3

SUMMARY OF THE ARGUMENT............................. 3

ARGUMENT 1.......................................... 4

ARGUMENT 2.......................................... 5

ARGUMENT 3.......................................... 7

CONCLUSION.......................................... 9

CERTIFICATE OF SERVICE.............................. 10

TABLE OF AUTHORITIES

PAGE(S)

DOBYNE V. STATE

805 So.2d 733,741 (Ala.Cr.App.2001)..............    4

STATE V. REYNOLDS

819 So.2d 72,79 (Ala.Cr.App.1999)................    4

MAYS V. CITY OF PRATTVILLE

402 So.2d 1114,1117 (Ala.Cr.App.1981)............    6

BARBIE V. STATE

442 So.2d 644 (Ala.Cr.App.1982)..................    6

COOPER V. STATE

632 So.2d 1342 (Ala.Cr.App.1993).................    7

NESBITT V. STATE

531 So.2d 37 (Ala.Cr.App.1987)...................    7

EX PARTE COOPER

632 So.2d 1344 (Ala.1994)........................    7

JONES V. STATE

724 So.2d 75 (Ala.Cr.App.1998)...................    8

## STATEMENT OF THE CASE AND FACTS

THE APPELLANT "CLARENCE WATERS" FILED A "PETITION FOR RELIEF FROM CONVICTION OR SENTENCE" PURSUANT TO RULE 32 A.R.CR.P. IN IN THE CIRCUIT COURT OF MONTGOMERY COUNTY ALABAMA ON DECEMBER 5, 2005.

THEN ON JANUARY 6, 2005, THE STATE OF ALABAMA THROUGH IT'S DEPUTY DISTRICT ATTORNEY THE HONORABLE MATHEW D. SHADDRIX FILED IT'S "STATE'S ANSWER TO PETITION FOR RELIEF FROM CONVICTION OR SENTENCE."

AND ON January 9, 2006 THE TRIAL COURT THE HONORABLE "TRACY S. MCCOOEY" ENTERED A ORDER IN WHICH SHE DISMISSED THE APPEL- LANT'S RULE 32 PETITION WITHOUT CONDUCTING AN EVIDENTIARY HEARING ON THE MERITS OF THE APPELLANT'S JURISDICTIONAL CLAIM RAISED IN THE APPELLANT'S RULE 32 PETITION.

THEN ON JANUARY 18, 2006, THE APPELLANT FILED A "MOTION TO VACATE, ALTER OR AMEND JUDGEMENT" IN THE CIRCUIT COURT OF MONTGOMERY COUNTY ALABAMA.

AND ON JANUARY 23, 2006, THE TRIAL COURT THE HONORABLE "TRACY S. McCOOEY" DENIED THE APPELLANT'S "MOTION TO VACATE, ALTER OR AMEND JUDGEMENT."

THEN ON JANUARY 30, 2006 THE APPELLANT FILED TIMELY WRITTEN NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS.

HENCE THIS APPEAL FOLLOWS

STATEMENT OF THE ISSUES PRESENT FOR REVIEW

1.  WHETHER THE TRIAL COURT ABUSED IT'S DISCRETION WHEN IT
    DISMISSED THE APPELLANTS RULE 32 PETITION WITHOUT FIRST
    CONDUCTING AN EVIDENTIARY HEARING ON THE MERITS OF THE
    APPELLANT'S JURISDICTIONAL CLAIMS.

2.  THE COURT WAS WITHOUT JURISDICTION TO RENDER JUDGEMENT OR
    TO IMPOSE SENTENCE.

3   THE COURT WAS WITHOUT JURISDICTION TO RENDER THE JUDGEMENT
    OR TO IMPOSE THE SENTENCE.

## STATEMENT OF THE STANDARD OF REVIEW

THE STANDARD OF REVIEW ON THE APPEAL OF A TRIAL COURTS DISMISSAL OF A RULE 32 PETITION IS ABUSE OF DISCRETION <u>JONES V. STATE,</u> 724 So.2d 75 (Ala.Cr.App.1998).

## SUMMARY OF THE ARGUMENT

THE APPELLANT CONTENDS THAT AN INDICTMENT THAT FAILS TO STATE AN OFFENSE WILL NOT SUPPORT ADJUDGEMENT OF CONVICTION <u>MAYS V. CITY OF PRATTVILLE,</u> 409 So.2d 1114,1117 (Ala.Cr.App. 1981).

THE APPELLANT FURTHER CONTENDS THAT A PRESENTENCE REPORT IS INAPPROPIATE TO GIVE NOTICE OF THE PARTICULAR PRIOR FELONY OFFENSE FOR PURPOSES OF THE HABITUAL FELONY OFFENDER ACT <u>EX PARTE COOPER,</u> 632 So.2d 1344 (Ala.1994).

ARGUMENT

1. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DIS-
   MISSED THE APPELLANT'S RULE 32 PETITION WITHOUT FIRST CONDUCT
   ING AN EVIDENTIARY HEARING ON THE MERITS OF THE APPELLANT'S
   JURISDICTIONAL CLAIMS.

THE APPELLANT "CLARENCE WATERS" ARGUES THAT ABUSE OF DISCRE-

TION OCCURS WHEN A TRIAL COURT BASIS IT'S DECISION ON AN EVIDENT-

OR ERRONEOUS CONCLUSION OF LAW, OR IF THERE IS NOTHING IN THE

RECORD TO RATIONALLY SUPPORT IT'S DECISION DOBYNE V. STATE,

805 So.2d 733,741 (Ala.Cr.App.2001).

THE APPELLANT ARGUES FURTHER THAT, THERE WAS NO EVIDENCE

IN THE RECORD BEFORE THE TRIAL COURT TO SUPPORT IT"S DECISION

TO DISMISS THE APPELLANT"S RULE 32 PETITION SIMPLY BECAUSE THE

TRIAL COURT WAS CALLED UPON TO DETERMINE A PURE QUESTION OF

LAW IN THIS CASE. STATE V. REYNOLDS, 819 So.2d 72,79 (Ala.Cr.App.

1999).

4

ARGUMENT

2. **THE TRIAL COURT WAS WITHOUT JURISDICTION TO RENDER JUDGE-MENT OR TO IMPOSE SENTENCE.**

THE APPELLANT "CLARENCE WATERS" ARGUES THAT HE WAS FORMALLY INDICTED BY THE MONTGOMERY COUNTY GRAND JURY IN ITS FEBRUARY 2005 SESSION FOR THE OFFENSE OF "STALKING" IN VIOLATION OF "TITLE 13A-6-90" "CODE OF ALABAMA (1975)" (CR.17).

THE APPELLANT ARGUES THAT **"STALKING"** IN VIOLATION OF "TITLE 13A-6-90" "CODE OF ALABAMA (1975)" STATES THE FOLLOWING.

