IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

CLARENCE WATERS

    PETITIONER

VS.                          CIVIL ACTION NO: 2:06-CV-650-MEF

KENNETH JONES,
et, al.,

    RESPONDENTS

RECEIVED 2006 NOV -6 A 9 54
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

PETITIONER'S RESPONSE
TO RESPONDENT'S SUPPLEMENTAL ANSWER.

COMES NOW THE ABOVE STYLED PETITIONER "CLARENCE WATERS" AND FILES THIS HIS "PETITIONER'S RESPONSE TO RESPONDENT'S SUPPLEMENTAL ANSWER" DATED OCTOBER 25, 2006 AND IN SUPPORT OF SAME THIS PETITIONER WILL SHOW UNTO THIS HONORABLE COURT THE FOLLOWING TO WIT

I. EXHAUSTION OF STATE COURT REMEDIES

THE RESPONDENT'S BASED ON ADDITIONAL INFORMATION MADE AVAILABLE TO THEM, NOW CONTEND THAT THE PETITIONER HAS EXHAUSTED ALL STATE COURT REMEDIES TO THE CLAIMS RAISED IN THE PRESENT PETITION FOR WRIT OF HABEAS CORPUS SEE ("III RESPONDENT'S DEFENSES CONTINUED 6.I")(RESPONDENT'S SUPPLEMENTAL ANSWER AT PAGE 2 ")

2. STATUTE OF LIMITATIONS RAISED BY THE RESPONDENT'S

THE RESPONDENT'S IN IT'S "ANSWER" DATED SEPTEMBER 25, 2006 CONTENDED THAT THE PETITIONER'S CLAIMS RAISED IN THE PRESENT PETITION FOR WRIT OF HABEAS CORPUS IS BARRED BY THE "STATUTE OF LIMITATIONS" PURSUANT TO "28 USC 2244 (d)"

PETITIONER CONTENDS THAT THE RESPONDENT'S IN THEIR "SUPPLEMENTAL ANSWER" DATED OCTOBER 25, 2006, HAVE FAILED TO FURTHER ADDRESS THIS CLAIM, OR TO PROVIDE DOCUMENTARY PROOF, THAT THE PETITIONER'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS, AS SUCH, THE RESPONDENT'S HAVE WAIVED FURTHER RESPONSES TO THE STATUTE OF LIMITATIONS

SCANNED

I

3. MERITS OF PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS

THE RESPONDENT'S CONTEND THAT THE SUFFICIENCY OF A STATE INDICTMENT IS AN ISSUE ON FEDERAL HABEAS CORPUS REVIEW, ONLY IF THE INDICTMENT WAS SO DEFICIENT THAT THE CONVICTING COURT WAS DEPRIVED OF JURISDICTION HEATH V. JONES 863 F2d 815 821 (11TH CIR. 1989), CITING DeBENEDICTIS V. WAINWRIGHT 674 F2d 841 (11TH CIR. 1982).

THE PETITIONER ARGUES OTHERWISE, FIRST, THE CRIME OF "STALKING" IS DEFINED UNDER THE PRESENT ALABAMA CRIMINAL STATUTE AS FOLLOWS

"TITLE 13A-6-90" "CODE OF ALABAMA (1975)"

"STALKING"

(a) A PERSON COMMITS THE CRIME OF STALKING IF

(1) A PERSON WHO INTENTIONALLY AND REPEATEDLY FOLLOWS OR HARASSES ANOTHER PERSON AND WHO MAKES A CREDIBLE THREAT, EITHER EXPRESSED OR IMPLIED, WITH THE INTENT TO PLACE THAT PERSON IN REASONABLE FEAR OR DEATH OR SERIOUS BODILY HARM

THE PETITIONER ARGUES THAT UNDER ALABAMA LAW THE OFFENSE OF "STALKING" HAS SIX (6) STATUTORY ELEMENTS, THEY ARE AS FOLLOWS 1) INTENTIONAL 2) REPEATEDLY 3) FOLLOWING 4) ACCOMPANIED BY A THREAT 5) WHICH THREAT PLACES THE PERSON THE PERSON BEING FOLLOWED 6) IN REASONABLE FEAR OR DEATH, OR SERIOUS BODILY HARM

THE PETITIONER ARGUES THAT THE INDICTMENT IN QUESTION, PETITIONER'S EXHIBIT A STATES THE FOLLOWING

(" DID INTENTIONALLY AND REPEATEDLY FOLLOW OR HARASS ANOTHER PERSON CAROLINE NOLEN AND MADE A CREDIBLE THREAT EITHER EXPRESSED OR IMPLIED, WITH THE INTENT TO PLACE THAT PERSON IN REASONABLE FEAR OF DEATH OR SERIOUS BODILY HARM")

