IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

CLARENCE WATERS, AIS #132116, )
                               )
                               )
        Petitioner,            )
                               )
VS.                            )        CIVIL ACTION NO.
                               )        2:06-CV-0650-MEF
                               )
KENNETH JONES, et al.,         )
                               )
        Respondents.           )

**NOTICE OF ADDITIONAL EXHIBITS**

COME NOW the Respondents herein, giving notice of the filing of the

following additional exhibits:

| | |
|---|---|
| Exhibit 5.1 | the *Application for Rehearing* filed by Waters in Waters v. State, CR 05-0882 mem. op. (Ala. Crim. App. Apr. 14, 2006); |
| Exhibit 5.2 | the *Order* by the Alabama Court of Criminal Appeals overruling Waters's *Application for Rehearing* in Waters v. State, CR 05-0882 mem. op. (Ala. Crim. App. Apr. 14, 2006); |
| Exhibit 5.3 | the *Petition for Writ of Certiorari* filed in the Alabama Supreme Court by Waters in Waters v. State, CR 05-0882 mem. op. (Ala. Crim. App. Apr. 14, 2006);  and, |

Exhibit 5.4

the *Order* by the Alabama Supreme Court denying Waters's *Petition for Writ of Certiorari* in <u>Waters v. State</u>, CR 05-0882 mem. op. (Ala. Crim. App. Apr. 14, 2006);

Respectfully submitted,

Troy King (KIN047)
*Attorney General*
By:

<u>/s/ Stephen N. Dodd</u>
Stephen N. Dodd
*Assistant Attorney General*
ID #ASB-6492

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of December , 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:  Clarence Waters, AIS #132116, Donaldson Correctional Facility, 100 Warrior Lane, Bessemer, AL  35023-7299.

**s/ Stephen N. Dodd**
Stephen N. Dodd (ASB-6492)
*Assistant Attorney General*
Attorney for Respondents
Alabama Attorney General's Office
11 South Union Street
Montgomery, AL  36130
Telephone: 334-242-7378
Fax:         334-242-2848
E-mail:     sdodd@ago.state.al.us

ADDRESS OF COUNSEL:
Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, AL  36130
(334) 242-7300

212005/98801-001

Dcdd 91314

05

0552

IN THE COURT OF CRIMINAL APPEALS.

CLARENCE WATERS.

APPELLANT

VS.

STATE OF ALABAMA

APPELLEE

ON APPEAL FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY

BRIEF AND ARGUMENT.
IN SUPPORT OF APPLICATION FOR REHEARING

OF

CLARENCE WATERS.
AIS# I32II6
WILLIAM E. DONALDSON
CORRECTIONAL FACILITY
IOO WARRIOR LANE
BESSEMER, ALABAMA
35023-7299

EXHIBIT

5.1

PENGAD 800-631-6989

## STATEMENT REGARDING ORAL ARGUMENT

THE APPELLANT "CLARENCE WATERS" DOES NOT REQUEST ORAL ARGUMENT IN THIS CASE

## TABLE OF CONTENTS

PAGE(S)

STATEMENT REGARDING ORAL ARGUMENT ------------------------------------------------- 1

TABLE OF CONTENTS ------------------------------------------------------------------- ii

TABLE OF AUTHORITIES --------------------------------------------------------------- iii

STATEMENT OF THE CASE AND FACTS --------------------------------------------------- I

STATEMENT OF THE ISSUE PRESENTED FOR REVIEW ------------------------------------- 2

STATEMENT OF THE STANDARD OF  REVIEW ---------------------------------------------- 3

SUMMARY OF  THE ARGUMENT -------------------------------------------------------------- 3

ARGUMENT I ------------------------------------------------------------------------------- 4

CONCLUSION ------------------------------------------------------------------------------- 6

CERTIFICATE OF SERVICE --------------------------------------------------------------- 7

## TABLE OF AUTHORITIES

PAGE(S)

MAYS V. CITY OF PRATTVILLE

402 so 2d 1114 1117 (ALA. CRIM. APP. 1981) ---------------------------------------------    4

BARBEE V. STATE

417 so 2d 611 (ALA. CRIM. APP. 1982) -----------------------------------------------    4

