IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CLARENCE WATERS, AIS # 132116, )<br>)<br>)<br>Petitioner,            )<br>)<br>VS.                            )<br>)<br>)<br>KENNETH JONES, et al.,          )<br>)<br>Respondents.         ) | CIVIL ACTION NO.<br>2:06-CV-650-MEF |

**SECOND SUPPLEMENTAL ANSWER**

I.

**Facts and Proceedings in State Courts** (continued)

2.11 Waters's December 5, 2005 Rule 32 petition also included a claim to the effect that --

> (B)ecause the State improperly relied on only a presentence report to show his (Waters's) prior felony convictions, his 30-year sentence under the Alabama Habitual Felony Offender Act ("AHFOA") was illegal.

[See **Respondents' Exhibit 1**, the record on appeal from the denial of Waters's Rule 32 petition in Waters v. State, CR 05-0882 mem. op. (Ala. Crim. App. Apr. 14, 2005), at C. 30]

III.

**Respondents' defenses** (continued)

5.2 Respondents deny that Waters's sentence is illegal because the State's notice of his (Waters's) prior felony convictions was inadequate.

6.2. Respondents deny that Waters has exhausted in state court his claim relating to the legality of his sentence. First, Waters's 30-year sentence was imposed pursuant to a guilty plea. If a trial court refuses to abide by the terms of a plea agreement, it must grant the defendant's timely motion to withdraw the plea. Taylor v. State, 677 So. 2d 1284, 1285 (Ala. Crim. App. 1996), *citing* Calloway v. State, 860 So. 2d 900, 906 (Ala. Crim. App. 2002). Waters's petition for writ of habeas corpus does not indicate that he filed a motion to withdraw his guilty plea. *See* Waters's *Petition for Writ of Habeas Corpus*, at p. 3. This implies that Waters's sentence was not uncontemplated by his plea. Second, lack of AHFOA notice is not a jurisdictional issue, meaning it has to be timely raised in order not to be waived. *See* Martin v. State, 687 So. 2d 1253, 1255 (Ala. Crim. App. 1996). Third, the State of Alabama recognizes a version of the "contemporaneous objection" rule with respect to the withdrawing of a guilty plea. Wallace v. State, 701 So.2d 829, 830 (Ala. Crim. App. 1997) ("A motion to withdraw a guilty plea is the functional equivalent of a motion for a new trial.") It, therefore, became futile for Waters to attempt to complain about his sentence once the 30-day time limit for filing a motion

to withdraw his guilt plea had lapsed. *See* Rule 24.1(b) of the Alabama Rules of Criminal Procedure. Because of all of this, it would be futile for Waters to seek further state court relief on this claim because, for state court purposes, the claim is procedurally defaulted. Because the claim is procedurally defaulted in state court, Waters is prohibited from raising it now in federal habeas corpus without a showing of "cause and prejudice" for his having failed to properly pursue the issue in state court. See Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989); Wainwright v. Sykes, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977); Engle v. Isaac, 456 U.S. 107, 102 S. Ct. 1558, 71 L. Ed. 2d 783 (1982).

6.3. Just because Waters's involuntary guilty plea claim is procedurally defaulted does not mean it is not considered exhausted for purposes of federal habeas corpus. See Kennedy v. Hopper, 156 F. 3d 1143, 1145 (11th Cir. 1998). Respondents admit that Waters's involuntary guilty plea claim is exhausted for state court purposes.

V.

**Exhibits** (continued)

17. The following exhibits are filed herewith:

| | |
|---|---|
| Exhibit 7 | a copy of the notice of prior felony convictions provided to Waters prior to the entry of his guilty plea. |

WHEREFORE, PREMISES CONSIDERED, this Court should deny the petition and the relief requested herein by Waters.

Respectfully submitted,

TROY KING (KIN047)
*Attorney General*
By:

/s/ Stephen N. Dodd
STEPHEN N. DODD
*Assistant Attorney General*
ID #ASB-6492

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of February, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:   <u>Clarence Waters, AIS #132116, Donaldson Correctional Facility, 100 Warrior Lane, Bessemer, AL  35023-7299</u>.

