IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CLARENCE WATERS, #132116, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.2:06-CV-650-MEF |
| | ) |
| KENNETH L. JONES, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**ORDER**

On February 20, 2008, the respondents filed a supplemental answer addressing the petitioner's claim challenging his sentence as a habitual felony offender.[1] It appears from a review of the relevant trial court records submitted by the respondents that the State provided petitioner notice, separate from the pre-sentence report, of its intent to invoke the Habitual Felony Offender Act ***and*** the specific prior convictions on which it intended to rely for enhancement purposes. *Respondents' Exhibit 7 - Court Doc. No. 27-2*. Moreover, the Alabama Court of Criminal Appeals addressed the improper sentence claim adversely to the petitioner on appeal from the denial of his Rule 32 petition finding "this claim ... without merit." *Respondents' Exhibit 5 - Court Doc. No. 14-6* at 3.

With respect to any claim adjudicated on the merits by the state courts in state proceedings, 28 U.S.C. § 2254(d)(1) places new constraints on the power of a federal court to grant a prisoner's application for habeas corpus relief. In sum, the statute directs that this court may grant a writ of

---

[1] Specifically, the petitioner argued that the trial court acted in violation of state law when it relied solely on the presentence investigation report as the only notice of the specific prior convictions on which the State relied for purposes of enhancing petitioner's sentence under the Habitual Felony Offender Act, *Ala. Code* § 13A-5-9, *et seq. Petitioner's Grounds of Petition* at 5 - *Court Doc. No. 1* at 13.

habeas corpus only "if the relevant state-court decision was either (1) '*contrary to* ... clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) '*involved an unreasonable application of* ... clearly established Federal law, as determined by the Supreme Court of the United States.' (Emphases added.)" *Williams v. Taylor*, 529 U.S. at 404-405, 120 S.Ct. at 1519. "Under § 2254(d)(1) and the *Williams* decision, [a federal court] can grant relief only if the state court decision denying relief is 'contrary to' clearly established federal law or is an 'unreasonable application' of federal law." *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001). In the vast majority of cases, a federal district court will be faced with the contention that the state court unreasonably applied federal law.

> In determining whether the state court's decision is an unreasonable application of the law set out in [applicable] Supreme Court decisions, we need not decide whether we would have reached the same result as the state court if we had been deciding the issue in the first instance. Instead, we decide only whether the state court's decision of the issue is objectively unreasonably. *See Williams v. Taylor*, 529 U.S. 362, 411, 120 S.Ct. 1495, 1522, 146 L.Ed.2d 389 (2000) ("Under §2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."); *Brown v. Head*, 272 F.3d 1308, [1313] (11th Cir. 2001)("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide.").

*Wright v. Secretary for the Dept. of Corrections*, 278 F.3d 1245, 1256 (11th Cir. 2002). Additionally, the statute makes it clear that a federal court cannot grant relief with respect to claims adjudicated on the merits by the state courts "unless the adjudication of the claim ... resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Moreover, issues which are purely matters of state

law provide no basis for federal habeas relief. *Beverly v. Jones*, 854 F.2d 412 (11th Cir. 1988); *Estelle v. McGuire*, 502 U.S. 62 (1991).

Accordingly, it is

ORDERED that on or before March 3, 2008 the petitioner may file a response to the supplemental answer filed by the respondents on February 20, 2008. Any pleadings, documents or evidence filed after this date will not be considered by the court except in exceptional circumstances. The petitioner is advised that at any time after March 3, 2008 the court shall "determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the [court] shall make such disposition of the petition as justice shall require." Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*. The petitioner is advised that he is not required to file a response to the supplemental answer but may rest on his previous responses and arguments.

Done this 21st day of February, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE