IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

CLARENCE WATERS         (

       PETITIONER

                     (

VS.                CASE NO:  2:06-CV-650-MEF

                     (

KENNETH JONES,
et, al

       RESPONDENTS    (


PETITIONER'S RESPONSE
TO RESPONDENT'S SECOND SUPPLENMENTAL ANSWER


COMES NOW THE ABOVE STYLED PETITIONER "CLARENCE WATERS" AND FILES THIS HIS "PETITIONER'S RESPONSE TO RESPONDENT'S SECOND SUPPLEMENTAL ANSWER" AND IN SUPPORT OF SAME THIS PETITIONER WILL SHOW UNTO THIS HONORABLE COURT THE FOLLOWING TO WIT.

1. THE RESPONDENT IN IT"S "SECOND SUPPLEMENTAL ANSWER" DATED FEBRUARY 20, 2008  STATES THAT THE PETITIONER HAS NOT EXHAUSTED IN STATE COURT HIS CLAIM RELATING TO THE LEGALITY OF HIS SENTENCE

2. THE PETITIONER ARGUES THAT BY THE RESPONDENTS OWN EXHIBITS IN IT'S "SUPPLEMENTAL ANSWER" DATED OCTOBER 25, 2006  AND IT'S "NOTICE OF ADDITIONAL EXHIBITS" DATED DECEMBER 11, 2006 CLEARLY DISPUTES THE RESPONDENTS ALLEGATIONS OF NON-EXHAUSTION.

3. THE RESPONDENT ALSO IN IT'S "SUPPLEMENTAL ANSWER" DATED ON FEBRUARY 20, 2008  STATES THAT FIRST, THE PETITIONERS THIRTY (30) YEAR SENTENCE WAS IMPOSED PURSUANT TO A GUILTY PLEA, AND THAT IF A TRIAL COURT REFUSES TO ABIDE BY THE TERMS OF A PLEA AGREEMENT IT MUST GRANT THE DEFENDANT'S TIMELY MOTION TO WITHDRAW THE PLEA.

1

4. THE PETITIONER ARGUES THAT, HE DID NOT CHALLENGE THE LEGALITY OF A PLEA OF GUILTY, BECAUSE IN THE "STATES ANSWER TO PETITION FOR RELIEF FROM CONVICTION OR SENTENCE" DATED SEPTEMBER 19, 2005 THE STATE OF ALABAMA CLEARLY STATED IN THAT MOTION THAT THE PETITIONER UNDERSTOOD DURING HIS ORIGINAL PLEA THAT THERE WAS NO PLEA AGREEMENT, WITH THE STATE OF ALABAMA AND THAT SENTENCING WAS TOTALLY UP TO THE HONORABLE "TRACY McCOOEY" (SEE PAGE 3 OF THE STATES ANSWER TO PETITION FOR RELIEF FROM CONVICTION OR SENTENCE DATED SEPTEMBER 19, 2005) PETITIONER'S EXHIBIT D ATTACHED FOR THIS HONORABLE COURTS INSPECTION.

5. THE RESPONDENT CONTENDS FURTHER THAT IN IT'S "SECOND SUPPLEMENTAL ANSWER" DATED FEBRUARY 20, 2008 THAT THE PETITIONERS PETITION FOR WRIT OF HABEAS CORPUS DOES NOT INDICATE THAT THE PETITIONER FILED A "MOTION TO WITHDRAW GUILTY PLEA" AND THAT THIS IMPLIES THAT THE PETITIONERS SENTENCE WAS NOT UNCONTEMPLATED BY HIS PLEA OF GUILTY.

6. THE PETITIONER ARGUES THAT, THE RECORD CLEARLY SHOWS THAT THE PETITIONER CLEARLY FILED A "MOTION TO WITHDRAW GUILTY PLEA" SEE PETITIONER'S EXHIBIT E (PAGE 2 OF THE CASE ACTION SUMMARY SHEET)

7. THE RESPONDENT NEXT CONTENDS IN IT'S "SECOND SUPPLEMENTAL ANSWER" DATED FEBRUARY 20, 2008 THAT THE LACK OF ALABAMA HABITUAL FELONY OFFENDER ACT (NOTICE) IS NOT A JURISDICTIONAL ISSUE, AND THAT IT HAS TO BE TIMELY RAISED IN ORDER NOT TO BE WAIVED.

