IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CLARENCE WATERS, ) | |
| AIS #132116, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 2:06-CV-650-MEF |
| ) | [WO] |
| ) | |
| KENNETH JONES, et al., ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION AND PROCEDURAL HISTORY**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Clarence Waters ["Waters"], a state inmate, on July 18, 2006. In this petition, Waters challenges a conviction for stalking imposed upon him by the Circuit Court of Montgomery County, Alabama pursuant to his guilty plea on March 24, 2005.[1] The trial court sentenced Waters on May 12, 2005 as a habitual felony offender to thirty years' imprisonment for this conviction.

Waters filed a direct appeal of his stalking conviction, which the Alabama Court of Criminal Appeals dismissed by memorandum opinion on August 24, 2005. *Waters v. State*,

---

[1] "A person who intentionally and repeatedly follows or harasses another person and who makes a credible threat, either expressed or implied, with the intent to place that person in reasonable fear of death or serious bodily harm is guilty of the crime of stalking." *Ala. Code* § 13A-6-90(a).

945 So.2d 1110 (Ala.Crim.App. 2005) (Table). The evidentiary materials filed by the parties indicate that Waters did not further pursue the appeal of his conviction.

In December of 2005, Waters filed a state post-conviction petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure with the Circuit Court of Montgomery County, Alabama in which he challenged the sufficiency of the indictment and the constitutionality of the sentence imposed upon him.² Specifically, Waters argued that the trial court lacked jurisdiction to render judgment and/or impose sentence because the indictment failed to properly charge the offense of stalking as defined by *Ala. Code* § 13A-6-90 in that the indictment "uses the term ('that person') in relation to the victim's name" rather than stating the victim's name with respect "to ('and made a credible threat either expressed or implied, with the intent to place the victim ('Caroline Nolen') in reasonable fear of death or serious bodily harm')[.]" *Respondents' Exhibit 1 - Petitioner's Grounds of Rule 32 Petition - Court Doc. No. 14-2 at 16.*

On January 9, 2006, the Circuit Court of Montgomery County entered the following order denying Waters' Rule 32 petition.

    1.  The Petitioner's claim that the Petitioner's indictment is void

---

²The indictment reads, in pertinent part, as follows:
Clarence Waters, alias Clarence Carter, alias Slim Carter, alias whose name is otherwise unknown to the grand jury, did intentionally and repeatedly follow or harass another person, Carolyn Nolen, and made a credible threat, either expressed or implied, with the intent to place that person in reasonable fear of death or serious bodily harm, in violation of section 13-A-6-90 of the Code of Alabama....
*Petitioner's Exhibit A - Court Doc. No. 1-2*; *Respondents' Exhibit 1 - Court Doc. No. 14-2 at 19.*

> because it fails to properly charge the crime of stalking is without merit and is summarily dismissed. The Indictment clearly includes all the language required by Alabama Law. The Petitioner has failed to state a recognizable claim [in accordance with the requisite provisions of Rule 32.3]. Rule 32.7(d), Ala.R.Crim.P., states that if the court determines that the petition is not sufficiently specific, or it fails to state a claim, or no material issue of law exists which would entitle the Petitioner to relief under the rule, the court may dismiss the petition. Therefore, the Petitioner's claim is summarily dismissed.
>
> 2. The Petitioner's claim that the Court was without jurisdiction to render the judgment or to impose the sentence is without merit, and is also denied. The Petitioner only presents bare allegations with no evidence to support these allegations. A bare allegation that a constitutional right has been violated is not sufficient to warrant any relief requested by the Petitioner. Ala.R.Crim.P., Rule 32.6(b). The petition must support every element of the claim with factual allegations. Dean v. State, 570 So.2d 890. Since the Petitioner has failed to offer a set of facts upon which relief may be sought, the Court may dismiss the petition. See Lockett v. State, 644 So.2d 34. While the Petitioner has checked the ground that the court was without jurisdiction to render the judgment on his Rule 32 form, he has presented no evidence in his attached statement. Therefore, the Petitioner has failed to sufficiently plead this claim and it is therefore denied.
>
> Having fully considered the above issues, it is hereby ORDERED, ADJUDGED, AND DECREED that any relief request by the above named defendant pursuant to the Rule 32 Petition now before the Court is DENIED and the petition is DISMISSED.