TITLE 13A-6-90" "CODE OF ALABAMA (1975)"

"STALKING

(a) A PERSON COMMITS THE CRIME OF STALKING IF

(1) A PERSON WHO INTENTIONALLY AND REPEATEDLY FOLLOWS OR HARASSES ANOTHER PERSON AND WHO MAKES A CREDIBLE THREAT, EITHER EXPRESSED OR IMPLIED, WITH THE INTENT TO PLACE THAT PERSO IN REASONABLE FEAR OF DEATH OR SERIOUS BODILY HARM.

THE APPELLANT ARGUES FURTHER THAT, HIS INDICTMENT STATES THE FOLLOWING.

("DID INTENTIONALLY AND REPEATEDLY FOLLOW OR HARASS ANOTHER PERSON, CAROLINE NOLEN, AND MADE A CREDIBLE THREAT EITHER EX-PRESSED OR IMPLIED, WITH THE INTENT TO PLACE THAT PERSON IN REASONABLE FEAR OF DEATH OR SERIOUS BODILY HARM") (CR-17)

THE APPELLANT ARGUES THAT THIS INDICTMENT CLEARLY STATES THAT THE APPELLANT ("DID INTENTIONALLY AND REPEATEDLY FOLLOW OR HARASS ANOTHER PERSON, TO WIT CAROLINE NOLEN"). (CR-17).

THE APPELLANT ARGUES FURTHER HOWEVER, THAT THIS INDICTMENT CLEARLY STATES THAT THE APPELLANT ("MADE A CREDIBLE THREAT EITHER EXPRESSED OR IMPLIED WITH THE INTENT TO PLACE THAT PERSON IN REASONABLE FEAR OF DEATH OR SERIOUS BODILY HARM"). THE APPELLANT

ARGUES THAT, THIS INDICTMENT (CR-17) FAILS TO CHARGE THE *Appellant*
WITH THE OFFENSE OF "STALKING" FOR THE FOLLOWING REASONS.

THE APPELLANT ARGUES FURTHER THAT, THIS INDICTMENT USES
THE TERM ("THAT PERSON) IN CONJUNCTION TO THE VICTIMS NAME
CAROLINE NOLENE") AS SUCH, THIS INDICTMENT FAILS TO NAME THE
VICTIM IN RELATION TO ("AND MADE A CREDIBLE THREAT EITHER EX-
PRESSED OR IMPLIED, WITH THE INTENT TO PLACE THE VICTIM (CAROLINE
NOLEN) IN REASONABLE FEAR OF DEATH OR SERIOUS BODILY HARM").

THE APPELLANT FURTHER ARGUES THAT, THIS INDICTMENT FAILS
TO STATE THE OFFENSE OF "STALKING" AS DEFINED AT "TITLE 13A-
6-90" "CODE OF ALABAMA (1975)" BECAUSE THE INDICTMENT ONLY
CHARGES THE APPELLANT WITH ("INTENTIONALLY AND REPEATEDLY FOLLOW-
ING OR HARASSING ANOTHER PERSON TO WIT CAROLINE NOLEN") BUT
FAILS TO ALLEGE IN THE INDICTMENT THAT THE APPELLANT (MADE A
CREDIBLE THREAT EITHER EXPRESSED OR IMPLIED WITH THE INTENT
TO PLACE CAROLINE NOLEN IN REASONABLE FEAR OF DEATH OR SERIOUS
BODILY HARM").

THE APPELLANT ARGUES THAT A INDICTMENT THAT FAILS TO STATE
AN OFFENSE WILLL NOT SUPPORT A JUDGEMENT OF CONVICTION MAYS
V. CITY OF PRATTVILLE, 402 So.2d 1114,1117 (Ala.Cr.App.1981),
CITING BARBEE V. STATE, 417 So.2d 611 (Ala.Cr.App.1982).

**3.   THE COURT WAS WITHOUT JURISDICTION TO RENDER THE JUDGEMENT OR TO IMPOSE SENTENCE.**

THE APPELLANT "CLARENCE WATERS" ARGUES THAT AS EVIDENCED BY THE RECORD IN THIS CASE (CR.18). A COPY OF THE ORIGINAL SENTENCING ORDER AND (CR-19). A COPY OF THE ORIGINAL MOTION TO RECONSIDER SENTENCE. THESE RECORDS CLEARLY SHOW ON THEIR FACE THAT THE TRIAL COURT RELIED ONLY UPON THE "PRESENTENCE INVESTIGATION REPORT" WHICH LISTED TWO (2) PRIOR FELONY CONVICTIONS IN ORDER TO ENHANCE THE APPELLANT"S SENTENCE TO THIRTY (30) YEARS IMPRISONMENT.

THE APPELLANT ARGUES FURTHER THAT, THE ALABAMA COURT OF CRIMINAL APPEALS HOLDING IN THE AUTHORITY OF COOPER V. STATE, 632 So.2d 1342 (Ala.Cr.App.1993), HELD THAT THE PRESENTENCE INVESTIGATION REPORT CONTAINED IN THE RECORD WHICH LISTS PRIOR CONVICTIONS AMOUNTED TO SUFFICIENT NOTICE OF THE FELONY CONVICTIONS THAT THE STATE INTENDED TO PROVE AT THE SENTENCING HEARING, WHILE THE ALABAMA COURT OF CRIMINAL APPEALS ARE AWARE OF THEIR HOLDING IN THE AUTHORITY OF NESBIT V. STATE, 531 So.2d 37 (Ala.Cr.App. 1987), THAT A DEFENDANT'S RECEIPT OF A PRESENTENCE INVESTIGATION REPORT CONSTITUTES NOTICE OF THE STATES INTENT TO PROCEED UNDER THE ALABAMA HABITUAL FELONY OFFENDER ACT, "TITLE 13A-5-9" "CODE OF ALABAMA (1975).

THE APPELLANT ARGUES FURTHER THAT, THE ALABAMA COURT OF CRIMINAL APPEALS HOLDING IN THE AUTHORITY OF COOPER V. STATE, 632 So.2d 1342 (Ala.Cr.App.1993), WAS EXPRESSIVELY OVERRULED IN THE ALABAMA SUPREME COURTS HOLDING in THE AUTHORITY OF EX PARTE COOPER, ¢#@ So.2d 1344 (Ala.1994).

THE APPELLANT ARGUES THAT THE ALABAMA SUPREME COURT HELD:

("WE ARE NOT WILLING TO EXTEND THE HOLDING IN COOPER V. STATE

7

TO ALLOW THE PRESENTENCE INVESTIGATION REPORT TO SUPPLY SUFFICIENT NOTICE OF THE SPECIFIC PRIOR CONVICTION OR CONVIC-TIONS UPON WHICH THE STATE INTENDS TO RELY UPON TO ENHANCE THE DEFENDANT'S SENTENCE").

THE APPELLANT FURTHER ARGUES THAT, HE WAS HIGHLY PREJUDICED BY THE TRIAL COURTS RELIANCE UPON THE PRESENTENCE INVESTIGATION REPORT TO ENHANCE HIS SENTENCE TO THIRTY (30) YEARS IMPRISONMENT.