THE PETITIONER ARGUES WHAT IS CLEAR IS THAT THE INDICTMENT DOES NOT NAME THE PERSON PLACED IN FEAR OF DEATH OR SERIOUS BODILY HARM, BUT INSTEAD NAMES THE PERSON CAROLINE NOLEN, AS THE PERSON INTENTIONALLY AND REPEATEDLY FOLLOWED OR HARASSED

THE PETITIONER ARGUES THAT THIS INDICTMENT FAILS TO ADEQUATELY CONVEY THIS MEANING, AS SUCH, THIS INDICTMENT IS NOT LEGALLY ADEQUATE, AS A MATTER OF STATE LAW, OR AS A MATTER OF UNITED STATES CONSTITUTIONAL LAW, UNITED STATES V. LONDON 550 F2d 206 (1977), UNITED STATES V. McKJIAN 505 F2d 1320 (1975).

4. EXHIBITS

THE PETITIONER CONTENDS THAT THE RESPONDENT'S HAVE ("OMITTED") THE FOLLOWING EXHIBITS FROM IT'S "SUPPLEMENTAL ANSWER"  1) PETITIONER'S APPLICATION FOR REHEARING TO THE ALABAMA COURT OF CRIMINAL APPEALS  2) THE ALABAMA COURT OF CRIMINAL APPEALS OVERRULING OF THE PETITIONER'S APPLICATION FOR REHEARING  3) PETITIONER'S PETITION FOR WRIT OF CERTIORARI TO THE ALABAMA SUPREME COURT  AND  4) THE ALABAMA SUPREME COURTS DENIAL OF THE PETITIONER'S PETITION FOR WRIT OF CERTIORARI

5. RESPONDENT'S FAILURE TO ADDRESS THE PETITIONER'S CLAIM THAT THE TRIAL COURT RELIED UPON THE PRESENTENCE INVESTIGATION REPORT TO ENHANCE THE PETITIONER'S SENTENCE TO THIRTY (30) YEARS IMPRISONMENT

THE PETITIONER ARGUES THAT HE RAISED A CLAIM IN HIS RULE 32 PETITION, AS WELL AS ON THE APPEAL FROM THE DENIAL OF HIS RULE 32 PETITION, AND IN THE PRESENT PETITION FOR WRIT OF HABEAS CORPUS, THAT THE TRIAL COURT RELIED UPON THE PRESENTENCE INVESTIGATION REPORT TO DETERMINE THE PRIOR FELONY CONVICTION OR CONVICTIONS TO ENHANCE THE PETITIONER'S PRESENT SENTENCE TO THIRTY (30) YEARS IMPRISONMENT

THE PETITIONER ARGUES THAT IN EX PARTE COOPER  632 so 2d 1344 (ALA. 1994) THE ALABAMA SUPREME COURT HELD THAT QUOTE THE FOLLOWING

(" WE ARE NOT WILLING TO EXTEND THE HOLDING IN COOPER V. STATE 632 so 2d 1342 (ALA. CRIM. APP. 1993), TO ALLOW THE PRESENTENCE INVESTIGATION REPORT TO SUPPLY SUFFICIENT NOTICE OF THE SPECIFIC PRIOR CONVICTION OR CONVICTIONS UPON WHICH THE STATE INTENDS TO RELY UPON TO ENHANCE THE DEFENDANT'S SENTENCE")

THE PETITIONER ARGUES THAT THE RESPONDENT'S HAVE FAILED TO RESPOND TO THIS

CLAIM IN II'S "SUPPLEMENTAL ANSWER" DATED OCTOBER 25, 2006

WHEREFORE PREMISES CONSIDERED PETITIONER MOVES THIS HONORABLE COURT TO GRANT THE

PRESENT PETITION FOR WRIT OF HABEAS CORPUS

DONE THIS THE ___ DAY OF NOVEMBER 2006

RESPECTFULLY SUBMITTED

_____
CLARENCE WATERS
AIS# 132116
WILLIAM E. DONALDSON CORRECTIONAL FACILITY
100 WARRIOR LANE
BESSEMER, ALABAMA  35023-7299

I HEREBY CERTIFY THAT I HAVE SERVED A COPY OF THE ABOVE AND FOREGOING UPON THE FOLLOWING BY PLACING A COPY IN THE UNITED STATES MAIL POSTAGE PREPAID AND PROPERLY ADDRESSED THIS THE 2nd DAY OF NOVEMBER 2006 AS FOLLOWS

CC: HONORABLE STEPHEN N. DODD
ASSISTANT ATTORNEY GENERAL
OFFICE OF THE ATTORNEY GENERAL
ALABAMA STATEHOUSE
11 SOUTH UNION STREET
MONTGOMERY, ALABAMA   36130

RESPECTFULLY SUBMITTED

*Clarence Waters*
CLARENCE WATERS
AIS# 132116
WILLIAM E. DONALDSON CORRECTIONAL FACILITY
100 WARRIOR LANE
BESSEMER, ALABAMA   35023-7299