EX PARTE COOPER

6 32 so 2d 1344 (ALA. 1994) ----------------------------------------------------    5

DOBYNE V. STATE

805 so 2d 733 741 (ALA. CRIM. APP. 2001) ---------------------------------    5

STATE V. REYNOLDS

8/9 so 2d 72 79 (ALA. CRIM. APP. 1999) ------------------------------------    5

## STATEMENT OF THE CASE AND FACTS

THE APPELLANT "CLARENCE WATERS" RE-ADOPTS, RE-ALLEDGES AND RE-INCORPORATES THET STATEMENT OF THE CASE AND FACTS FILED WITH THIS HONORABLE COURT IN THE APPELLANT'S BRIEF AND ARGUMENT ON MARCH 28, 2006  WITHOUT WAIVING SAME

I

STATEMENT OF THE ISSUE PRESENTED FOR REVIEW

I.  WHETHER THIS HONORABLE COURT'S AFFIRMANCE BY MEMORANDUM DATED APRIL 14, 2006 WAS A

ABUSE OF DISCRETION

## STATEMENT OF THE STANDARD OF REVIEW

THE STANDARD OF REVIEW ON THE APPEAL OF A COURTS AFFIRMANCE BY MEMORANDUM OF A TRIAL

COURTS DISMISSAL OF A RULE 32 PETITION IS A ABUSE OF DISCRETION DOBYNE V. STATE 805 so

2d 733, 741 (ALA. CRIM. APP. 2001)

## SUMMARY OF THE ARGUMENT

THE APPELLANT ARGUES THAT IF THERE IS NOTHING IN THE RECORD BEFORE THE COURT TO

SUPPORT IT'S DECISION TO AFFIRM A TRIAL COURTS DISMISSAL OF A RULE 32 PETITION THAT

PRESENTED A PURE QUESTION OF LAW, THEN THAT COURT ABUSES IT'S DISCRETION REYNOLDS V. STATE

819 so 2d 72 79 (ALA. CRIM. APP. 1999).

3

ARGUMENT

I. WHETHER THIS HONORABLE COURT'S AFFIRMANCE OF MEMORANDUM DATED APRIL 14, 2006 WAS A ABUSE OF DISCRETION

THE APPELLANT "CLARENCE WATERS" ARGUESTHAT THIS HONORABLECOURT STATED IN IT'S AFFIRMANCE BY MEMORANDUM DATED APRIL 14, 2006 THAT THE APPELLANT ALLEDGED THAT I) THATHIS INDICTMENT WAS FATALLY FLAWED BECAUSE IT FAILED TO NAME THE PERSON THAT HE WAS FOLLOWING 2) THAT HIS INDICTMENT IS FATALLY FLAWED BECAUSE IT FAILED TO ALLEDGE THAT HE INTENDED TO FOLLOW THE PERSON WHO WAS THREATENED AND 3) THAT HIS SENTENCE WAS EXCESSIVE

THE APPELLANT ARGUES THAT, THESE CLAIMS ARE NOT ACCURATE STATEMENT OF THE CLAIMS RAISED BY THE APPELLANT IN HIS BRIEF AND ARGUMENT TO THIS HONORABLECOURT.

THE APPELLANT RAISED THE FOLLOWING CLAIMS I) THAT HIS INDICTMENT FAILED TO STATE THE OFFENSE OF STALKING SPECIFICUALLY THE APPELLANT'S INDICTMENT FAILED TO STATE THE FOLLOWING

(" THAT THE APPELLANT MADE A CREDIBLE THREAT EITHER EXPRESSED OR IMPLIED WITH THE INTENT TO PLACE CAROLINE NOLEN IN REASONABLE FEAR OF DEATH OR SERIOUS BODILY HARM")

THE APPELLANT ARGUES FURTHER THAT, THIS INDICTMENT FAILS TO STATE THE OFFENSE OF "STALKING" AS DEFINED AT "TITLE 13A-6-90" "CODE OF ALABAMA (1975)" BECAUSE THIS INDICTMENT FAILS TO ALLEDGE IN THE FACE OF THE INDICTMENT THAT THE APPELLANT ("MADE A CREDIBLE THREAT EITHER EXPRESSED OR IMPLIED WITH THE INTENT TO PLACE CAROLINE NOLEN IN REASONABLE FEAR OF DEATH OR SERIOUS BODILY HARM")

THE APPELLANT ARGUES THAT, A INDICTMENT THAT FAILS TO STATE AN OFFENSE WILL NOT SUPPORT A JUDGEMENT OF CONVICTION MAYS V. CITY OF PRATTVILLE 402 so 2d 1114 1117 (ALA. CRIM. APP. 1981), CITING BARBEE V. STATE 417 so 2d 611 (ALA. CRIM. APP. 1982).