                                                                   **s/ Stephen N. Dodd**
                                                                   STEPHEN N. DODD (ASB-6492)
                                                                   *Assistant Attorney General*
                                                                   Attorney for Respondents
                                                                   Alabama Attorney General's Office
                                                                   11 South Union Street
                                                                   Montgomery, AL  36130
                                                                   Telephone: 334-242-7378
                                                                   Fax:        334-242-2848
                                                                   E-mail:    sdodd@ago.state.al.us

ADDRESS OF COUNSEL:
Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, AL  36130
(334) 242-7300

381790/98801-001

Circuit Clerk's Copy

Pending GJ

# IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
## MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| STATE OF ALABAMA, <br> Plaintiff, | ) <br> ) <br> ) |
| V. | ) DC04-3111 <br> ) |
| CLARENCE WATERS, <br> Defendant. | ) <br> ) <br> ) |

### NOTICE OF DISCOVERY TO DEFENDANT, INTENT TO USE PRIOR CONVICTIONS, INTENT TO INVOKE SENTENCING ENHANCEMENTS, INTENT TO OFFER PROOF BY A CERTIFICATE OF ANALYSIS, and MOTION FOR DISCOVERY BY THE STATE

**COMES NOW** the State of Alabama, by and through its District Attorney for the Fifteenth Judicial Circuit, Eleanor I. Brooks, and gives notice as to the following:

[✓] 1. Pursuant to Rule 16.1, <u>A.R.Cr.P.</u>, and as otherwise required by law, all available discovery has been provided or made available to the Defendant's counsel of record. Physical evidence, photographs, video tapes of crime scene and/or statements of Defendant if any, are in the custody of the investigating law enforcement agency or the Alabama Department of Forensic Sciences. Arrangements for copies of photographs and/or videotapes or inspections of physical evidence may be made by contacting the undersigned.

The State has furnished a copy of the discovery to Defense Counsel. This material is page numbered sequentially from 000001 to _____46_____. (Pages_____ have not been provided, as they are either work product and/or NCIC, which cannot be provided pursuant to state law, unless ordered by the Court.) The State of Alabama considers this discovery material to have been received **in its entirety** by Defense Counsel unless promptly notified in writing of any discrepancies.

[✓] 2. The State intends to use at trial any and all prior convictions, crimes, wrongs, or acts of the Defendant for those uses permitted by Rules 404(b) and 609 of the <u>A.R.E.</u>, and as otherwise allowed by law. The State is presently aware of, and intends to use, the following:

Rape I - 1982 - Lowndes Co.
Escape II - 1990 - Butler Co.
Car Theft - 1976 - Hayneville

STATE'S EXHIBIT 7

State v Clarence Waters
DC04-3111

[ ✓ ] 3.   The State intends to invoke all sentencing enhancements required or permitted by law, including, the Habitual Felony Offender Act based on any applicable felony convictions, known and/or any convictions which may subsequently be discovered and/or disclosed. And, if applicable, the following:

   (___)   Enhancement for use of firearm or deadly weapon. Minimum term of imprisonment of _____ years.
   (___)   Five Year Enhancement for Sale of Drugs within three (3) miles of a school, 13A-12-250.
   (___)   Five Year Enhancement for Sale of Drugs within three (3) miles of housing project, 13A-12-270.
   (___)   $1,000.00 Fine, 13A-12-281.
   (___)   $2,000.00 Fine, 13A-12-281.
   (___)   Suspension of Driver's License, 13A-12-290.
   (___)   Five Year Enhancement for Possession of Firearm, 13A-12-231(13).

[ ___ ] 4.   Pursuant to Sections 12-21-300 through 303, Code of Alabama, written notice is hereby given of the State's intent to offer proof by a certificate of analysis in lieu of direct testimony. The certificate of analysis is from the Alabama Department of Forensic Sciences and is included in the provided discovery material.

[ ✓ ] 5.   Pursuant to rules 16.2 and 16.4(c), A.R.Cr.P., and as otherwise required by law, the State requests a copy of all discovery to which it is entitled and hereby moves this Honorable Court for an order granting same to the State.

Respectfully submitted, this ___11___ day of January 2005.

ELEANOR I. BROOKS
District Attorney

by: _____
MATTHEW D. SHADDRIX (SHA067)
Deputy District Attorney

STATE OF ALABAMA
MONTGOMERY COUNTY
I, as Circuit Clerk, Montgomery County Circuit Court, do hereby certify that the within is a complete, true and correct copy of the __NOTICE of DISCOVERY__ on file in said office.
Witness my hand and the seal of said Court is hereto affixed, this the __5th__ day of __Feb__, 2008.

_____
CIRCUIT CLERK

2

State v Clarence Waters
DC04-3111

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the above and foregoing was served upon the Honorable Terry Luck, Counsel for the Defendant, by hand delivery; or by placing same in the appropriate Courthouse Box; or by posting same in the United States mail, postage prepaid and properly addressed to said Counsel; on this the _____11_____ day of January 2005.

                                            ELEANOR I. BROOKS
                                            District Attorney

                              by:     _____
                                            MATTHEW D. SHADDRIX (SHA067)
                                            Deputy District Attorney