8. THE PETITIONER ARGUES THAT "EXCESSIVE SENTENCES" OR "SENTENCE

2

NOT AUTHORIZED BY STATUTE" ARE IN DEED JURISDICTIONAL AND NOT SUBJECT TO WAIVER SEE THE AUTHORITY OF JONES V. STATE  724 so 2d 75 (ALA. CRIM. APP.)

9. THE RESPONDENT NEXT CONTENDS IN IT'S "SECOND SUPPLEMENTAL ANSWER" DATED FEBRUARY 20, 2008 THAT A "MOTION TO WITHDRAW GUILTY PLEA" IS THE FUNCTIONAL EQUIVALENT OF A "MOTION FOR NEW TRIAL"

10. THE PETITIONER ARGUES THAT THE RECORD CLEARLY SHOWS THAT THE PETITIONER FILED A "MOTION TO WITHDRAW GUILTY PLEA" SEE PETITIONER'S EXHIBIT E PAGE 2 OF THE CASE ACTION SUMMARY SHEET)

11. THE RESPONDENT IN IT'S FEBRUARY 20, 2008 "SECOND SUPPLEMENTAL ANSWER" SUGGESTS TO THIS HONORABLE COURT THAT THE PETITIONER IS ATTEMPTING TO RAISE "NOTICE" AS OPPOSED TO HIS "UNAUTHORIZED SENTENCE" CLAIM

12. THE PETITIONER ARGUES THAT THIS TACTIC BY THE RESPONDENT IS AN ATTEMPT TO "MISLEAD" THIS HONORABLE COURT, AS SUCH, THE PETITIONER REQUEST THAT THIS COURT ENTER A ORDER DIRECTING THE RESPONDENT TO ONE AGAIN "SUPPLEMENT" IT'S ANSWER AND "SUPPLEMENT" IT'S EXHIBITS WITH DOCUMENTS IT RELIED UPON AT THE PETITIONERS FORMAL SENTENCING HEARING HELD ON MAY 12, 2005 TO ENHANCE THE PETITIONERS SENTENCE TO THIRTY(30) YERAS IMPRISONMENT.

13. THE RESPONDENT NEXT IN IT"S "SECOND SUPPLEMENTAL ANSWER" DATED FEBRUARY 20, 2008 ATTACHES A "STATES EXHIBIT 7" TO IT'S RESPONSE, IN AN ATTEMPT TO SHOW THIS COURT THAT THE STATE OF ALABAMA GAVE NOTICE TO THE PETITIONER OF IT'S INTENT TO USE PRIOR

3

FELONY CONVICTIONS AND TO INVOKE SENTENCING ENHANCEMENTS

14. THE PETITIONER ARGUES THAT, THE RESPONDENT CLEARLY STATES ON PAGE 3 OF IT'S "SECOND SUPPLEMENTAL ANSWER" DATED FEBRUARY 20, 2008 THAT IT'S "STATES EXHIBIT 7" WAS A COPY OF THE NOTICE OF PRIOR FELONY CONVICTIONS PROVIDED TO THE PETITIONER PRIOR TO THE ENTRY OF THE PETITIONER'S GUILTY PLEA

15. THE PETITIONER ARGUES THAT, CLEARLY THIS "STATES EXHIBIT 7" FIRST, HAS NEVER BEEN PRODUCED BY THE STATE COURT IN IT'S RESPONSE TO THE PETITIONERS RULE 32 PETITION, SECOND, HAS NEVER BEEN PRODUCED BY THE RESPONDENT IN IT'S ANSWER OR ANY OF IT'S "SUPPLE- MENATL ANSWERS, AND IS IN CLEAR VIOLATION OF THIS HONORABLE COURTS ORDER DATED FEBRUARY 5, 2008 IN WHICH THIS HONORABLE COURT DIRECTED THE RESPONDENT TO FILE A "SUPPLEMENTAL ANSWER" "SUPPORTED BY RELEVANT STATE COURT RECORDS ADDRESSING THE PETITIONERS CHALLENGE TO HIS SENTENCE"

16. THE RESPONDENTS "STATES EXHIBIT 7" IS CLEARLY USED TO MISLEAD THIS HONORABLE COURT, IS NOT RELEVANT TO STATE COURT RECORDS, WHICH CLEARLY ADDRESSES THE PETITIONER'S CHALLENGE TO HIS SENTENCE.