*Respondents' Exhibit 1 - Court Doc. No. 14-2 at 29-30.*

Waters appealed the trial court's denial of his Rule 32 petition, again challenging the sufficiency of the indictment and his sentence as a habitual offender. *Respondents' Exhibit 2 - Court Doc. No. 14-3 -- Petitioner's Brief on Appeal from Denial of Rule 32 Petition.* The Alabama Court of Criminal Appeals issued a memorandum opinion on April 14, 2006 affirming the trial court's decision to deny post-conviction relief. *Respondents'*

3

*Exhibit 5 - Court Doc. No. 14-6*. The portion of this opinion relevant to the instant case reads as follows:

> I.
>
> Waters raises two claims regarding his indictment. Section 13A-6-90(a), Ala. Code 1975 states, in pertinent part:
>
>> "A person who intentionally and repeatedly follows or harasses another person and who makes a credible threat, either expressed on implied, with the intent to place that person in reasonable fear of death or serious bodily harm is guilty of the crime of stalking."
>
> Waters's indictment states, in pertinent part:
>
>> "The Grand Jury of Montgomery County charge that, before the finding of this indictment, Clarence Waters, alias; Clarence Carter, alias, Slim Carter, alias; whose name is otherwise unknown to the grand jury, did intentionally and repeatedly follow or harass another person, Carolyn Nolen, and made a credible threat, either expressed or implied, with the intent to place that person in reasonable fear of death or serious bodily harm, in violation of Section 13A-6-90 of the Code of Alabama, against the peace and dignity of the State of Alabama."
>
> An indictment that tracks the language of the statute is sufficient if the statute prescribes with definiteness the elements of the offense. <u>Ex parte Allred</u>, 393 So.2d 1030 (Ala. 1980). Here, the indictment tracked the language of § 13A-6-90, Ala. Code 1975, including the relevant elements. Accordingly, the indictment was not void or otherwise defective. See <u>Herrero v. State</u>, 628 So.2d 1053, 1055 (Ala.Crim.App. 1993) (escape indictment that traced the language of [statute] was sufficient). Thus, the circuit court correctly denied relief based on this claim....
>
> II.
>
> Waters also asserts that his sentence was excessive. The record reveals that Waters was sentenced as an habitual felony offender with two prior felony convictions to 30 years' imprisonment.... Section 13A-5-9(b)(2), Ala. Code 1975 mandates Waters's sentence to be for life or not more than 99 years or less than 10 years. As such, a sentence of 30 years' imprisonment is well within the range provided by § 13A-5-9(b)(2), Ala. Code 1975. Thus, this claim is without merit.

> III.
> Rule 32.7(d), Ala.R.Crim.P., authorizes the trial court to summarily dismiss a petitioner's Rule 32 petition:
>> "[i]f the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings, the court may ... dismiss the petition...."
>
> .... As discussed above, Waters claims were without merit. Thus, summary disposition was appropriate.
> Based on the foregoing, the judgment of the trial court is affirmed.

*Respondents' Exhibit 5 - Court Doc. No. 14-6* at 2-4 (citations to record and cases omitted).

The Alabama Court of Criminal Appeals overruled Waters' application for rehearing on April 28, 2006. *Respondents' Exhibit 5.2 - Court Doc. No. 23-3*. Waters filed a petition for writ of certiorari, which the Alabama Supreme Court denied on June 9, 2006. *Respondents' Exhibit 5.4 - Court Doc. No. 23-5*.