THE APPELLANT ARGUES FURTHER THAT, WHETHER A SENTENCE IS NOT AUTHORIZED BY LAW, IS A JURISDICTIONAL CLAIM, THAT CAN BE RAISED IN A RULE 32 PETITION JONES V. STATE, 724 So.2d 75 (Ala. Cr.App. 1998).

## CONCLUSION

FOR THE ABOVE AND FOREGOING REASONS THIS CASE IS DUE TO BE REVERSED AND REMANDED BACK TO THE TRIAL COURT WITH INSTRUCTIONS FOR THE TRIAL COURT TO SET ASIDE THE APPELLANT'S CONVICTION FOR THE OFFENSE OF STALKING.

RESPECTFULLY SUBMITTED

CLARENCE WATERS
#132116
DONALDSON CORRECTIONAL FACILITY
100 WARRIOR LANE
BESSEMER, ALABAMA 35023-7299

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I HAVE SERVED A COPY OF THE ABOVE
AND FOREGOING UPON THE FOLLOWING BY PLACING A COPY IN THE UNITED
STATES MAIL POSTAGE PREPAID AND PROPERLY ADDRESSED THIS THE
DAY OF MARCH 2006 AS FOLLOWS.


CC: HONORABLE TROY KING
    ATTORNEY GENERAL
    STATE OF ALABAMA
    ALABAMA STATE HOUSE
    11 SOUTH UNION STREET
    MONTGOMERY, ALABAMA 36130


RESPECTFULLY SUBMITTED,


CLARENCE WATERS
AIS# 132116
DONALDSON CAORRECTIONAL FACILITY
100 WARRIOR LANE
BESSEMER, ALABAMA 35023-72991

10

91314
3/29

# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA



Lane W. Mann
  Clerk
Sonja McKnight
  Assistant Clerk

P. O. Box 301555
Montgomery, AL 36130-1555
(334) 242-4590
Fax (334) 242-4689

March 8, 2006

**CR-05-0882**

Clarence Waters v. State of Alabama  (Appeal from Montgomery  Circuit Court:
CC05-275.61)

### <u>Notice of Filing of Brief</u>

You are hereby notified that the following action was taken in the above cause:

The Appellant's brief was filed on March 8, 2006.  The Appellee's brief is due to be filed and served by March 29, 2006.

**Lane W. Mann, Clerk
Court of Criminal Appeals**

**cc:** Clarence Waters, Pro Se
    Office of Attorney General

CR-05-0882

In the *COURT of CRIMINAL APPEALS*
*of ALABAMA*

———————◆———————

Clarence WATERS,

Appellant,

v.

STATE of Alabama,

Appellee.

———————◆———————

*On Appeal From the Circuit Court of Montgomery County*
*(CC 92-17.60, 18.60)*

**BRIEF OF APPELLEE**

Troy King
*Attorney General*

Robin Scales
*Assistant Attorney General*

Stephen N. Dodd
*Assistant Attorney General*
Counsel of Record*

Attorneys for Appellee
Office of the Attorney General
Criminal Appeals Division
Alabama State House
11 South Union Street
Montgomery, Alabama  36130-0152
(334) 242-7300, 7378*

March 28, 2005

EXHIBIT
3
PENGAD 800-631-6989

## STATEMENT REGARDING ORAL ARGUMENT

The State does not request oral argument.

i

## TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT........................ i

TABLE OF CONTENTS....................................... ii

TABLE OF AUTHORITIES................................... iii

STATEMENT OF THE CASE AND FACTS.......................... 1

ISSUE PRESENTED FOR REVIEW............................... 2

STANDARD OF REVIEW...................................... 2

SUMMARY OF THE ARGUMENT................................. 2

ARGUMENT................................................ 3

  The Trial Court Correctly Denied Waters's 2005
  Rule 32 Petitions. .................................... 3

    A.   By pleading guilty to stalking, Waters admitted
    that his intent was what the State's indictment
    said it was........................................ 3

    B.   Waters's indictment is perfectly clear on
    who was being stalked.............................. 4

CONCLUSION.............................................. 4

CERTIFICATE OF SERVICE.................................. 6

## TABLE OF AUTHORITIES

**Cases**

Davenport v. State, 2005 WL 3507973 (Ala. Crim. App. Dec. 23, 2005)........................................ 4

Ex parte Pierce, 851 So. 2d 618 (Ala. 2002).............. 4

Long v. State, 675 So. 2d 532 (Ala. Crim. App. 1996)...... 5

Whitman v. State, 903 So. 2d 152 (Ala. Crim. App. 2004)... 3

**Other Authorities**

Code of Alabama (1975),

   Section 13A-6-90 ...................................... 4

**Rules**

Alabama Rules of Criminal Procedure,

   Rule 32.3 ............................................. 4

## STATEMENT OF THE CASE AND FACTS

This is an appeal by Clarence Waters ("Waters") from the summary denial of his postconviction petition by the Montgomery County Circuit Court.  Montgomery County Circuit Court Judge Tracy McCooey issued the order summarily denying Waters's Rule 32 petition.

On May 12, 2005, pursuant to a plea agreement with the State of Alabama, Waters pleaded guilty to a charge of stalking.  (C. 5) Waters was sentenced to serve a thirty-year term of incarceration.  (C. 18)  Waters filed a direct appeal, but later sought to have his direct appeal dismissed. It was so dismissed, on August 24, 2005.  *See* <u>Waters v. State</u>, CR 04-2213 (Ala. Crim. App. Aug. 24, 2005).

On December 5, 2005, Waters filed a petition pursuant to Rule 32 of the <u>Alabama Rules of Criminal Procedure</u>, raising the following claims:

> 1)  that his stalking indictment failed to charge an offense because it failed to name the person who was threatened by his action in following them; and,

> 2)  that his stalking indictment failed to charge an offense because it failed to allege that he (Waters) *intended* to follow the person who was allegedly threatened by his following them.

(C. 14) On or about January 6, 2006, the State, by and through the District Attorney of Montgomery County, filed a response to Waters's Rule 32 petition, alleging that Waters's petition was without merit. (C. 22-25)  On January 9, 2006, the trial court summarily dismissed Waters's Rule 32 petition. (C. 27-28)

Waters filed notice of appeal on February 1, 2006. (C. 34)  This appeal ensued.

## ISSUE PRESENTED FOR REVIEW

Was the trial court correct in summarily denying Waters's 2005 Rule 32 petition?

## STANDARD OF REVIEW

The standard of appellate review of a trial court's denial of a Rule 32 petition is abuse of discretion. Grady v. State, 831 So. 2d 646, 648 (Ala. Crim. App. 2001).

## SUMMARY OF THE ARGUMENT

Neither of the claims raised herein by Waters is jurisdictional.  Nor do they have any merit.