THE APPELLANT ARGUES FURTHER THAT THIS HONORABLE COURT ALSO CONTENDS THAT THE APPELLANT'S *Excessive Sentence* ARGUMENT ISWITHOUT MERIT BECAUSE THE APPELLANTS THIRTY (30) YEAR SENTENCE ISWELL WITHIN THE STATUTORY RANGE FOR A DEFENDANT WITH TWO (2) PRIOR FELONY CONVICTIONS *Pursuant* TO "TITLE 13A-5-9 (b) (2)" "CODE OF ALABAMA (1975)"

THE APPELLANT ARGUES THAT HERAISED THE CLAIM THAT THE TRIAL COURT RELIED UPON A PRE-SENTENCE INVESTIGATION REPORT TO PROVE TWO (2) PRIOR FELONY CONVICTIONS TO ENHANCE THE

8

APPELLANTS SENTENCE TO THIRTY (30) YEARS IMPRISONMENT.

THE APPELLANT ARGUES THAT THIS IS NOT PERMITTED ACCORDING TO THE ALABAMA SUPME COURTS DECISION IN THE AUTHORITY OF EX PARTE COOPER  632 so 2d 1344 (AlA. 1994).

THE APPELLANT ARGUES FURTHER THAT THIS HONORABLE COURT ABUSED IT'S DISCRETION IN AFFIRMING BY MEMORANDUM THE TRIAL COURTS DISMISSAL OF THE APPELLANT'S RULE 32 PETITION.

THE APPELLANT ARGUESTHAT A ABUSE OF DISCRETION OCCURS WHEN A COURT BASIS IT'S DECISION ON A ERRONIOUS CONCLUSIONOF LAW, OR IF THEIR IS NOTHING IN THE RECORD TO RATIONALLY SUPPORT IT'S DECISION DOBYNE V. STATE  805 so 2d 733, 741 (AlA. CRIM. APP. 2001).

THE APPELLANT ARGUES THAT  THERE WAS NO EVIDENCE IN THERECORD BEFORE THIS HONORABLE COURT TO SUPPORT IT'S DECISION TO AFFIRM BY MEMORANDUM THE TRIAL  COURTS DISMISSAL OF THE APPELLANT'S RULE 32 PETITION BECAUSE THIS  HONORABLECOURT WAS C ALIED UPON TO DECIDE A PURE QUESTION OF  LAW.  STATE V. REYNOLDS  819 so 2d 72 79 (AlA. CRIM. APP. 1999).

## CONCLUSION

BASED ON THE ABOVE AND FOREGOING THIS CAUSE IS DUE TO REVERSED AND REMANDED BACK TO THE TRIAL COURT WITH INSTRUCTIONS FOR THE TRIAL COURT TO SET ASIDE THE APPELLANT'S CONVICTION FOR THE OFFENSE OF "STALKING"

RESPECTFULLY SUBMITTED

CLARENC  WATERS
AIS# 132116
WILLIAM E. DONALDSON CORRECTIONAL FACILITY
100 WARRIOR LANE
BESSEMER, ALABAMA    35023-7299

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I HAVE SERVED A COPY OF THE ABOVE AND FOREGOING UPON THE FOLLOWING BY PLACING A COPY IN THE UNITED STATES MAIL POSTAGE PREPAID AND PROPERLY ADDRESSED THIS THE 17th DAY OF APRIL 2006 AS FOLLOWS

CC: HONORABLE TROY KING
ATTORNEY GENERAL
STATE OF ALABAMA
ALABAMA STATEHOUSE
II SOUTH UNION STREET
MONTGOMERY, ALABAMA   36130