17. THE PETITIONER ASK THAT THIS HONORABLE COURT DIRECT THE RESPONDENT TO "SUPPLEMENT" IT'S ANSWER AND "SUPPLEMENT" IT'S EXHIBITS WITH A CERTIFIED COPY OF THE ACTUAL MINUTES OF THE FORMAL SENTENCING HEARING HELD ON MAY 12, 2005 THE EXHIBIT OF THE ACTUAL SENTENCING HEARING WILL FINALLY PUT TO REST ALL FURTHER MISLEADING ALLEGATIONS OF THE RESPONDENT, AND TO FORMALLY

SHOW THIS HONORABLE COURT, THAT THE STATE OF ALABAMA CLEARLY RELIED UPON THE "PRESENTENCE INVESTIGATION REPORT" TO SUPPLY THE PETITIONER WITH THE PRIOR FELONY CONVICTION IT WAS USING TO ENHANCE THE PETITIONER'S SENTENCE TO THIRTY (30) YEARS IMPRISONMENT.

DONE THIS THE 25 DAY OF FEBRUARY 2008

RESPECTFULLY SUBMITTED

CLARENCE WATERS
AIS# 132116
WILLIAM E. DONALDSON CORRECTIONAL FACI
100 WARRIOR LANE
BESSEMER, ALABAMA   35023-7299

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I HAVE SERVED A COPY OF THE ABOVE AND FOREGOING UPON THE FOLLOWING BY PLACING A COPY IN THE UNITED STATES MAIL POSTAGE PREPAID AND PROPERLY ADDRESSED THIS THE ____ DAY OF FEBRUARY 2008 AS FOLLOWS

CC: HONORABLE STEPHEN N. DODD
    ASSISTANT ATTORNEY GENERAL
    STATE OF ALABAMA
    OFFICE OF THE ATTORNEY GENERAL
    11 SOUTH UNION STREET
    MONTGOMERY, ALABAMA   36130

RESPECTFULLY SUBMITTED

CLARENCE WATERS
AIS# 132116
WILLIAM E. DONALDSON CORRECTIONAL FACI
100 WARRIOR LANE
BESSEMER, ALABAMA   35023-7299

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| CLARENCE WATERS,<br>    Petitioner, | )<br>)<br>) |
| v. | )   Case No: CC 05-0275 |
| STATE OF ALABAMA,<br>    Respondent. | )<br>)<br>) |

### STATE'S ANSWER TO PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

Comes now the State of Alabama, by and through its District Attorney for the Fifteenth Judicial Circuit, Eleanor I. Brooks, and responds to the "Petition for Relief From Conviction or Sentence" filed with this Honorable Court by the above named Defendant. The State respectfully requests this Honorable Court to dismiss the Defendant's petition, and as grounds therefore would show:

### PROCEDURAL HISTORY

1. The Petitioner was indicted by the Montgomery County Grand Jury on or about February 18, 2005 for one count of Stalking.

2. The Petitioner entered a guilty plea on or about March 24, 2005. On May 12, 2005, the Petitioner was sentenced under the Habitual Felony Offender Act to 30 years imprisonment, as the Petitioner had two prior felony convictions.