Waters filed this 28 U.S.C. § 2254 petition on July 18, 2006 in which he asserts that the trial court lacked jurisdiction to render judgment and impose sentence because:

> 1. The indictment fails to charge the offense of stalking as the "indictment clearly states that the Petitioner '<u>Did intentionally and repeatedly follow or harass another person, to wit, Caroline Nolen</u>'... [but] fails to name the person, the Petitioner was suppose to have '<u>Made a credible threat, either expressed or implied, with the intent to place the named person in reasonable fear of death or serious bodily harm</u>')." *Petitioner's Grounds of Habeas Petition* at 3, 5 - *Court Doc. No. 1* at 11, 13.

5

>    2. "The trial court [improperly] relied only upon the 'Presentence Investigation Report' which listed two (2) prior felony convictions" as the sole notice and proof of the specific prior convictions on which the State relied for purposes of enhancing petitioner's sentence under the Habitual Felony Offender Act. *Petitioner's Grounds of Habeas Petition* at 5 - Court Doc. No. 1 at 13. "The Petitioner ... was highly prejudice by the trial court's reliance upon the presentence investigation report to enhance the Petitioner's sentence to thirty (30) years imprisonment." *Id*. at 14.

In their answers to the petition, the respondents argue that Waters' claims are without merit. The record in this case likewise establishes that the Alabama Court of Criminal Appeals adjudicated these claims on the merits adversely to the petitioner.

Upon review of the § 2254 petition, the answers of the respondents, Waters' responses to the answers, the undisputed record in this case and the opinions issued by the state courts, this court determines that no evidentiary hearing is required, Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and concludes that the petition is due to be denied.

## II. DISCUSSION

### A. Adjudication of Indictment Claim by the State Courts

The instant petition for federal habeas relief is governed by 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act. "A habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal

court unless he meets the requirements of 28 U.S.C. § 2254(d)." *Price v. Vincent*, 538 U.S. 634, 638, 123 S.Ct. 1848, 1852 (2003); *Williams v. Taylor*, 529 U.S. 362, 402, 120 S.Ct. 1495, 1518 (2000). Under the requisite provisions of 28 U.S.C. § 2254(d), with respect to a claim adjudicated on the merits in state court, federal habeas relief from a state court judgment may not be granted unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams*, the Supreme Court held:

> Under the "contrary to" clause a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. at 412-413, 120 S.Ct. at 1523.

The Court subsequently explained that habeas relief is appropriate when a petitioner demonstrates "that a decision by a state court is 'contrary to' ... clearly established [Supreme Court] law if it 'applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or if it 'confronts a set of facts that are materially indistinguishable

from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.' *Williams v. Taylor*, 529 U.S. 362, 405-406, 120 S.Ct. 1495, 146 L.Ed. 2d 389 (2000)." *Price*, 538 U.S. at 640, 123 S.Ct. at 1853 (2003). Additionally, federal review in a habeas action "is limited to whether the state court's decision was objectively unreasonable in the light of clearly established federal law. *Williams*, [529 U.S. at 409],120 S.Ct. at 1521." *Hawkins v. Alabama*, 318 F.3d 1302, 1310 (11th Cir. 2003); *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001), citing *Williams*, *supra* ("[F]ederal habeas relief [is] available under the 'unreasonable application' standard only if the state court's application of clearly established federal law was 'objectively unreasonable.'"). Thus, a federal court is not to decide "the correctness *per se* ... of the state court decision" but only the "objective reasonableness" of such decision. *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001). Moreover, "an ***unreasonable*** application of federal law is different from an ***incorrect*** application of federal law." *Williams v. Taylor*, 529 U.S. at 410, 120 S.Ct. at 1522 (emphasis in original). "Under § 2254(d)(1)'s 'unreasonable application' clause, ... a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." 529 U.S. at 411, 120 S.Ct. at 1522.

Federal district courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). However, even when the state court addresses a question of law, this court is not authorized "to evaluate [a petitioner's] claim *de novo* rather than through the lens of § 2254(d)." *Price*, 538 U.S. at 639, 123 S.Ct. at 1852. The Supreme Court admonishes that such *de novo* evaluation "exceeds the limits imposed on federal habeas review by 28 U.S.C. § 2254(d)...." 538 U.S. at 636, 123 S.Ct. at 1851.