2

ARGUMENT

**The Trial Court Correctly Denied Waters's 2005 Rule 32 Petitions.**

Waters's argument here is in two parts.  First, he argues that his stalking conviction is illegal because his indictment failed to adequately identify the person who was threatened by his action in following her.  Second, Waters argues that his indictment was inadequate because it failed to allege that he (Waters) *intended* to follow the person who was allegedly threatened by his following her.  For the following reasons, however, these arguments are without merit.

**A. By pleading guilty to stalking, Waters admitted that his intent was what the State's indictment said it was.**

Waters has shown nothing here by which one could conclude anything other than that his guilty plea was knowing and voluntary.  As such, a knowing and voluntary guilty plea is an admission of all elements of the charged offense.  <u>Whitman v. State</u>, 903 So. 2d 152, 157 (Ala. Crim. App. 2004), *citing* <u>Martin v. State</u>, 705 So. 2d 876, 878 (Ala. Crim. App. 1997).  When Waters pleaded guilty, he admitted that his intent in following Carolyn Nolen, as his

3

indictment charged, was to "place her in reasonable fear of death or serious bodily harm".

### B.  Waters's indictment is perfectly clear on who was being stalked.

Waters also contends that, by referring to the victim herein, Carolyn Nolen, as "another person", his indictment was not straightforward enough to charge an offense.  Not true.

The "another person" language in Waters's indictment came directly from the stalking statute, Section 13A-6-90 of the Code of Alabama (1975).  An indictment which tracks the statutory language of the offense charged is adequate to put a defendant on notice of with what he is charged. Davenport v. State, 2005 WL 3507973, at *4 (Ala. Crim. App. Dec. 23, 2005)

### CONCLUSION

When filing a petition for post-conviction relief, the petitioner has the burden of pleading and proving, by a preponderance of the evidence, the facts necessary to entitle the petitioner to relief.  Ex parte Pierce, 851 So. 2d 618, 625 (Ala. 2002), citing Rule 32.3 of the Alabama Rules of Criminal Procedure. Where the judgment of the

4

circuit court denying a petition for postconviction relief is correct for any reason, it will be affirmed by this Court, even if the circuit court stated an incorrect reason for its denial.  Long v. State, 675 So. 2d 532, 533 (Ala. Crim. App. 1996).  For the foregoing reasons, the summary denial of Waters's Rule 32 petition is due to be affirmed.

Respectfully submitted,

TROY KING
Attorney General
By-

STEPHEN N. DODD
Assistant Attorney General

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of March, 2006, I served a copy of the foregoing on Appellant, by placing the same in the United States Mail, first class, postage prepaid and addressed as follows:

Clarence Waters
AIS # 132116
Wm. E. Donaldson Correctional Facility
100 Warrior Lane
Bessemer, AL  35023-7299


STEPHEN N. DODD
Assistant Attorney General


ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, AL  36130
(334) 242-7300


114417/91314-001

6

IN THE COURT OF CRIMINAL APPEALS

CLARENCE WATERS

APPELLANT

VS.

STATE OF ALABAMA

APPELLEE

ON APPEAL FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY

REPLY BRIEF AND ARGUMENT

OF

CLARENCE WATERS
AIS# 132116
WILLIAM E. DONALDSON
CORRECTIONAL FACILITY
100 WARRIOR LANE
BESSEMER, ALABAMA
35023-7299

EXHIBIT
4

STATEMENT REGARDING ORAL ARGUMENT

THE A-PELLANT "CLARENCE WATERS" DOES NOT REQUEST ORAL ARGUMENT IN THIS CASE

## TABLE OF CONTENTS

PAGE(S)

STATEMENT REGARDING ORAL ARGUMENT  ------------------------------------------------- i

TABLE OF CONTENTS  ------------------------------------------------------------- ii

TABLE OF AUTHORITIES  ---------------------------------------------------- iii

STATEMENT OF THE CASE AND FACTS  ------------------------------------------- I

STATEMENT OF THE ISSUE PRESENTED FOR REVIEW  ------------------------------- 2

STATEMENT OF THE STANDARD OF REVIEW  -------------------------------------- 3

SUMMARY OF THE ARGUMENT  ------------------------------------------------ 3

ARGUMENT I  ----------------------------------------------------------- 4

CONCLUSION  ----------------------------------------------------------- 6

CERTIFICATE OF SERVICE  ----------------------------------------------- 7

## TABLE OF AUTHORITIES

PAGE(S)

DAVENPORT V. STATE

2005 WL 3507973 at *4  (ALA. CRIM. APP. DEC 23, 2005) --------------------------    4

BARBEE V. STATE

417 so 2d 611 (ALA. CRIM. APP. 1998) --------------------------------------    5

MAYS V. CITY OF PRATTVILLE

402 so 2d 1114 1117 (ALA. CRIM.  APP. 1981) ------------------------------    5

PARHAM V. STATE

285 ALA. 334 336 231 so 2d 899 900 (1890) --------------------------------    5

TINSLEY V. STATE

485  so 2d 1249 1251 (ALA. CRIM. APP. 1986) ------------------------------    5

PRIM V. STATE

616 so 2d 381 (ALA. CRIM. APP. 1993) --------------------------------------    5

STATEMENT OF THE CASE AND FACTS

THE APPELLANT "CLARENCE WATERS" RE-ADOPTS, RE-ALLEGES AND RE-INCORPORATES THE STATEMENT OF THE CASE AND FACTS IN HIS BRIEF AND ARGUMENT WITH THIS HONORABLE COURT ON MARCH 8, 2006 WITHOUT WAIVING SAME

I

STATEMENT OF THE ISSUE PRESENTED FOR REVIEW

I.  WHETHER THIS CAUSE SHOULD BE REVERSED AND REMANDED BACK TO THE TRIAL COURT WITH

INSTRUCTIONS FOR THE TRIAL COURT TO CONDUCT AN EVIDENTIARY HEARING ON THE MERITS

OF THE APPELLANT'S CLAIMS RAISED IN THE PRESENT APPEAL

## STATEMENT OF THE STANDARD OF REVIEW

THE STANDARD OF REVIEW OF THE APPEAL OF A TRIAL COURTS DENIAL OR DIMISSAL OF A RULE 32 PETITION IS ABUSE OF DISCRETION GRADY V. STATE  831 so 2d 646 648 (ALA. CRIM. APP. 2001)

## SUMMARY OF THE ARGUMENT

THE APPELLANT CONTENDS THAT HIS CLAIM RELATING TO HIS INDICTMENT, IS CLEARLY JURISDICTIONAL, AND MUST BE ADDRESSED ON IT'S MERITS BY THIS HONORABLE COURT

THE APPELLANT FURTHER CONTENDS THAT, HE ALSO RAISED A CLAIM CONCERNING THE TRIAL COURTS USE OF A "PRESENTENCE INVESTIGATION REPORT" TO RELY UPON PRIOR FELONY CONVICTIONS FROM THE CONTENTS OF THE PRESENTENCE INVESTIGATION REPORT, TO ENHANCE THE APPELLANT'S SENTENCE TO THIRTY (30) YEARS IN THIS CASE