RESPECTFULLY SUBMITTED

CLARENCE WATERS
AIS# 132116
WILLIAM E. DONALDSON CORRECTIONAL FACILITY
100 WARRIOR LANE
BESSEMER, ALABAMA   35023-7299

# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA

**Lane W. Mann**
  **Clerk**
**Gerri Robinson**
  **Assistant Clerk**



P. O. Box 301555
Montgomery, AL 36130-1555
(334) 242-4590
Fax (334) 242-4689

April 28, 2006

## CR-05-0882

Clarence Waters v. State of Alabama  (Appeal from Montgomery  Circuit Court:
CC05-275.61)

## <u>NOTICE</u>

You are hereby notified that on April 28, 2006 the following action was taken in the above referenced cause by the Court of Criminal Appeals:

Application for Rehearing Overruled.

**Lane W. Mann, Clerk**
**Court of Criminal Appeals**

**cc:** Hon. Melissa Rittenour, Circuit Clerk
Clarence Waters, Pro Se
Stephen N. Dodd, Asst. Atty. Gen.

EXHIBIT
5.2
PENGAD 800-631-6989

91314 Dodd

IN THE SUPREME COURT OF ALABAMA

CLARENCE WATERS

      PETITIONER

VS.

STATE OF ALABAMA

      RESPONDENT

( 
( 
( 
(    CASE NUMBER  CR-05-0882
( 
( 
(

## PETITION FOR WRIT OF CERTIORARI

COMES NOW THE ABOVE STYLED PETITIONER "CLARENCE WATERS" AND PETITIONS THIS HONORABLE COURT PURSUANT TO RULE 39 A.R.A.P. FOR A "WRIT OF CERTIORARI" TO ISSUE TO THE ALABAMA COURT OF CRIMINAL APPEALS IN THE ABOVE STYLED CASE AND IN SUPPORT OF SAME THIS PETITIONER WILL SHOW UNTO THIS HONORABLE COURT THE FOLLOWING TO WIT

### 1. JURISDICTION

THIS HONORABLE COURT HAS JURISDICTION OF THE ABOVE STYLED CAUSE AND OVER THE ABOVE REFERENCED PARTIES PURSUANT TO RULE 39 A.R.A.P.

### 2. STATEMENT OF THE CASE

THE PETITIONER "CLARENCE WATERS" FILED A "PETITION FOR RELIEF FROM CONVICTION OR SENTENCE" PURSUANT TO RULE 32 A.R.CRIM.P. IN THE CIRCUIT COURT OF MONTGOMERY COUNTY ALABAMA ON DECEMBER 5, 2006

THEN ON JANUARY 6, 2006 THE STATE OF ALABAMA THROUGH IT'S DEPUTY DISTRICT ATTORNEY THE HONORABLE MATTHEW D. SHADDRIX FILED IT'S "STATES ANSWER TO PETITIONER'S PETITION FOR RELIEF FROM CONVICTION OR SENTENCE"

AND ON JANUARY 9, 2006 THE TRIAL COURT THE HONORABLE "TRACY McCOOEY" MONTGOMERY COUNTY CIRCUIT COURT JUDGE ENTERED A ORDER IN WHICH SHE DENIED THE PETITIONER'S RULE 32 PETITION WITHOUT CONDUCTING AN EVIDENTIARY HEARING ON THE MERITS OF THE PETITIONER'S CLAIMS RAISED IN THE PETITIONER'S RULE 32 PETITION

EXHIBIT

5.3

PENGAD 800-631-6989

I

THEN ON JANUARY 18, 2006 THE PETITIONER FILED A "MOTION TO VACATE, ALTER OR AMEND JUDGEMENT" PURSUANT TO RULE 59 (e) A.R.CIV.P. IN THE CIRCUIT COURT OF MONTGOMERY COUNTY ALABAMA

AND ON JANUARY 23, 2006 THE HONORABLE "TRACY McCOOEY" MONTGOMERY COUNTY CIRCUIT COURT JUDGE DENIED THE PETITIONER'S "MOTION TO VACATE, ALTER OR AMEND JUDGEMENT"