3. Petitioner's motion to withdraw his guilty plea was denied after full hearing on July 14, 2005.

4. The Petitioner then filed this Rule 32 Petition, the Petitioner's first Rule 32 Petition, on August 10, 2005.

## BURDEN OF PROOF

Rule 32.6(b) Ala. R. Crim. P., requires that the petition contain a "clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings." Ala. R. Crim. P. 32.6(b). The petition must support every element of the claim with factual allegations. Dean v. State, 570 S.2d 890 (Ala. Crim. App. 1990). When a petitioner fails to offer a set of facts upon which relief may be sought, the Court may dismiss the petition. See Lockett v. State, 644 S.2d 34 (Ala. 1994). The Petitioner failed to meet this burden, thus he is not entitled to an evidentiary hearing on these claims.

## ARGUMENT

1. **The Petitioner's claim that the Petitioner's indictment is void because it fails to show that twelve people voted to indict is without merit and is due to be summarily dismissed.**

The signature of the grand jury foreman signifies the concurrence of twelve or more grand jurors. See Rule 12.8, Ala. R. Crim. P. Here, the Petitioner merely challenges the face of the indictment because of the absence of an express recitation that twelve or more grand jurors concurred in the indictment. The Petitioner fails to plead the actual fact of non-concurrence of 12 or more grand jurors. No rule or other law requires such a recitation on an indictment. See Ex parte James, 813 S.2d 841, 842 (Ala. 2001)(J. Johnstone concurring specially). The Petitioner has failed to state a recognizable claim. See Rule 32.3, Ala. R. Crim. P. Rule 32.7(d), Ala. R. Crim. P., states that if the court determines that the petition is not sufficiently specific, or it fails to state a claim, or no material issue of law exists which would entitle the Petitioner to relief under the rule, the court may dismiss the petition. Therefore, the Petitioner's claim is due to be summarily dismissed.

2. **The Petitioner's claim that his Rule 32 should be granted because his motion to withdraw his guilty plea should have been granted is improperly brought here in this Rule 32 and is an issue for the Alabama Court of Criminal Appeals. Further, the claim is utterly without merit.**

2

The Petitioner alleges that his guilty plea was not valid and his motion to withdraw said plea should have been granted. On March 24, 2005 the Petitioner pled guilty to Stalking and admitted to his offense in open court after being advised of his rights and signing the plea form. The Honorable Tracy McCooey took the plea and during the plea colloquy went over the Petitioner's rights in detail and proceeded to question him regarding his guilt. The plea was held to be knowing, voluntary, and intelligent. On July 14, 2005 a hearing was held on defendant's motion to withdraw his plea. This motion was denied. The Petitioner has recourse to appeal that decision to the Alabama Court of Criminal Appeals, however, a Rule 32 petition is not the proper mechanism for doing this and it is due to be summarily dismissed. The case Petitioner cites is a fine example of mental gymnastics but is not supportive of his claim but rather deals with "conditional" guilty pleas. The Petitioner's claims of coercion by his attorney were raised *ad nauseam* during his hearing on the motion to withdraw the plea and the trial judge found there to be no evidence of this claim. The Petitioner's also claims that he would have taken his chances with a jury had he known that he was not going to get probation. This also was covered in the hearing of July 14, 2005. The Petitioner understood during his original plea that there was no plea agreement with the State of Alabama and that sentencing was totally up to the Honorable Tracy McCooey. He, under oath, stated that no one had promised him any sentence in order to induce his guilty plea. It also perhaps betrays an ignorance of the laws of the State of Alabama in that perhaps Petitioner is under the impression that a jury, after finding him guilty, which he most certainly is, would have imposed a lesser sentence than that which he received on May 12, 2005. This is not the case as the jury would not have sentenced the Petitioner.

**3.    Petitioner's claim he was denied affective assistance of counsel is without merit and offers nothing by way of proof save bald assertions.**

To prevail on a claim of ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that he was prejudiced by that deficient performance. Strickland v. Washington, 466 U.S. 668 (1984). When the Court is reviewing a claim of ineffective assistance of counsel, it must indulge a strong presumption that counsel's conduct was appropriate and reasonable. In Strickland, the United States Supreme Court said,

3

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act, or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct fall within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.

Strickland, 466 U.S. at 689 (internal citations omitted). "Counsel's conduct must be considered within the context of the facts of the particular case and as of the time of the alleged misconduct." Ex parte Baldwin, 456 S.2d 129, 134 (Ala. 1984), aff'd, 472 U.S. 373 (1985).