Waters maintains that the trial court lacked jurisdiction to impose sentence and render judgment because the indictment fails to charge the offense of stalking as it does not adequately inform him of the person to whom he made a credible threat with the intent to place that person in reasonable fear of death or serious bodily harm.

A federal district court's review of a claim attacking the sufficiency of an indictment is limited to considering the adequacy of the notice afforded a petitioner through the state procedures. The Due Process Clause of the Fourteenth Amendment requires that whatever charging method the State chooses to employ, it must give the criminal defendant fair notice of the charge against him to permit adequate preparation of his defense. *Jackson v. Virginia,* 443 U.S. 307, 314 (1979); *Faretta v. California,* 422 U.S. 806, 818 (1975). However, "[t]he sufficiency of a state indictment is an issue on federal habeas corpus only if the indictment was so deficient that the convicting court was deprived of jurisdiction.

9

*DeBenedictis v. Wainwright,* 674 F.2d 841 (11th Cir.1982)." *Heath v. Jones*, 863 F.2d 815, 821 (11th Cir. 1989); *Branch v. Estelle,* 631 F.2d 1229, 1233 (5th Cir. 1980) ("[T]he sufficiency of a state indictment is not a matter for federal habeas corpus relief unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction.").

A review of the indictment issued against Waters demonstrates that it tracked the language of the state statute, incorporated all elements of the offense of stalking and named the victim of such offense. Thus, the indictment was not fatally defective as it provided Waters sufficient notice of the charge lodged against him so as to allow preparation of an adequate defense, and, therefore, "the state trial court was not deprived of jurisdiction." *Heath*, 863 F.2d at 821. The Circuit Court of Montgomery County deemed this claim "without merit....", *Respondents' Exhibit 1 - Court Doc. No. 14-2* at 29, and the Alabama Court of Criminal Appeals also denied relief on this claim, finding the indictment sufficient to charge the offense of stalking. *Respondents' Exhibit 5 - Court Doc. No. 14-6* at 2-3. The court concludes that the appellate court did not decide Waters' challenge to the validity of the indictment "differently than [the Supreme] Court has [in a case based] on a set a of materially indistinguishable facts" nor did the state appellate court apply a rule that contradicts governing federal law. *Williams v. Taylor*, 529 U.S. at 413, 120 S.Ct. at 1523. Consequently, the rejection of this claim by the Alabama Court of Criminal Appeals was not contrary to actual Supreme Court decisions. Further, a thorough review of the evidentiary materials submitted in this case establishes that the state court's denial of

10

Waters' claims attacking his indictment was objectively reasonable. The decision issued by the Alabama Court of Criminal Appeals also constituted a reasonable determination of the facts in light of the evidence presented by the parties. Thus, Waters is not entitled to relief from this court on any claim challenging the sufficiency of the indictment issued against him for stalking as the state court properly adjudicated this claim on the merits.

### B. Sentence Enhancement Claim - Violation of State Law

Waters argues the trial court violated state law when it relied solely on the pre-sentence investigation report as both notice and proof of the specific prior convictions on which the court relied for purposes of imposing an enhanced sentence under the Habitual Felony Offender Act, *Ala. Code* § 13A-5-9, *et seq*. He argues that such action resulted in sentence not authorized by state law. This contention does not present a claim upon which federal habeas relief can be granted as it involves the state court's application of state law. *Beverly v. Jones*, 854 F.2d 412 (11th Cir. 1988); *see also Estelle v. McGuire*, 502 U.S. 62 (1991) (a federal court has no authority to re-examine state court determinations on questions of state law).

Despite the foregoing, the court finds that the record refutes Waters' conclusory allegation of an improper sentence enhancement. Specifically, the record contains two documents entitled "Notice ... of Intent to Use Prior Convictions, Intent to Invoke Sentencing Enhancements..." which the State provided to trial counsel in January and February of 2005 and filed simultaneously with the Circuit Court of Montgomery County.