THE APPELLANT CONTENDS THAT THE APPELLEE HAS FAILED TO ADDRESS THIS CLAIM IN IT'S BRIEF AND ARGUMENT FILED WITH THIS HONORABLE COURT ON MARCH29, 2006 THEREFORE THE APPELLEE HAS WAIVED THIS CLAIM AS SUCH REMAND ON THIS CLAIM ISNECESSARY TO DISOLVETHIS ISSUE

ARGUMENT

I. WHETHER THIS CAUSE SHOULD BE REVERSED AND REMANDED BACK TO THE TRIAL COURT WITH

INSTRUCTIONS FOR THE TRIAL COURT TO CONDUCT AN EVIDENTIARY HEARING ON THE MERITS

OFTHE APPELLANT'S CLAIMSRAISED IN THE PRESENT APPEAL

THE APPELLEE CONTENDS IN IT'S BRIEF AND ARGUMENT TO THIS HONORABLE COURT DATED

MARCH 29, 2006 THAT THE APPELLANT CONTENDS THAT, THE INDICTMENT FAILED TO ADEQUATELY

IDENTIFY THE PERSON WHO WAS THREATNED BY HIM IN FOLLOWING HE, AND THAT THE INDICTMENT

WAS INADEQUATE BECAUSE IT FAILED TO ALLEGE THAT THE APPELLANT INTENDED TO FOLLOWS THE

PERSON WHO WAS ALLEGEDLY THREATNED BY HIS FOLLOWING HER.

THE APPELLANT ARGUES THAT HIS INDICTMENT IS VOID AS IT FAILED TO NAME THE VICTIM IN

RELATION TO ("AND MADE A CREDIBLE THREAT EITHER EXPRESSED OR IMPLIED, WITH THE INTENT

TO PLACE THE VICTIM (CAROLINE NOLEN) IN REASONABLE FEAR OF DEATH OR SERIOUS BODILY HARM")

SIMPLY PUT, THISINDICTMENT FAILS TO NAME THE PERSON THAT THE APPELLANT PLACED IN REASONABLE

FEAR OF DEATH OR SERIOUS BODILY HARM

THE APPELLEE ALSO CONTENDS THAT, THE TERM "ANOTHER PERSON" THE LANGUAGE IN THE APPELLANT'S

INDICTMENT, WHICH REFERED TO THE VICTIM, CAME DIRECTLY FROM THE STALKING STATUTE, "TITLE

13A-6-90" "CODEOF ALABAMA (1975)" AS SUCH, THIS INDICTMENT TRACKS THE STATUTORY LANGUAGE

OF THEOFFENSE CHARGED DAVENPORT V. STATE 2005 WL 3507973 at #4 (ALA. CRIM. APP. DEC

23, 2005)

THE APPELLANT CONTENDS THAT THE TERM "ANOTHER PERSON" IS CLEARLY IN THE STALKING

STATUTE, BUT IF THIS HONORABLE COURT WOULD TAKE JUDICIAL NOTICE OF THE INDICTMENT

CONTAINED IN THE RECORD AT (C-17) IT WILL CLEARLY SHOW, THAT AFTER THE TERM "ANOTHER

PERSON" THE INDICTMENT CLEARLY STATES THE VICTIMS NAME ("CAROLINE NOLEN")

THE APPELLANT CONTENDS FURTHER THAT, IF THIS COURT WOULD ALSO TAKEJUDICIAL NOTICE OF

THEINDICTMENT (C-17) IT WILL CLEARLY SHOW THAT, THE INDICTMENT STATED THE FOLLOWING

("WITH THE INTENT TO PLACE THAT PERSON IN REASONABLE FEAR OF DEATH OR SERIOUS BODILY

HARM")    (C-17)

THE APPELLANT ARGUES THAT THIS INDICTMENT FAILS TO STATE THE NAME OF THE PERSON THAT THE

APPELLANT INTENDED TO PLACE IN REASONABLE FEAR OF DEATH OR SERIOUS BODILY HARM

THE APPELLANT ARGUES FURTHER THAT, THIS HONORABLE COURT HAS GIVEN US GUIDENCE ON A

INDICTMENT THAT FAILS TO INCLUDE ALL OF THE STATUTORY ELEMENTS OF A OFFENSE, AND FAILS TO

STATE AN OFFENSE IN THE AUTHORITY OF BARBEE V. STATE 417 so 2d 611 (ALA. CRIM. APP. 1982)

AND MAYS V. CITY OF PRATTVILLE 402 so 2d 1114 1117 (ALA. CRIM. APP. 1981)

THE APPELLEE ALSO CONTENDS THAT THE APPELLANT PLEADED GUILTY TO THE OFFENSE OF STALKING

AS SUCH, HIS GUILTY PLEA WAS AN ADMISSION TO ALL THE ELEMENTS OF THE CHARGED OFFENSE

THE APPELLANT CONTENDS THAT, THIS ARGUMENT ADVANCED BY THE APPELLEE DOES NOT APPLY

TO JURISDICTIONAL CLAIMS AS A DEFENDANT'S PLEA OF GUILTY WAIVES ALL NON-JURISDICTIONAL

DEFECTS THE EXCEPTION BEING "SUBJECT MATTER JURISDICTION" AND THE FAILURE TO STATE A CLAIM

RULE 15.2 (d) A.R.CRIM.P.

THE APPELLANT ARGUES THAT, AN INDICTMENT REGULAR ON IT'S FACE GIVES THE COURT JURISDICTION

TO PROCEED AGAINST AN ACCUSED, AND THE DEFECT OF AN INDICTMENT WHICH FAILS TO CHARGE AN

OFFENSE IS NOT WAIVED BY A PLEA OF GUILTY PARHAM V. STATE 285 ALA. 334 336 231 so 2d

899 900 (1990) CITING TINSLEY V. STATE 485 so 2d 1249 1251 (ALA. CRIM. APP. 1986),

QUOTING PRIM V . STATE 616 so 2d 381 (ALA. CRIM. APP. 1993).

THE APPELLANT ARGUES FURTHER THAT, HE ALSO RAISED THE CLAIM IN HIS BRIEF AND ARGUMENT

WITH THIS HONORABLE COURT, THAT THE TRIAL COURT RELIED UPON THE "PRESENTENCE INVESTIGATION

REPORT" WHICH LISTED TWO (2) PRIOR FELONY CONVICTIONS IN ORDER TO ENHANCE THE APPELLANTS

SENTENCE TO THIRTY (30) YEARS IMPRISONMENT

THE APPELLANT CONTENDS THAT THE APPELLEE HAS FAILED TO ADDRESS THIS CLAIM IN IT'S BRIEF

AND ARGUMENT TO THIS HONORABLE COURT, AS SUCH, THE APPELLEE HAS WAIVED ANY ARGUMENT ON

HIS CLAIM.