THEN ON JANUARY 30, 2006 THE PETITIONER FILED TIMELY WRITTEN NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS

AND ON APRIL 14, 2006 THE ALABAMA COURT OF CRIMINAL APPEALS AFFIRMED BY MEMORANDUM OPINION THE TRIAL COURTS DENIAL OF THE PETITIONER'S RULE 32 PETITION

THEN ON APRIL 17, 2006 THE PETITIONER FILED TIMELY APPLICATION FOR REHEARING TO THE ALABAMA COURT OF CRIMINAL APPEALS

AND ON APRIL 28, 2006 THE ALABAMA COURT OF CRIMINAL APPEALS OVERRULED THE PETITIONER'S APPLICATION FOR REHEARING.

3. THE PETITIONER CONTENDS THAT A COPY OF THE ALABAMA COURT OF CRIMINAL APPEALS DECISION IS ATTACHED TO THE PETITIONER'S PETITION FOR WRIT OF CERTIORARI WHICH SHOWS THE ALABAMA COURT OF CRIMINAL APPEALS CASE NUMBER TO BE (CR-05-0542)

(A) THE BASIS OF THIS PETITION FOR WRIT OF CERTIORARI IS THAT THE DECISION OF THE ALABAMA COURT OF CRIMINAL APPEALS IN IT'S AFFIRMANCE BY MEMORANDUM ISIN CONFLICT WITH IT'S PRIOR DECISION IN THE AUTHORITY OF BARBEE V. STATE 417 so 2d 611 (ALA. CRIM. APP. 1982), IN THAT DECISION THE ALABAMA COURT OF CRIMINAL APPEALS HELD THE FOLLOWING

(" THAT AN INDICTMENT THAT FAILS TO STATE EACH STATUTORY ELEMENT OF AN OFFENSE FAILED TO CHARGE THAT OFFENSE ")

(B) THE BASIS OF THIS PETITION FOR WRIT OF CERTIORARI IS THAT THE DECISION OF THE ALABAMA COURT OF CRIMINAL APPEALS IN IT'S AFFIRMANCE BY MEMORANDUM IS IN CONFLICT WITH IT'S PRIOR DECISION IN THE AUTHORITY OF MAYS V. CITY OF PRATTVILLE 402 so 2d 1114 1117 (ALA. CRIM. APP. 1981), IN THAT DECISION, THE ALABAMA COURT OF CRIMINAL APPEALS HELD THE FOLLOWING

(" A INDICTMENT THAT FAILS TO STATE AN OFFENSE WILL NOT SUPPORT A JUDGEMENT OF CONVICTION")

(C) THE BASIS OF THIS PETITION FOR WRIT OF CERTIORARI IS THAT THE DECISION OF THE ALABAMA COURT OF CRIMINAL APPEALS IN IT'S AFFIRMANCE BY MEMORANDUM IS IN CONFLICT WITH THIS HONORABLE COURTS DECISION IN THE AUTHORITY OF EX PARTE COOPER 632 so 2d 1344 (ALA. 1994) IN THAT DECISION THIS HONORABLE COURT HELD THE FOLLOWING

(" WE ARE NOT WILLING TO EXTEND  THE HOLDING IN THE AUTHORITY OF COOPER V. STATE TO ALLOW THE PRESENTENCE INVESTIGATION REPORT TO SUPPLY SUFFICIENT NOTICE OF THE SPECIFIC PRIOR CONVICTION OR CONVICTIONS UPON WHICH THE STATE INTENDS TO RELY UPON TO ENHANCE THE DEFENDANT'S SENTENCE")

4.  ARGUMENT I

WHETHER THE TRIAL COURT ABUSED IT'S DISCRETION WHEN IT DENIED THE PETITIONER'S RULE 32 PETITION WITHOUT FIRST CONDUCTING AN EVIDENTIARY HEARING ON THE MERITS OF THE PETITIONER'S JURISDICTIONAL CLAIMS

   THE PETITIONER "CLARENCE WATERS" ARGUES THAT A ABUSE OF DISCRETION OCCURS WHEN A TRIAL COURT BASIS IT'S DECISION ON AN ERRONIOUS CONCLUSION OF LAW, OR IF THERE IS NOTHING IN THE RECORD TO RATION ALLY SUPPORT IT'S DECISION DOBYNE V. STATE  805 so 2d 733 741 (ALA. CRIM. APP. 2001).