Even if deficient performance is proved, a showing of prejudice is also required. A claimant must show that "but for" counsel's deficient performance the results of the proceedings would have been different. Howard v. State, 551 S.2d 1155, 1158 (Ala. Crim. App. 1989). Prejudice is proved only when there "exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Burnett v. State, 651 S.2d 57, 58 (Ala. Crim. App. 1994); citing Strickland, 466 U.S. at 694. To prove prejudice, the alleged errors of counsel must upset the adversarial balance between defense and prosecution so much so that the outcome of the case is rendered unfair. See Lockhart v. Fretwell, 506 U.S. 364, 369 (1993) (citing Kimmelan v. Morrison, 477 U.S. 365, 374 (1986)).

The Petitioner has failed to satisfy the two-prong test set out in Strickland. First, the Petitioner has failed to prove deficient performance. The Petitioner was represented by a competent attorney who ably and zealously represented the Petitioner. The Petitioner's attorney, the Honorable Raymond Johnson, denied each and every claim of the Petitioner that he was denied effective assistance of counsel during the hearing on Petitioner's Motion to Withdraw Guilty Plea.

Second, the Petitioner has failed to establish that he was prejudiced by the alleged ineffective assistance of counsel. The Petitioner's statements of "Absolutely!" in response to his rhetorical question as to whether he was denied effective assistance of counsel does not rise to the legal standard required by <u>Strickland</u>. Nor do his assertions that the Honorable Tiernan W. Luck III "cashed in" on his constitutional rights or that his plea was "blind" or that he was a victim of "false pretenses" of a deal with the District Attorney. Not to mention the glaring logical inconsistency contained in his fanciful argument that raises the question of how one can enter into a blind plea with a deal for a suspended sentence a and probation at the same time. Therefore, as the Petitioner has failed to prove both prongs of the <u>Strickland</u> test, he has failed to prove ineffective assistance of counsel and his claims should be denied.

4. **The Petitioner's claim that the Court was without jurisdiction to render the judgment or to impose the sentence is without merit, and is due to be denied.**

The Petitioner only presents bare allegations with no evidence to support these allegations. A bare allegation that a constitutional right has been violated is not sufficient to warrant any relief requested by the Petitioner. <u>Ala. R. Crim. P.</u>, Rule 32.6(b). The petition must support every element of the claim with factual allegations. <u>Dean v. State</u>, 570 S.2d 890. Since the Petitioner has failed to offer a set of facts upon which relief may be sought, the Court may dismiss the petition. See <u>Lockett v. State</u>, 644 S.2d. 34.

While the Petitioner has checked the ground that the court was without jurisdiction to render the judgment on his Rule 32 form, he has presented no evidence in his attached statement. Therefore, the Petitioner has failed to sufficiently plead this claim and it is due to be denied.

For the above reasons, this Petition is without merit and the Petitioner is not entitled to the relief requested. Therefore, the State of Alabama moves this Honorable Court dismiss the Petitioner's Rule 32 petition and deny any and all relief requested.

Respectfully submitted on this the 19 day of September 2005.

ELEANOR I. BROOKS
DISTRICT ATTORNEY

By: _____
Matthew D. Shaddrix (SHA-067)
Deputy District Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing has been served upon the Petitioner Clarence Waters, AIS# 132116, PO Box 150, Mt. Meigs, AL 36057-0150, served also to Kilby Correctional Facility, PO Box 4599, Montgomery, AL 36103-4599 by U.S. Mail, postage prepaid and properly addressed, this the 19 day of September 2005.