*Respondents' Exhibit 17 - Court Doc. No. 38-4* at 14-17 and *Respondents' Exhibit 17 - Court Doc. No. 38-4* at 21-23. In these notices, the State identified the prior convictions on which it intended to rely for enhancement of Waters' sentence under the Habitual Felony Offender Act. *Id.* Specifically, each notice identified prior felony convictions for first degree rape, second degree escape and car theft. Moreover, at his guilty plea proceeding, Waters stipulated to prior felony convictions for rape and escape. *Respondents' Exhibit 16 - Court Doc. No. 38-3* at 3-4 ("There are two priors [the State and defendant] stipulate to. A rape and escape."). Waters further advised the court that he did "understand" both his stipulation "to [these] two prior[]" felony convictions and the applicable sentencing range, i.e., ten years to life. *Id.* During the sentencing hearing conducted on May 12, 2005, Waters again stipulated to the existence of two prior felony convictions. *Respondents' Exhibit 9 - Court Doc. No. 32-2* at 2. These stipulations rendered Waters eligible for enhancement of his sentence as an habitual felony offender.[3] In accordance with state law, the trial court relied on the stipulated prior felony convictions to impose a sentence of thirty years imprisonment upon Waters.[4] Waters' challenge to his

---

[3]Under well settled Alabama law, when a defendant "admits prior felony convictions, they are deemed proven for purposes of § 13A-5-9, *Ala. Code* 1975." *Kaska v. State*, 740 So.2d 475, 477 (Ala.Cr.App. 1998); *Ex parte Chambers*, 522 So.2d 313 (Ala. 1987) (defendant's admission of prior felony convictions sufficient proof for purposes of sentence enhancement under the Habitual Felony Offender Act); *Whitt v. State*, 461 So.2d 29, 30 (Ala.Cr.App. 1984) (stipulation of prior felony convictions by a defendant sufficiently admits all elements necessary to prove the convictions and such stipulation relieves the State of the burden of otherwise proving the prior convictions); *Burrell v. State*, 429 So.2d 636, 640 (Ala.Cr.App. 1982) (same).

[4]Stalking is a Class C felony. *Ala. Code* § 13A-6-90(b). A person convicted of a Class C felony who "has been previously convicted of any two felonies ... must be punished ... for a Class A felony...." *Ala. Code* § 13A-5-9(b)(1). The sentence range for a Class A felony is 10 years to life. *Ala. Code* § 13A-5-6(a)(1).

sentence enhancement is therefore without merit.  Consequently, if this claim did warrant federal review, such review would not result in habeas relief for Waters.  *Williams v. Taylor*, *supra*.

In summarily dismissing Waters' Rule 32 petition, the Circuit Court of Montgomery County found the challenge to the sentence imposed meritless.  *Respondents' Exhibit 1 - Court Doc. No. 14-2* at 1.  On appeal from this decision, the Alabama Court of Criminal Appeals likewise deemed the excessive sentence claim "without merit."  *Respondents' Exhibit 5 - Court Doc. No. 14-6* at 3 ("The record reveals that Waters was sentenced as an habitual felony offender with two prior felony convictions to 30 years' imprisonment.... [Under applicable state law], a sentence of 30 years' imprisonment is well within the range provided....").  It is clear that the denial of this claim by the state courts in the Rule 32 proceedings was not contrary to or an unreasonable application of federal law nor an unreasonable determination of the facts in light of the evidence presented to the state courts.  Thus, assuming that Waters' improper sentence claim is properly before this court for determination, he is due no relief on this claim.  *Williams*, 529 U.S. at 404-405, 120 S.Ct. at 1518-1523.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief filed by Clarence Waters be DENIED.

2. This case be DISMISSED with prejudice.

It is further

ORDERED that on or before April 16, 2008 the parties may file objections to the Recommendation. Objections must specifically identify the findings in the Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in this Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to September 30, 1981.)

DONE, this 3rd day of April, 2008.

/s/ Susan Russ Walker  
SUSAN RUSS WALKER  
UNITED STATES MAGISTRATE JUDGE