THE APPELLANT ARGUES THAT, THIS HONORABLE COURT IS CALLED UPON TO REVERSE AND REMAND

THIS CAUSE BACK TO THE TRIAL COURT FOR A EVIDENTIARY HEARING ON ALL CLAIMS BEFORE THIS

HONORABLE COURT

## CONCLUSION

BASED ON THE ABOVE AND FOREGOING, THIS CAUSE IS DUE TO BE REVERSED AND REMANDED BACK TO THE TRIAL COURT WITH INSTRUCTIONS FOR THE TRIAL COURT TO CONDUCT AN EVIDENTIARY HEARING ON THE MERITS OF THE APPELLANT'S CLAIMS RAISED IN THE PRESENT APPEAL.

RESPECTFULLY SUBMITTED

CLARENCE WATERS
AIS# 132116
WILLIAM E. DONALDSON CORRECTIONAL FACILITY
100 WARRIOR LANE
BESSEMER, ALABAMA    35023-7299

6

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I HAVE SERVED A COPY OF THE ABOVE AND FOREGOING UPON THE FOLLOWING BY PLACING A COPY IN THE UNITED STATES MAIL, POSTAGE PREPAID, AND PROPERLY ADDRESSED THIS THE 3rd DAY OF APRIL 2006 AS FOLLOWS

CC: HONORABLE TROY KING
    ATTORNEY GENERAL
    STATE OF ALABAMA
    ALABAMA STATEHOUSE
    II SOUTH UNION STREET
    MONTGOMERY, ALABAMA    36130

RESPECTFULLY SUBMITTED

*Clarence Waters*

CLARENCE WATERS
AIS# 132116
WILLIAM E. DONALDSON CORRECTIONAL FACILITY
100 WARRIOR LANE
BESSEMER, ALABAMA    35023-7299

05

0882

91314
Dodd

IN THE COURT OF CRIMINAL APPEALS

CLARENCE WATERS

APPELLANT

VS.

STATE OF ALABAMA

APPELLEE

ON APPEAL FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY

REPLY BRIEF AND ARGUMENT

OF

.CLARENCE WATERS
AIS# 132116
WILLIAM E. DONALDSON
CORRECTIONAL FACILITY
100 WARRIOR LANE
BESSEMER, ALABAMA
35023-7299

EXHIBIT
4
PENGAD 800-631-6989

STATEMENT REGARDING ORAL ARGUMENT

THE APPELLANT "CLARENCE WATERS" DOES NOT REQUEST ORAL ARGUMENT IN THIS CASE

i

# TABLE OF CONTENTS

PAGE(S)

STATEMENT REGARDING ORAL ARGUMENT ------------------------------------------  i

TABLE OF CONTENTS  -----------------------------------------------------------  ii

TABLE OF AUTHORITIES  -------------------------------------------------------  iii

STATEMENT OF THE CASE AND FACTS  ---------------------------------------------  I

STATEMENT OF THE ISSUE PRESENTED FOR REVIEW  -----------------------------  2

STATEMENT OF THE STANDARD OF REVIEW  ---------------------------------------  3

SUMMARY OF THE ARGUMENT  ---------------------------------------------------  3

ARGUMENT I  -----------------------------------------------------------------  4

CONCLUSION  -----------------------------------------------------------------  6

CERTIFICATE OF SERVICE  -----------------------------------------------------  7

TABLE OF AUTHORITIES

PAGE(S)


DAVENPORT V. STATE

2.05 WL 3507973 at *4  (ALA. CRIM. APP. DEC 23, 2005) ------------------------    4


BARBEE V. STATE

417 so 2d 611 (ALA. CRIM. APP. 1998) -----------------------------------    5


MAYS V. CITY OF PRATTVILLE

402 so 2d 1114 1117 (ALA. CRIM. APP. 1981) ------------------------------    5


PARHAM V. STATE

285 ALA. 334 336 231 so 2d 899 900 (1890) ------------------------------    5


TINSLEY V. STATE

485  so 2d 1249 1251 (ALA. CRIM. APP. 1986) ----------------------------    5


PRIM V. STATE

616 so 2d 381 (ALA. CRIM. APP. 1993) -----------------------------------    5

<u>STATEMEN   OF THE CASE AND FACTS</u>

THE  APPELLANT "CLARENCE WATERS" <u>RE-ADOPTS</u>, <u>RE-ALLEGES</u> AND <u>RE-INCORPORATES</u>  THE

STATEMENT OF THE CASE AND FACTS IN HIS BRIEF AND ARGUMENT WITH THIS HONORABLE COURT ON

<u>MARCH 8, 2006</u>  WITHOUT WAIVING SAME

I

<u>STATEMENT OF THE ISSUE PRESENTED FOR APPEAL</u>

I.   <u>WHETHER THIS CAUSE SHOULD BE REVERSED AND REMANDED BACK TO  THE TRIAL COURT WITH</u>

<u>INSTRUCTIONS FOR THE  TRIAL COURT TO CONDUCT AN EVIDENTIARY HEARING ON THE MERITS</u>

<u>OF THE APPELLANT'S CLAIMS RAISED IN THE PRESENT APPEAL</u>

STATEMENT OF THE STANDARD OF REVIEW

THE STANDARD OF REVIEW OF THE APPEAL OF A TRIAL COURTS DENIAL OR DIMISSAL OF A RULE 32 PETITION IS ABUSE OF DISCRETION GRADY V. STATE 831 so 2d 646 648 (ALA. CRIM. APP. 2001)

SUMMARY OF THE ARGUMENT

THE APPELLANT CONTENDS THAT HIS CLAIM RELATING TO HIS INDICTMENT, IS CLEARLY JURISDICTIONAL, AND MUST BE ADDRESSED ON IT'S MERITS BY THIS HONORABLE COURT

THE APPELLANT FURTHER CONTENDS THAT, HE ALSO RAISED A CLAIM CONCERNING THE TRIAL COURTS USE OF A "PRESENTENCE INVESTIGATION REPORT" TO RELY UPON PRIOR FELONY CONVICTIONS FROM THE CONTENTS OF THE PRESENTENCE INVESTIGATION REPORT, TO ENHANCE THE APPELLANT'S SENTENCE TO THIRTY (30) YEARS IN THIS CASE

THE APPELLIANT CONTENDS THAT THE APPELLEE HAS FAILED TO ADDRESS THIS CLAIM IN IT'S BRIEF AND ARGUMENT FILED WITH THIS HONORABLE COURT ON MARCH29, 2006 THEREFORE THE APPELLEE HAS WAIVED THIS CLAIM AS SUCH REMAND ON THIS CLAIM ISNECESSARY TO DISOLVETHIS ISSUE

3

ARGUMENT

I.  WHETHER THIS CAUSE SHOULD BE REVERSED AND REMANDED BACK TO THE TRIAL COURT WITH INSTRUCTIONS FOR THE TRIAL COURT TO CONDUCT AN EVIDENTIARY HEARING ON THE MERITS OF THE APPELLANT'S CLAIMS RAISED IN THE PRESENT APPEAL

THE APPELLEE CONTENDS IN IT'S BRIEF AND ARGUMENT TO THIS HONORABLE COURT DATED MARCH 29, 2006 THAT THE APPELLANT CONTENDS THAT THE INDICTMENT FAILED TO ADEQUATELY IDENTIFY THE PERSON WHO WAS THREATNED BY HIM IN FOLLOWING HER, AND THAT THE INDICTMENT WAS INADEQUATE BECAUSE IT FAILED TO ALLEGE THAT THE APPELLANT INTENDED TO FOLLOWS THE PERSON WHO WAS ALLEGEDLY THREATNED BY HIS FOLLOWING HER.