   THE PETITIONER ARGUES THAT, THERE WAS NO EVIDENCE IN THE RECORD BEFORE THE TRIAL COURT TO SUPPORT IT'S DECISION TO DENIE THE PETITIONER'S RULE 32 PETITION SIMPLY BECAUSE THE TRIAL COURT WAS CALLED UPON TO DETERMINE A PURE QUESTION OF LAW IN THIS CASE STATE V. REYNOLDS 819 so 2d 72 79 (ALA. CRIM. APP. 1999).

5.  ARGUMENT 2

THE COURT WAS WITHOUT JURISDICTION TO RENDER THE JUDGMENT OR TO IMPOSE THE SENTENCE

   THE PETITIONER "CLARENCE WATERS"  ARGUES THAT HE WAS FORMALLY INDICTED BY THE MONTGOMERY COUNTY GRAND JURY IN IT'S FEBRUARY 2005 SESSION FOR THE OFFENSE OF "STALKING" IN VIOLATION OF "TITLE 13A-6-90" "CODE OF ALABAMA (1975)" (C-17)

THE PETITIONER ARGUES THAT "STALKING"  IN VIOLATION OF "TITLE 13A-6-90" "CODE OF ALABAMA (1975)" STATES THE FOLLOWING

"TITLE 13A-6-90" "CODE OF ALABAMA (1975)"

STALKING

"STALKING"

(a)  A PERSON WHO INTENTIONALLY AND REPEATEDLY FOLLOWS OR HARASSES ANOTHER PERSON AND WHO MAKES A CREDIBLE THREAT, EITHER EXPRESSED OR IMPLIED, WITH THE INTENT TO PLACE THAT PERSON IN REASONABLE FEAR OF DEATH OR SERIOUS BODILY HARM" )

THE PETITIONER ARGUES THAT HIS INDICTMENT STATES THE FOLLOWING

("DID INTENTIONALLY  AND REPEATEDLY FOLLOW OR HARASS ANOTHER PERSON, CAROLINE NOLEN, AND MADE A CREDIBLE THREAT EITHER EXPRESSED OR IMPLIED, WITH THE INTENT TO PLACE THAT PERSON IN REASONABLE FEAR OF DEATH OR SERIOUS BODILY HARM")  (C-17)

THE PETITIONER ARGUES THAT THIS INDICTMENT CLEARLY STATES THAT THE PETITIONER

("DID INTENTIONALLY AND REPEATEDLY FOLLOW OR HARASS ANOTHER PERSON, TO WIT CAROLINE NOLEN")

(C-17)

THE PETITIONER ARGUES FURTHER THAT HOWEVER, THIS INDICTMENT CLEARLY STATES THAT THE PETITIONER

("MADE A CREDIBLE THREAT EITHER EXPRESSED OR IMPLIED WITH THE INTENT TO PLACE THAT PERSON IN REASONABLE FEAR OF DEATH OR SERIOUS BODILY HARM")

(C-17)

THE PETITIONER ARGUES THAT THIS INDICTMENT (C-17) FAILS TO CHARGE THE PETITIONER WITH THE OFFENSE OF "STALKING" FOR THE FOLLOWING REASONS.

THE PETITIONER ARGUES THAT THIS INDICTMENT (C-17) USES THE TERM ("THAT PERSON) IN CONJUNCTION TO THE VICTIMS NAME ("CAROLINE NOLEN") THIS INDICTMENT FAILS TO NAME THE VICTIM IN RELATION TO THE ("AND MADE A CREDIBLE THREAT EITHER EXPRESSED OR IMPLIED WITH THE INTENT TO PLACE THE VICTIM (CAROLINE NOLEN) IN REASONABLE FEAR OF DEATH OR SERIOUS BODILY HARM")