ELEANOR I. BROOKS
DISTRICT ATTORNEY

_____
Matthew D. Shaddrix (SHA-067)
Deputy District Attorney

```
ACRC372                ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 2005 000275.
OPER: DBH                      CASE ACTION SUMMARY
PAGE:   1                       CIRCUIT   CRIMINAL              RUN DATE: 02/23/20
================================================================================
IN THE CIRCUIT COURT OF MONTGOMERY                                      JUDGE: T

STATE  OF  ALABAMA                   VS     WATERS CLARENCE
                                            257 CRENSHAW ROAD
CASE: CC 2005 000275.00
                                            GREENVILLE, AL  36037 0000

DOB: 11/10/1955        SEX: M  RACE: B  HT: 6 02  WT: 215   HR: BLK EYES: BR
SSN: 424782161  ALIAS NAMES: CARTER CLARENCE
================================================================================
CHARGE01: STALKING          CODE01: STAL  LIT: STALKING           TYP: F #: 00
OFFENSE DATE: 10/28/2004            AGENCY/OFFICER: 0030100

DATE WAR/CAP ISS:                   DATE ARRESTED: 11/02/2004
DATE    INDICTED: 02/18/2005        DATE    FILED: 02/23/2005
DATE    RELEASED:                   DATE  HEARING:
BOND      AMOUNT:    $100,000.00        SURETIES:

DATE 1:              DESC:              TIME: 0000
DATE 2: 03/08/2005   DESC: ARRG          TIME: 0200 P

TRACKING NOS: GJ 2005 020201 00    /                    /

    DEF/ATY: JOHNSON RAYMOND E          TYPE: R                     TYPE:
             640 S. MCDONOUGH ST.

             MONTGOMERY    AL  36104                                00000

PROSECUTOR:
                                                                April 18
================================================================================
OTH CSE: GJ2005020201 00 CHK/TICKET NO: 2004F-1879      GRAND JURY: 201
COURT REPORTER: ——————————— SID NO:     000697964
DEF STATUS: JAIL              DEMAND:                          OPER: DBH
================================================================================
DATE          ACTIONS, JUDGEMENTS, AND NOTES
================================================================================
```

| Date | Action |
|---|---|
| 3/8/05 | Def. appeared for arraignment. A Status Conf. is set for April 14, 2005 @ 8:00 a.m. Trial shall be conducted on April 18, 2005 @ 9:00 a.m. |

CC-05-275

| State of Alabama<br>Unified Judicial System<br>Rev. 8/01 | CASE ACTION SUMMARY<br>CONTINUATION | Case Number<br>CC-04-311 |
|---|---|---|

Style:

**CITY OF MONTGOMERY v.** Clarence Walker

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|
| 2-28-05 | Bond hearing - Court reduced bond to $30,000 — Def. to stay away from victim. Line is Dukeville at work full time. |
| 7-14-05 | Court had a hearing on def's motion to withdraw guilty plea. Court denied motion. |

```
ACR0369  ALABAMA  JUDICIAL  INFORMATION  CENTE
                CASE ACTION SUMMARY
                   CONTINUATION         CASE: CC 2005 000275.
                                        JUDGE ID: TSM
STATE OF ALABAMA              VS    WATERS CLARENCE
  DATE          ACTION, JUDGMENTS, CASE NOTES
```

| Date | Action |
|---|---|
| 05/01/05 | Motion to Withdraw Guilty Plea |
| 18 may 05 | Denied ∆'s Motion to reconsider sentence |
| 7 Jun 05 | Granted Raymond Johnson's Motion to withdraw |
| 6-16-05 | Conf. at [illegible] hearing for June 23rd at 8:W [illegible] |
| 6/23/05 | Hearing was Cont'd to July 14, 2005 @ 8:00 a.m. TM |
| 7-21-05 | Notice of Appeal + Motion To Appt. Atty (no form) |
| 7-28-05 | Clerk's Notice of Appeal to Crim App, AG, DA, Ct. Reptr., + Def. (forms mailed to Def.) |
| 08/02/05 | Order appointing Debra Palmer as appellate counsel |
| 08/24/05 | Cert. of Final Judgment of Dismissal |

Mr. Clarence Waters
AIS# 132116 X-6-A
William E. Donaldson Correctional Facility
100 Warrior Lane
Bessemer, Alabama 35023-7299

2:06-cv-650-MEF

Office of the Clerk
United States District Court
For the Middle District of Alabama
P.O. Box 711
Montgomery, Alabama 36101-0711

"This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication."
William E. Donaldson
Date