THE APPELLANT ARGUES THAT HIS INDICTMENT IS VOID AS IT FAILED TO NAME THE VICTIM IN RELATION TO ("AND MADE A CREDIBLE THREAT EITHER EXPRESSED OR IMPLIED, WITH THE INTENT TO PLACE THE VICTIM (CAROLINE NOLEN) IN REASONABLE FEAR OF DEATH OR SERIOUS BODILY HARM") SIMPLY PUT, THIS INDICTMENT FAILS TO NAME THE PERSON THAT THE APPELLANT PLACED IN REASONABLE FEAR OF DEATH OR SERIOUS BODILY HARM

THE APPELLEE ALSO CONTENDS THAT, THE TERM "ANOTHER PERSON" THE LANGUAGE IN THE APPELLANT'S INDICTMENT, WHICH REFERED TO THE VICTIM, CAME DIRECTLY FROM THE STALKING STATUTE, "TITLE 13A-6-90" "CODE OF ALABAMA (1975)" AS SUCH, THIS INDICTMENT TRACKS THE STATUTORY LANGUAGE OF THE OFFENSE CHARGED DAVENPORT V. STATE 2005 WL 3507973 at *4 (ALA. CRIM. APP. DEC 23, 2005)

"THE APPELLANT CONTENDS THAT THE TERM "ANOTHER PERSON" IS CLEARLY IN THE STALKING STATUTE, BUT IF THIS HONORABLE COURT WOULD TAKE JUDICIAL NOTICE OF THE INDICTMENT CONTAINED IN THE RECORD AT (C-17) IT WILL CLEARLY SHOW, THAT AFTER THE TERM "ANOTHER PERSON" THE INDICTMENT CLEARLY STATES THE VICTIMS NAME ("CAROLINE NOLEN")

THE APPELLANT CONTENDS FURTHER THAT, IF THIS COURT WOULD ALSO TAKE JUDICIAL NOTICE OF THE INDICTMENT (C-17) IT WILL CLEARLY SHOW THAT, THE INDICTMENT STATED THE FOLLOWING

("WITH THE INTENT TO PLACE THAT PERSON IN REASONABLE FEAR OF DEATH OR SERIOUS BODILY

HARM")    (C-17)

THE APPELLANT ARGUES THAT THIS INDICTMENT FAILS TO STATE THE NAME OF THE PERSON THAT THE

APPELLANT INTENDED TO PLACE IN REASONABLE FEAR OF DEATH OR SERIOUS BODILY HARM

THE APPELLANT ARGUES FURTHER THAT, THIS HONORABLE COURT HAS GIVEN US GUIDENCE ON A

INDICTMENT THAT FAILS TO INCLUDE ALL OF THE STATUTORY ELEMENTS OF A OFFENSE, AND FAILS TO

STATE AN OFFENSE IN THE AUTHORITY OF BARBEE V. STATE 417 so 2d 611 (ALA. CRIM. APP. 1982)

AND MAYS V. CITY OF PRATTVILLE 402 so 2d 1114 1117 (ALA. CRIM. APP. 1981)

THE APPELLEE ALSO CONTENDS THAT THE APPELLANT PLEADED GUILTY TO THE OFFENSE OF STALKING

AS SUCH, HIS GUILTY PLEA WAS AN ADMISSION TO ALL THE ELEMENTS OF THE CHARGED OFFENSE

THE APPELLANT CONTENDS THAT, THIS ARGUMENT ADVANCED BY THE APPELLEE DOES NOT APPLY

TO JURISDICTIONAL CLAIMS AS A DEFENDANT'S PLEA OF GUILTY WAIVES ALL NON-JURISDICTIONAL

DEFECTS THE EXCEPTION BEING "SUBJECT MATTER JURISDICTION" AND THE FAILURE TO STATE A CLAIM

RULE 15.2 (d) A.R.CRIM.P.

THE APPELLANT ARGUES THAT, AN INDICTMENT REGULAR ON IT'S FACE GIVES THE COURT JURISDICTION

TO PROCEED AGAINST AN ACCUSED, AND THE DEFECT OF AN INDICTMENT WHICH FAILS TO CHARGE AN

OFFENSE IS NOT WAIVED BY A PLEA OF GUILTY PARHAM V. STATE 285 ALA. 334 336 231 so 2d

899 900 (1890) CITING TINSLEY V. STATE 485 so 2d 1249 1251 (ALA. CRIM. APP. 1986),

QUOTING PRIM V. STATE 616 so 2d 381 (ALA. CRIM. APP. 1993).

THE APPELLANT ARGUES FURTHER THAT, HE ALSO RAISED THE CLAIM IN HIS BRIEF AND ARGUMENT

WITH THIS HONORABLE COURT, THAT THE TRIAL COURT RELIED UPON THE "PRESENTENCE INVESTIGATION

REPORT" WHICH LISTED TWO (2) PRIOR FELONY CONVICTIONS IN ORDER TO ENHANCE THE APPELLANTS

SENTENCE TO THIRTY (30) YEARS IMPRISONMENT

THE APPELLANT CONTENDS THAT THE APPELLEE HAS FAILED TO ADDRESS THIS CLAIM IN IT'S BRIEF

AND ARGUMENT TO THIS HONORABLE COURT, AS SUCH, THE APPELLEE HAS WAIVED ANY ARGUMENT ON

THIS CLAIM.

THE APPELLANT ARGUES THAT, THIS HONORABLE COURT IS CALLED UPON TO REVERSE AND REMAND

THIS CAUSE BACK TO THE TRIAL COURT FOR A EVIDENTIARY HEARING ON ALL CLAIMS BEFORE THIS

HONORABLE COURT

## CONCLUSION

BASED ON THE ABOVE AND FOREGOING, THIS CAUSE IS DUE TO BE REVERSED AND REMANDED BACK TO THE TRIAL COURT WITH INSTRUCTIONS FOR THE TRIAL COURT TO CONDUCT AN EVIDENTIARY HEARING ON THE MERITS OF THE APPELLANT'S CLAIMS RAISED IN THE PRESENT APPEAL.