THE PETITIONER ARGUES THAT, THIS INDICTMENT FAILS TO STATE THE OFFENSE OF "STALKING" AS DEFINED AT "TITLE 13A-6-90" "CODE OF ALABAMA (1975)" BECAUSE THE INDICTMENT ONLY CHARGES THE PETITIONER WITH ("INTENTIONALLY AND REPEATEDLY FOLLOWING OR HARRASSING ANOTHER PERSON TO WIT CAROLINE NOLEN") BUT FAILS TO ALLEDGE IN THE INDICTMENT THAT THE PETITIONER ("MADE A CREDIBLE THREAT EITHER EXPRESSED OR IMPLIED WITH THE INTENT TO PLACE CAROLINE NOLEN IN REASONABLE FEAR OF DEATH OR SERIOUS BODILY HARM")

THE PETITIONER ARGUES THAT A INDICTMENT THAT FAILS TO STATE AN OFFENSE WILL NOT SUPPORT A JUDGEMENT OF CONVICTION MAYS V. CITY OF PRATTVILLE  402 so 2d 1114 1117 (ALA. CRIM. APP 1981) CITING BARBEE V. STATE  417 so 2d 611 (ALA. CRIM. APP. 1982).

## 6.  ARGUMENT 3

### THE COURT WAS WITHOUT JURISDICTION TO RENDER THE JUDGEMENT OR TO IMPOSE THE SENTENCE

THE PETITIONER ARGUES THAT AS EVIDENCED BY THE INDICTMENT (C-18)  WHICH BARES A ORIGINAL COPY OF THE "SENTENCING HEARING" AND (C-19) A ORIGINAL COPY OF THE MOTION TO RECONSIDER SENTENCE" THESE  RECORDS CLEARLY SHOW ON THEIR FACE THAT THE TRIAL COURT RELIED ONLY ON THE "PRESENTENCE INVESTIGATION REPORT" WHICH LISTED TWO (2) PRIOR FELONY CONVICTIONS IN ORDER TO ENHANCE THE PETITIONER'S SENTENCE TO THIRTY (30) YEARS IMPRISONMENT

THE PETITIONER ARGUES FURTHER THAT, THE ALABAMA COURT OF CRIMINAL APPEALS HOLDING IN THE AUTHORITY OF COOPER V. STATE  632 so 2d 1342 (ALA. CRIM. APP. 1993), HELD THAT THE PRESENTENCE INVESTIGATION REPORT IN THE RECORD WHICH LISTS PRIOR CONVICTIONS AMOUNTED TO SUFFICIENT NOTICE OF THE FELONY CONVICTION OR CONVICTIONS THE STATE INTENDED TO PROVE AT THE SENTENCING HEARING, WHILE THE ALABAMA COURT OF CRIMINAL APPEALS ARE AWARE OF THEIR HOLDING IN THE AUTHORITY OF NESBITT V. STATE  53 I so 2d 37 (ALA. CRIM. APP. 1987), THA T A DEFENDANT'S RECEIPT OF A PRESENTENCE INVESTIGATION REPORT CONSTITUTES NOTICE OF THE

5

STATES INTENT TO PROCEED UNDER THE ALABAMA HABITUAL FELONY OFFENDER ACT "TITLE 13A-5-9"
"CODE OF ALABAMA (1975)".

THE PETITIONER ARGUES THAT, THE ALABAMA COURT OF CRIMINAL APPEALS HOLDING IN THE
AUTHORITY OF COOPER V. STATE  632 so 2d 1342 (ALA. CRIM. APP. 1993) WAS EXPRESSIVELY
OVERRULED BY THIS HONORABLE COURT IN THE AUTHORITY OF EX PARTE COOPER  632 so 2d 1344
(ALA. 1994).

THE PETITIONER ARGUES THAT THIS HONORABLE COURT HELD IN THE AUTHORITY OD EX PARTE COOPER
632 so 2d 1344 (ALA. 1994) THAT FOLLOWED

("WE ARE NOT WILLING TO EXTEND THE HOLDING IN THE AUTHORITY OF COOPER V. STATE  632 so
2d 1342 (ALA. CRIM. APP. 1993), TO ALLOW THEPRESENTENCE INVESTIGATION REPORT TO SUPPLY
SUFFICIENT NOTICE OF THE SPECIFIC PRIOR CONVICTION OR CONVICTIONS UPON THE WHICH THE
STATE INTENDS TO RELY UPON TO ENHANCE THE DEFENDANT'S SENTENCE")

THE PETITIONER ARGUES THAT, HE WAS HIGHLY  PREJUDICED BY THE TRIAL COURTS RELIANCE
UPON THE PRESENTENCE INVESTIGATION REPORT TO ENHANCE THE PETITIONER'S SENTENCE TO THIRTY
(30) YEARS IMPRISONMENT.