RESPECTFULLY SUBMITTED

CLARENCE WATERS
AIS# I32IX6
WILLIAM E. DONALDSON CORRECTIONAL FACILITY
100 WARRIOR LANE
BESSEMER, ALABAMA    35023-7299

6

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I HAE SERVED A COPY OF THE ABOVE AND FOREGOING UPON THE FOLLOWING

BY PLACING A COPY IN THE UNITED STAES MAIL POSTAGE PREPAID AND PROPERLY ADDRESSED THIS

THE 3nd DAY OF APRIL 2006 AS FOLLOWS

CC:   HONORABLE TROY KING
      ATTORNEY GENERAL
      STATE OF ALABAMA
      ALABAMA STATEHOUSE
      II SOUTH UNION STREET
      MONTGOMERY, ALABAMA    36I30

RESPECTFULLY SUBMITTED

*Clarence Waters*

CLARENCE WATERS
AIS# I32II6
WILLIAM E. DONALDSON CORRECTIONAL FACILITY
IOO WARRIOR LANE
BESSEMER, ALABAMA    35023-7299

Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."



# Court of Criminal Appeals

State of Alabama
Judicial Building, 300 Dexter Avenue
**P. O. Box 301555**
**Montgomery, AL 36130-1555**

H.W."BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Gerri Robinson
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

### MEMORANDUM

CR-05-0882              Montgomery Circuit Court CC-05-275.61

<u>Clarence Waters v. State of Alabama</u>

WISE, Judge.

The appellant, Clarence Waters, appeals from the circuit court's dismissal of his petition for postconviction relief, filed pursuant to Rule 32, Ala.R.Crim.P., in which he attacked his May 2005 guilty-plea conviction for stalking and his resulting sentence as an habitual felony offender to 30 years' imprisonment. On August 24, 2005, this Court dismissed Waters's direct appeal, by unpublished memorandum. <u>Waters v. State</u> (No. CR-04-2213), ___ So. 2d ___ (Ala.Crim.App. 2005) (table).

On December 5, 2005, Waters filed this, his first, Rule 32 petition wherein he alleged: (1) that his indictment is

1



EXHIBIT
5
PENGAD 800-631-6989

fatally flawed because, he said, it failed to name the person that he was following; (2) that his indictment is fatally flawed because, he said, it failed to allege that he intended to follow the person who was threatened; and (3) that his sentence was excessive.  On January 6, 2006, the State filed an answer wherein it argued that Waters's petition was both without merit and precluded from appellate review.  On January 9, 2006, the trial court issued an order dismissing his petition.  This appeal followed.

On appeal, Waters reasserts the claims he raised in his petition to the trial court.

I.

Waters raises two claims regarding his indictment. Section 13A-6-90(a), Ala. Code 1975 states, in pertinent part:

> "A person who intentionally and repeatedly follows or harasses another person and who makes a credible threat, either expressed or implied, with the intent to place that person in reasonable fear of death or serious bodily harm is guilty of the crime of stalking."

Waters's indictment states, in pertinent part:

> "The Grand Jury of Montgomery County charge that, before the finding of this indictment, Clarence Waters, alias; Clarence Carter, alias, Slim Carter, alias; whose name is otherwise unknown to the grand jury, did intentionally and repeatedly follow or harass another person, Carolyn Nolen, and made a credible threat, either expressed or implied, with the intent to place that person in reasonable fear of death or serious bodily harm, in violation of Section 13A-6-90 of the Code of Alabama, against the peace and dignity of the State of Alabama."

(C. 17.)

An indictment that tracks the language of the statute is sufficient if the statute prescribes with definiteness the elements of the offense.  Ex parte Allred, 393 So. 2d 1030

2

(Ala. 1980).  Here, the indictment tracked the language of § 13A-6-90, Ala. Code 1975, including the relevant elements. Accordingly, the indictment was not void or otherwise defective. See Herrero v. State, 628 So. 2d 1053, 1055 (Ala.Crim.App. 1993) (escape indictment that tracked language of indictment was sufficient).  Thus, the circuit court correctly denied relief based on this claim. See Long v. State, 675 So. 2d 532, 533 (Ala.Crim.App. 1996) ("'where the judgment of the circuit court denying a petition for post-conviction relief is correct for any reason, it will be affirmed by this Court, even if the circuit court stated an incorrect reason for its denial'" (quoting Swicegood v. State, 646 So. 2d 159, 160 (Ala.Crim.App. 1994)).  Accord Waddle v. State, 784 So. 2d 367, 369 n. 2 (Ala.Crim.App. 2000).

II.

Waters also asserts that his sentence was excessive.  The record reveals that Waters was sentenced as an habitual felony offender with two prior felony convictions to 30 years' imprisonment. (C. 18.)  Section 13A-5-9(b)(2), Ala. Code 1975 mandates Waters's sentence to be for life or not more than 99 years or less than 10 years.  As such, a sentence of 30 years' imprisonment is well within the range provided by § 13A-5-9(b)(2), Ala. Code 1975.  Thus, this claim is without merit.

III.

Rule 32.7(d), Ala.R.Crim.P., authorizes the trial court to summarily dismiss a petitioner's Rule 32 petition:

"[i]f the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings, the court may either dismiss the petition or grant leave to file an amended petition."

See also Hannon v. State, 861 So. 2d 426, 427 (Ala.Crim.App. 2003); Cogman v. State, 852 So. 2d 191, 193 (Ala.Crim.App. 2002); Tatum v. State, 607 So. 2d 383, 384 (Ala.Crim.App. 1992).  As discussed above, Waters's claims were without

merit.  Thus, summary disposition was appropriate.

Based on the foregoing, the judgment of the trial court is affirmed.

**AFFIRMED.**

McMillan, P.J., and Cobb, Baschab, and Shaw, JJ., concur.

4

# THE STATE OF ALABAMA - - JUDICIAL DEPARTMENT
# THE ALABAMA COURT OF CRIMINAL APPEALS

**CR-05-0882**

Clarence Waters v. State of Alabama  (Appeal from Montgomery  Circuit Court: CC05-275.61)

## CERTIFICATE OF JUDGMENT

WHEREAS, the appeal in the above referenced cause has been duly submitted and considered by the Court of Criminal Appeals; and

WHEREAS, the judgment indicated below was entered in this cause on April 14th 2006:

### Affirmed by Memorandum.

NOW, THEREFORE, pursuant to Rule 41 of the Alabama Rules of Appellate Procedure, it is hereby certified that the aforesaid judgment is final.

**Witness. Lane W. Mann, Clerk**
**Court of Criminal Appeals, on this**
**the 9th day of June, 2006.**

**Clerk**
**Court of Criminal Appeals**
**State of Alabama**

cc: Hon. Tracy S. McCooey, Circuit Judge
   Hon. Melissa Rittenour, Circuit Clerk
   Clarence Waters, Pro Se
   Stephen N. Dodd, Asst. Atty. Gen.