THE PETITIONER ARGUES THAT WHETHER A SENTENCE IS NOT AUTHORIZED BY LAW, AS A JURISDICTION
JURISDICTIONAL CLAIM, THAT CAN BE RAISED IN A RULE 32 PETITION JONES V. STATE  724 so
2d 75 (ALA. CRIM. APP. 1998).

THE PETITIONER ARGUESTHAT THE APPELLEE/RESPONDENT IN IT'S BRIEF AND ARGUMENT TO THE
ALABAMA COURT OF CRIMINAL APPEALS CLEARLY FAILED TO ADDRESS THISISSUE IN IT'S BRIEF
AND ARGUMENT, AS SUCH THE APPELLEE/RESPONDENT HAS WAIVED SUCH RESPONSE TO THIS CLAIM.

6

## CONCLUSION

BASED ON THE ABOVE AND FOREGOING THIS CAUSE IS DUE TO BE **REVERSED** AND **REMANDED** BACK TO THE ALABAMA COURT OF CRIMINAL APPEALS WITH INSTRUCTIONS FOR THAT COURT TO **REVERSE** AND **REMAND** THE CAUSE BACK TO THE TRIAL COURT WITH INSTRUCTIONS FOR THE TRIAL COURT TO CONDUCT AN EVIDENTIARY HEARING ON THE MERITS ON THE CLAIMS RAISED IN THE PETITIONER'S RULE 32 PETITION

RESPECTFULLY SUBMITTED

CLARENCE WATERS
AIS# 132116
WILLIAM E. DONALDSON CORRECTIONAL FACILITY
100 WARRIOR LANE
BESSEMER, ALABAMA    35023-7299

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I HAVE SERVED A COPY OF THE ABOVE AND FOREGOING UPON THE

FOLLOWING BY PLACING A COPY IN THE UNITED STATES MAIL POSTAGE PREPAID AND PROPERLY

ADDRESSED THIS THE _2d_ DAY OF MAY 2006 AS FOLLOWS

CC:     HONORABLE TROY KING
        ATTORNEY GENERAL
        STATE OF ALABAMA
        ALABAMA STATEHOUSE
        II SOUTH UNION STREET
        MONTGOMERY, ALABAMA    36130

CC:     HONORABLE LANE W. MANN
        CLERK
        COURT OF CRIMINAL APPEALS
        STATE OF ALABAMA
        300 DEXTER AVENUE
        P.O BOX 301555
        MONTGOMERY, ALABAMA   36130-1555


RESPECTFULLY SUBMITTED


_Clarence Waters_

CLARENCE WATERS
AIS# 132116
WILLIAM E. DONALDSON CORRECTIONAL FACILITY
100 WARRIOR LANE
BESSEMER, ALABAMA   35023-7299

# IN THE SUPREME COURT OF ALABAMA



June 9, 2006

**1051109**

Ex parte Clarence Waters.  PETITION FOR WRIT OF CERTIORARI TO THE
COURT OF CRIMINAL APPEALS  (In re: Clarence Waters v. State of Alabama)
(Montgomery Circuit Court: CC05-275.61; Criminal Appeals : CR-05-0882).

## CERTIFICATE OF JUDGMENT

## Writ Denied

    The above cause having been duly submitted, IT IS CONSIDERED AND
ORDERED that the petition for writ of certiorari is denied.

    HARWOOD, J. -  Nabers, C.J., and See, Stuart, and Bolin, JJ., concur.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court
of Alabama, do hereby certify that the foregoing is
a full, true and correct copy of the instrument(s)
herewith set out as same appear(s) of record in said
Court.

Witness my hand this **9th** day of **June,** **2006**

*Robert G. Esdale Sr.*

**Clerk, Supreme Court of Alabama**

EXHIBIT
5.4
PENGAD 800-631-6989