IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

CLARENCE WATERS                    (

        PETITIONER         (

VS.                                ( CASE NO: 2:06-CV-650-MEF
                           (

KENNETH JONES                      (
et al                              (

        RESPONDENT         (
                           (

## PETITIONER'S WRITTEN OBJECTIONS

COMES NOW THE ABOVE STYLED PETITIONER "CLARENCE WATERS" AND FILES THIS HIS "PETITIONER'S WRITTEN OBJECTIONS" TO THE MAGISTRAT JUDGE'S RECOMMENDATION AND IN SUPPORT OF SAME THIS PETITIONERWILL SHOW UNTO THIS HONORABLE COURT THE FOLLOWING TO WIT.

1. ADJUDICATION OF INDICTMENT CLAIM BYTHE STATE COURTS

THIS HONORABLE COURT IN IT"S "RECOMMENDATION OF THE MAGISTRATE JUDGE" CONTENDS THAT A HABEAS PETITION WHOSE CLAIM WAS ADJUDICATE ON THE MERITS IN STATE COURT IS NOT ENTITLED TO RELIEF IN FEDERAL COURT UNLESS HE MEETS THE REQUIREMENTS OF "28 USC 2254 (d)" SEE PRICE V. VINCENT 538 US 634 638 123 s ct 1848 1852 (2003) SEE ALSO WILLIAMS V. TAYLOR 529 US 362 402 120 s ct 1495 1518 (2000) WITH RESPECT TO A CLAIM ADJUDICATED ON THE MERITS IN STATE COURT FEDERAL HABEAS RELIEF FROM A STATE COURT JUDGEMENT MAY NOT BE GRANTED UNLESS THE ADJUDICATION ON THE MERITS IN STATE COURT, FEDERAL HABEAS RELIEF FROM A STATE COURT JUDGEMENT MAY NOT BE GRANTED UNLESS THE ADJUDICATION OF THE CLAIM

1

(1) <u>RESULTED IN A DECISION THAT WAS CONTRARY TO, OR INVOLVED AN UNREASONABLE APPLICATION OF CLEARLY ESTABLISHED FEDERAL LAW AS DETERMINED BY THE SUPREME COURT OF THE UNITED STATES</u>

<u>OR</u>

(2) <u>RESULTED IN A DECISION THAT WAS BASED ON AN UNREASONABLE DETERMINATION OF THE FACTS IN LIGHT OF THE EVIDENCE PRESENTED IN THE STATE COURT PROCEEDING</u>

    THE PETITIONER ARGUES THAT, IT IS POSITION THAT THE STATE COURT BASED IT"S FINDINGS ON AN UNREASONABLE DETERMINATION OF THE FACTS IN LIGHT OF THE EVIDENCE PRESENTED IN THE STATE COURT PROCEEDINGS "<u>28 USC 2254 (d) (2)</u>"

    THE PETITIONER ARGUES THAT A STATE COURTS DETERMINATION OF FACT SHALL BE PRESUMED TO BE CORRECT AND THE HABEAS PETITIONER SHALL HAVE THE BURDEN OF REBUTTING THE PRESUMPTION OF CORRECTNESS BY CLEAR AND CONVINCING EVIDENCE "<u>28 USC 2254 (e) (1)</u>"

    THE PETITIONER ARGUES FURTHER THAT, THE TRIAL COURT LACKED JURISDICTION TO RENDER JUDGEMENT BECAUSE THE INDICTMENT FAILED TO CHARGE THE OFFENSE OF "<u>STALKING</u>" AS IT DOES NOT CHARGE IN THE FACE OF THE INDICTMENT THE PERSON WHOM THE PETITIONER MADE A CREADIBLE THREAT WITH INTENT TO PLACE THAT PERSON IN REASONABLE FEAR OF DEATH OR SERIOUS BODILY HARM

    THE PETITIONER ARGUES THAT, THE SUFFICIENCY OF A STATE COURT INDICTMENT IS AN ISSUE ON FEDERAL HABEAS CORPUIS ONLY IF THE INDICTMENT WAS SO DEFICIENT THAT THE CONVICTING COURT WAS DEPRIVE OF JURISDICTION <u>DEBENEDICTIS V. WAINWRIGHT</u> 674 F2d 841 (11TH CIR. 1982), <u>HEATH V. JONES</u> 863 F2d 815 821 (11TH CIR. 1989) SEE ALSO <u>BRANCH V. ESTELLE</u> 631 F2d 1229 1233 (5TH CIR. 1980)

2

THE PETITIONER ARGUES THAT THE STATE COURT CHOSE THE METHOD OF INDICTMENT AS THE CHARGING INSTRUMENT, IT CHOSE TO GIVE THE PETITIONER FAIR NOTICE OF THE CHARGES AGAINST HIM, TO PERMIT ADEQUATE PREPERATION OF THE PETITIONERS DEFENSE JACKSON V. VIRGINIA  443 US 307 314 (1979) FARETTA V. CALIFORNIA 422 US 806 818 (1975)

THE PETITIONER ARGUES THAT THE INDICTMENT ISSUED AGAINST THE PETITIONER, ALTHOUGH IT TRACKED THE LANGUAGE OF THE STATE "STALKING" STATUTE AND NAMED THE VICTIM OF SUCH OFFENSE, THIS INDICTMENT FAILED TO ALLEDGE THE NAME OF THE PERSON TO WHOM THE PETITIONER MADE A CREADIBLE THREAT WITH THE INTENT TO PLACE THAT PERSON IN REASOBALE FEAR OF DEATH OR SERIOUS BODILY HARM

THE PETITIONER ARGUES THAT THE ALABAMA COURT OF CRIMINAL APPEALS DECIDED THE PETITIONERS CHALLENGE TO THE VALIDITY OF THE INDICTMENT TOTALLY DIFFERENT THAN OUR UNITED STATES SUPREME COURT HAS, DECIDED OTHER CASES, ON A SET OF INDISTINGUISHABLE FACTS, AND CLEARLY APPLIED A FINDING THAT CONTRADICTS GOVERNING FEDERAL LAW, WILLIAMS V. TAYLOR  529 US at 413 120 s ct at 1523

THE PETITIONER ARGUES THAT THE ALABAMA COURT OF CRIMINAL APPEALS DECISION RESULTED IN A DECISION THAT WAS BASED ON AN UNREASONBALE DETERMINATION OF THE FACTS IN LIGHT OF THE EVIDENCE PRESENTED IBN THE STATE COURT PROCEEDINGS 28 USC 2254 (d) (2) PRICE V. VINCENT  538 US 634 638 123 s ct 1848 1852 (2003)

THE PETITIONER ARGUES THAT, THE "DUE PROCESS CLAUSE" OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION REQUIRES NOT ONLY MUST THE STATE GIVE A CRIMINAL DEFENDANT FAIR NOTICE OF THE CHARGESM AGAINST HIM, TO PERMIT ADEQUATE PREPERATION OF HIS DEFENSE, JACKSON V. VIRGINIA 443 US 307 314 (1979), FARETTA V. CALIFORNIA  422 US 806 818 (1975), BUT THE INDICTMENT MUST NOT BE SO DEFICIENT THAT THE CONVICTING COURT WAS DEPRIVED OF

3

JURISDICTION, HEATH V. JONES 863 F2d 815 821 (11TH CIR. 1989)

THE PETITIONER ARGUES FURTHER THAT, ALL EVIDENTIARY MATERIALS SUBMITTED BY THE PETITIONER AS WELL AS THE RESPONDENT ESTABLISHS BY CLEAR AND CONVINCING EVIDENCE THAT THE STATE COURT DENIAL OF THE PETITIONER"S INDICTYMENT CLAIM WAS CLEARLY UNREASONABLE IN RELATION TO THE FACTS AND EVIDENEE, AND THE ALABAMA COURT OF CRIMINAL APPEALS DECISION ON THE PETITIONERS INDICTMENT CLAIM CONSTITUTED A UNREASONABLE DETERMINATION OF THE FACTS IN LIGHT OF THE EVIDENCE PRESENTED IN THE STATE COURT PROCEEDINGS SEE 28 USC 2254 (d) (2)" WILLIAMS V. TAYLOR  529 US 362 402 120 s ct 1495 1518 (2000).

2. SENTENCE ENHANCEMENT CLAIM - VIOLATION OF STATE LAW

THE PETITIONER "CLARENCE WATERS" ARGUES THAT THETRIAL COURT VIOLATED HIS "DUE PROCESS" GUARANTEED BY THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION WHEN IT RELIED SOLELY UPON THE "PRESENTENCE INVESTIGATION REPORT" TO PROVE THE SPECIFIC PRIOR FELONY CONVICTIONS IT RELIED UPON FOR PURPOSSES OF ENHANCING THE PETITIONERS SENTENCE PURUSNA TO "TITLE 13A-5-9 (c) (2)" "CODE OF ALABAMA (1975)" IN VIOLATION OF EX PARTE COOPER  632 so 2d 1344 (ALA. 1994). AS SUCH, RESULTED IN A SENTENCE NOT AUTHORIZED BY LAW JONES V. STATE  724 so 2d 75 (ALA. CRIM. APP.

THE PETITIONER ARGUES FURTHER THAT, THIS HONORABLE COURT CONTENDSTHAT THIS CONTENTION BY THE PETITIONER DOES NOT PRESENT A CLAIM UPON WHGICH FEDERAL RELIEF CAN BE GRANTED AS THIS CLAIM INVOLVES THE STATE COURTS APPLICATION OF STATE LAW, BEVERLY V. JONES  854 F2d 412 (11TH CIR. 1988), ESTELLE V. McGUIRE  502 US 62 (1991), AS A FEDERAL COURT HAS NO AUTHORITY TO RE-EXAMINE STATE COURT DETERMINATIONS ON QUESTIONS OF STATE LAW.

4

THE PETITIONER ARGUES TO THE CONTRARY, THAT BY THE STATE OF ALABAMA ENHANCEMENT OF THE PETITIONER"S SENTENCE PURSUANT TO "TITLE 13A-5-9 (c) (2)" "CODE OF ALABAMA (1975)" BY RELYING SOLELY UPON THE PRESENTENCE INVESTIGATION REPORT WHICH LISTED SEVERAL PRIOR FELONY CONVICTIONS, WAS IN VIOLATION OF EX PARTE COOPER  632 so 2d 1344 (ALA. 1994).AS SUCH RESULTED IN AN SENTENC NOT AUTHORIZED BY LAW, IN VIOLATION OF JONES V. STATE  724 so 2d 75 (ALA. CRIM. APP.)  AS THE ALABAMA COURT OF CRIMINAL APPEALS HAS HELD IN THE AUTHORITY OF JONES V. STATE SUPRA   THE FOLLOWIN (" A TRIAL COURT HAS NO JURISDICTION TO IMPOSE A SENTENCE WHICH IS NOT AUTHORIZED BY LAW")   SO AGAIN TO THE CONTRARY, THIS HONORABLE COURT CAN CLEARLY FIND THAT, THE PETITIONERS SENTENCE ENHANCEMENT CLAIM PRESENTS A CLAIM UPON WHICH FEDERAL HABEAS RELIEF CAN BE GRANTED, AND THERE IS NO NEED TO RE-EXAMINE STATE COURT DETERMINATION S ON QUESTIONS OF LAW, WHICH THIS COURT HAS N NO AUTHORITY TO DO.  BECAUSE This claim does not involve the stat NOT INVOLVE THE STATE COURTS APPLICATION OF STATE LAW, SIMPLY BECAUSE EX PARTE COOPER  632 so 2d 1344 (ALA. 1994) CLEARLY INVOL VES A STATE COURTS APPLICATION OF STATE LAW WHUICH IS BINDING ON THIS HONORABLE COURTS APPLICATION OF STATE  AND IS NOT DISPUTED BY THIS HONORABLE COURT SEE THIS HONORABLE COURTS ORDER DATED FEBRUARY 5, 2008  IN WHICH THIS COURT RELIED UPON THE AUTHORITY OF EX PARTE COOPER  632 so 2d 1344 (ALA. 1994).

 THE PETITIONER ARGUES THAT, THIS HONORABLE COURT FINDS FROM THE RECORD, WHICH REFUTES THE PETITIONERS ALLEGATION OF AN IMPROPER SENTENCE ENHANCEMENT THAT THE RECORD CONTAINS TWO (2) DOCUMENTS ENTITLED "NOTICE OF INTEBNT TO USE PRIOR CONVICTIONS" "INTENT TO INVOKE SENTENCING ENHANCEMENTS" WHICH THE STATE PROVIDED TO TRIAL COUNSEL IN JANUARY AND FEBRUARY   OF 2005  AND FILED SIMULTANEOU SLY WITH THE CIRCUIT COURT OF MONTGOMERY COUNTY RESPONDENTS EXHIB

5

EXHIBIT 17   COURT DOC. NO. 38-4 AT 14-17 AND RESPONDENTS EXHIBIT 17 COURT DOC NO 38-4 AT 21-23

THE PETITIONER ARGUES THAT THIS HONORABLE COURT ALSOCONTENDS THAT THESE NOTICES, THE STATE IDENTIFIED THE PRIOR CONVICTIONS ON WHICH IT INTENDED TO RELY FOR ENHANCEMENT OF THE PETITIONERS SENTENCE UNDER THE ALABAMA HABITUAL FELONY OFFENDER ACT "TITLE 13A-5-9 (c) (2)" "CODE OF ALABAMA (1975)"   SPECIFICALLY EACH NOTICE IDENTIFIED PRIOR FELONY CONVICTIONS FOR FIRST DEGREE RAPE SECOND DEGREE ESCAPE  AND CAR THEFT

THE PETITIONER ARGUES THAT THE JANUARY AND FEBRUARY  2005 NOTICES CLEARLY PROVIDES NOTICE OF TWO (2) AND THREE (3) PRIOR FELONY CONVICTIONS IN RESPONDENTS EXHIBIT 17

THE PETITIONER ARGUES THAT, CLEARLY THE STATES NOTICES IN JANUARY AND FEBRUARY 2005 PROVIDES NOTHING BUT NOTICE TO THE PETITIONER OF THE PRIOR FELONY CONVICTIONS IT WOULD RELY UPON TO ENHANCE THE PETITIONERS SENTENCE PURSUANT TO "TITLE 13A-5-9 (c) (2)" "CODE OF ALABAMA (1975)"

THE PETITIONER ARGUES FURTHER THAT, THIS HONORABLE COURT ALSO CONTENDS THAT AT THE PETITIONERS ACTUAL GUILTY PLEA PROCEEDINGS THE PETITIONER STIPULATED TO PRIOR FELONY CONVICTIONS FOR RAPE AND ESCAPE  "RESPONDENTS EXHIBIT 16 COURT DOC. NO. 38-3 at 3-4"

THE PETITIONER ARGUES THAT THIS HONORABLE COURT ALSO CONTENDS THAT THE PETITIONER STIPULATED TO THE EXISTENCE OF TWO (2) PRIOR FELONY CONVICTIONS AGAIN "RESPONDENTS EXHIBIT 9 COURT DOC. NO 32 -2 at 2)"

THE PETITIONERARGUES THAT THIS HONORABLE COURT CONTENDS THAT THESE STIPULATIONS BY THE PETITIONER OF TWO (2) PRIOR FELONY CONVICTIONS RENDERED THE PETITIONER ELIBIBLE FOR ENHANCEMENT OF HIS SENTENCE PURSUANT TO "TITLE 13A-5-9 (c) (2)" "CODE OF ALABAMA (1975)"

6

AND AS A RESULT IN ACCORDANE WITH STATE LAW, THE TRIAL COURT RELIED ON THE STIPULATED PRIOR FELONY CONVICTIONS TO IMPOSE A ENHANCED SENTENCE PURSUANT TO "TITLE 13A-5-9 (c) (2)" "CODE OF ALABAMA (1975)" TO THIRTY (30) YEARS IMPRISONMENT.

THE PETITIONER ARGUES THAT UNDER WELL SETTLED ALABAMA LAW, WHEN A DEFENDANT ADMITS PRIOR FELONY CONVICTIONS THEY ARE DEEMED PROVE FOR PURPOSSES OF "TITLE 13A-5-9" "CODE OF ALABAMA (1975)" KASKA V. STATE  740 so 2d415 477 (ALA. CRIM. APP. 1998), SEE ALSO EX PARTE CHAMBERS  522 so 2d 313 (ALA. 1987) WHITT V. STATE 461 so 2d 2930 (ALA. CRIM. APP. 1984), BURRELLV. STATE  429 so 2d 636 640 (ALA. CRIM. APP. 1982).

THE PETITIONER ARGUES THAT THE RESPONDENTS OWN (RESPONDENTS EXHIBIT 9 PAGE 2-4)  REFUTES IT"S ARGUMENT IN HIS "ANSWER" TO THE PETITIONERS PETITION FOR WRIT OF HABEAS CORPUS, IN WHICH THE (RESPONDENTS EXHIBIT 9 PAGE 2-4)  CLEARLY SHOWS ON THEIR FACE THAT THE STATE NEVER INTRODUCED INTOEVIDENCE ANY PRIOR FELONY CONVICTIONS, WHATSOEVER, OR DID THE STATE PROVIDE THE TRIAL COURT WITH ANY PRIOR FELONY CONVICTIONS IT WAS RELYING UPON TOENHANCE THE PETITIONERS SENTENCE TOTHIRTY (30) YEARS IMPRISONMENT.

THE PETITIONER ARGUES FURTHER THAT, THERESPONDENTS OWN (RESPONDENTS STATES EXHBIT 13)  ( PHOTOCOPY OF THE MARCH 10, 2008 ORIGIN NOTE OF DEBBIE HUDSON, BUTLER COUNTY CIRCUIT COURT SPECIALIST STATING THAT THE RECORDS OF THE BUTLER COUNTY CIRCUIT COURT CONTAIN NO DOCUMENTATION  OF THE PETITIONERS 1980 SECOND DEGREE ESCAPE CONVICTION)  DISPUTES THE RESPONDENTS CONTENTIONS THROUGH OUT THIS ENTIRE LITIGATION THAT THE STATE PROVIDED THE PETITIONER WITH TWO (2) PRIOR FELONY CONVICTIONS THAT THE TRIAL COURT USBED TO ENHANCE THE PETITIONERS SENTENCE TO THIRTY (30) YEARS SEE (RESPONDEDNTS EXHIBIT ( PAGE 2-4)  AS STATES EXHIBIT 13  CLEARLY SHOEWS ON IT"S FACE THAT THE STATE OF ALABAMA OR THE TRIAL COURT

7

COULD NOT HAVE HAD TWO (2) COPIES OF PRIOR FELONY CONVICTIONS THATWERE ALLEDGEDLY USED TO ENHANCE THE PETITIONERS SENTENCE TO THIRTY (30) YEARS IMPRISONMENT AT THE ACTUAL SENTENCING HEARING HELD ON MAY 12, 2005

THE PETITIONER ARGUES THAT IN SUMMARY BY DISMISSING THE PETITIONERS RULE 32 PETITION, THE MONTGOMERY COUNTY CIRCUIT COURT FOUND THE CHALLENGE TO THE PETITIONERS SENTENCE IMPOSED WAS MERITLESS (RESPONDENTS EXHIBIT 1)

THE PETITIONER ARGUES FURTHER THAT ON APPEAL FROM THIS DECISION BY THE TRIAL COURT, THE ALABAMA COURT OF CRIMINAL APPEALS LIKEWIS DEEMED THE PETITIONER"S SENTENCE CLSAIM TO BE WITHOUT MERIT (RESPONDENTS EXHIBIT 5)

THE PETITIONER ARGUES THAT THE DENIAL OF THIS CLAIM BY THE STAT COURT IBN THE RULE 32 PETITION AS WELL AS THE ALABAMA COURT OF CRIMINAL APPEALS RESULTED INA BECISION THATWAS BASED ON AN UNREASONABLE DETERMINATION OF THE FACTS IN LIFGHT OF THE EVIDENCE PRESENTED IN THE STATE COURT PROCEEDINGS 28 USC 2254 (D) (2)

3. SILENT RECORD

THE PETITIONER "CLARENCE WATERS" ARGUES THAT IN THIS HONORABLE COURTS "RECOMMENDATION OF THE MAGISTRATE JUDGE" DATED APRIL 3, 20 THIS HONORABLE COURT INFORMED THE PETITIONER THATY ON OR BEFORE A APRIL 16, 2008 THE PARTIES MAY FILE "WRITTEN OBJECTIONS" TO THE "RECOMMENDATION OF MAGISTRATE JUDGE" AND THAT OBJECTIONS MUST SPECIFICALEE IDENTIFY THE FINDINGS IN THE RECOMMENDATION TO WHICH THE PARTIES IS OBJECTING TO.

THE PETITIONER DEEMS IT APPROPRIATE TO TOUCH ON A ARGUMENT WHIC IS NOT SPECIFICALLY IDENTIFIED IN THIS HONORABLE COURTS RECOMMEN- DATION OF THE MAGISTRATE JUDGE, DATED APRIL 3, 2008 AND WITH LEAVE OF THUIS HONORABLE COURT WILL BRIEFLY ARGUES HIS PERSPECTIV

POSITION ON "SILENT RECORD"

THE PETITIONER ARGUES THAT THIS HONORABLE COURT IN IT"S "RECOMMENDATION OF THE MAGISTRATE JUDGE" DATED APRIL 3, 2008 CONTENDWS THAT THE RECORD REFUTES THE PETITIONER"S CONCLUSIONARY ALLEGATION OF AN IMPROPER SENTENCE ENHANCEMENT, SPECIFICALLY THE RECORD CONTAINS TWO (2) DOCUMENTS ENTITLED "NOTICE OF INTENT TO USE PRIOR CONVICTIONS" AND "INTENT TO INVOKE SENTENCING ENHANCEMENTS" WHICH THE STATE PROVIDED TOTRIAL COUNSEL IN JANUARY AND FEBRUARY OF 2005 AND FILED SIMULTANEOUSLY WITH THE CIRCUIT COURT OF MONTGOMERY COUNTYALABAMA (RESPONDENTS EXHIBIT 17 AND THAT IN THESE NOTICES, THE STATE IDENTIFIED THE PRIOR FELONY CONVICTIONS ON WHICH IT INTENDED TO RELY FOR ENHANCEMENT OF THE PETITIONER"S SENTENCE UNDER THE HABITUAL FELONY OFFENDER ACT SPECIFICALLY, EACH NOTICE IDENTIFIED PRIOR FELONY CONVICTIONS FOR "RAPE 1ST DEGREE" AND"ESCAPE 2ND DEGREE" AND "THEFT OF A AUTOMOBILE" (CAR THEFT)

FURTHERMORE, THIS HONORABLE COURT CONTENDS THAT THE RECORD ALSO SHOWS THAT THE PETITIONER STIPULATED TO TWO (2) PRIOR FELONY CONVICTIONS AT THE GUILTYPLEA PROCEEDINGS (RESPONDENTS EXHIBIT 16) AND AGAIN AT THE SENTENCING HEARING (RESPONDENTS EXHIBIT 9) THIS COURT FURTHER CONTENDS THAT THE PETITIONER STIPULATED TO "FIRST DEGREE RAPE" AND "SECOND DEGREE ESCAPE" AND THAT THE RECORD CLEARLY SHOWS THIS.

THE PETITIONER ARGUES FURTHER THAT, (RESPONDENTS EXHIBIT 9) (PAGE 2-4) CLEARLY SHOWS THAT NO WHERE AT THE SENTENCING HEARING HELD ON MAY 12, 2005 DOES THE RECORD SHOW WHICH TWO OF THE THREE (3) PRIOR FELONY CONVICTIONS THE PETITIONER WAS STIPUKLATING TO, OR TO WHICH TWO (2) PRIOR FELONY CONVICTIONS THE STATE OF ALABAMA RELIED UPON TO ENHANCE THE PETITIONERS SENTENCE TO THIRTY (30) YEARS IMPRISONMENT, OR TO WHICH TWO (2)

9

PRIOR FELONY CONVICTIONS THE TRIAL COURT ACTUALLY USED TO ENHANCE THE PETITIONER"S SENTENCE TO THIRTY (30) YEARS IMPRISONMENT.

THE PETITIONER ARGUES THAT, THE RECORDS BEFORE THIS HONORABLE COURT IS (SILENT) AS TO WHICH TWO (2) PRIOR FELONY CONVICTIONS THE PETITIONER ACTUALLY STIPULATED TO, AND TO WHICH TWO (2) PRIOR FELONY CONVICTIONS THAT THE TRIAL COURT ACTUALLY USED TO ENHANCE THE PETITIONER"S SENTENCE TO THIRTY (30) YEARS IMPRISONMENT AT THE PETITIONER"S SENTENCING HEARING ON MAY 12, 2005

THE PETITIONER "CLARENCE WATERS" ARGUES THAT, ORGINALLY A JUDGEMENT ENTRY IS SAID TO IMPORT ABSOLUTE VERITY, AS COURTS OF RECORDS, SPEAK ONLY THROUGH THEIR RECORDED MINUTES, AT LEAST AS FAR AS SHOWING SUBSTANTIALLY ALL THAT WAS DONE AT THE TRIAL WHICH THE LAW REQUIRES TO BE DONE CRIST V. STATE 21 ALA. 137 NARO V. STATE 212 ALA. 5 101 so 666 EVANS V. STATE 215 ALA. 61 109 so 357

THE PETITIONER ARGUES FURTHER THAT, CONVERSELY THE SILENCE OF THE MINUTES ADMITS OF BUT ONE CONCLUSION THAT IF THE CLERK OMITS MANDATED MATTERS FROM THE RECORD THEN THEY WERE NOT DONE, SEE WALKER V. COMMONWEALTH 144 VA. 648 131 S.E 230 (6) SEE ALSO STATE V. UNDERWOOD 130 W. VA. 166 43 S.E 2d 61 WHAT IS NOT DISCLOSED BY THE RECORDS OF COURTS OF RECORDS DOES NOT LEGALLY EXISTS.

THE PETITIONER ARGUES FURTHER THAT, IN McDONALD V. CRAWFORD 28 ALA. APP. 163 180 so 130 OUR ERSTWHILE COURT OF APPEALS HELD THAT IT IS A RULE, AND THE ONLY SAFE ONE, SAYS JUDGE STONE, THAT IN JUDICIAL PROCEEDINGS NOTHING IS TO BE LEFT TO UNRECORDED MEMORY, THE RECORD MUST SPEAK BY AND FOR ITSELF, WITHOUT THE AID OF ORAL PROOF OR HUMAN RECOLLECTION (FIRST BRICKELL"S DIGEST 78-79) THE RECORD MUST BE SO COMPLETE THAT A SUCCEEDING OFFICER COMING INTO THE PLACE OF ONE BEFORE WHICH THE BUISNESS WAS

10

TRANSACTED, CANNOT REASONABLY MISTAKE WHAT WAS DONE.

THE RULE IS TO DESCRIBE THE PAGE BY IT:S DATE, AMOUNT, PARTIES OR OTHER IDENTIFYING FEATURES, AS TO LEAVE NO ROOM FOR MISTAKES IN THE TRANSCRIBING OFFICER, THE ABOVE HAS CONSISTENTLY BEEN THE RULE IN THIS STATE SINCE THAT TIME.

THE PETITIONER ARGUES THAT IT IS WELL SETTLED THAT THE RECITALS IN THE JUDGEMENT IMPORT ABSOLUTELY VERITY, UNLESS CONTRADICTED BY OTHER PORTIONS OF THE RECORD EX PARTE TANNER  219 ALA. 7 121 so 423 BURTON V. STATE  40 ALA. APP. 146 109 so 2d 311 SEE ALSO HAUN V. STATE  44 ALA. APP. 585 217 so 2d 249

THE PETITONER ARGUES THAT OUR BASIC STATUTORY COMMAND IS FOUND IN (ALABAMA CODE 1940)  "TITLE 15 § 389"  WHICH WAS CARRIED OVER INTO THE ALABAMA CODE (1975)

THE PETITIONER ARGUES THAT AMOUNG OTHER THINGS WE ARE CHARGED THAT WE, AFTER CONSIDERING ALL QUESTIONS APPARENT ON THE RECORD, MUST RENDER SUCH JUDGEMENT AS THE LAW DEMANDS ITALICS ADDED, CITI CITING JONES V. STATE  .7 ALA. APP. 419 MARCH 16, 1977)  SEE ALSO DAVIS V. STATE  348 so 2d 846 (ALA. CRIM. APP. 1977) SEE ALSO LAVENDER V. CITY OF MOBILE  527 so 2d 1339 (ALA. CRIM. APP. 1987

WHEREFORE PREMISES CONSIDERED PETITIONER MOVES THIS HONORABLE COURT TO VACATE IT"S "RECOMMENDATION OF THE MAGISTRATE JUDGE" DATED APRIL 3, 2008 AND TO ENTER A "AMENDED RECOMMENDATION OF THE MAGISTRATE JUDGE" GRANTING THE PETITIONER"S "PETITION FOR WRIT OF HABEAS CORPUS" ORDERING THAT THE PETITIONER BE GRANTED A NEW SENTENCING HEARING, IN THE MONTGOMERY COUNTY CIRCUIT COURT WITHOUT THE USE OF ANY PRIOR FELONY CONVICTIONS FOR ENHANCEMENT PURPOSSES AND TO FURTHER ORDER THAT THE PETITIONER RECEIVE A SENTENCE WHICH IS APPROPRISATE UNDER THE LAWS OF THIS STATE AS TOTHE CHARGE HE WAS CONVICTED OF THEREIN IN THE CIRCUIT COURT OF MONTGOMERY COUNTYALABAMA

DONE THIS THE 14th DAY OF APRIL 2008

RESPECTFULLY SUBMITTED

CLARENCE WATERS
AIS# 132116
WILLIAM E. DONALDSON CORRECTIONAL FACILI
100 WARRIOR LANE
BESSEMER, ALABAMA   35023-7299

12

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY THAT I HAVE SERVED A COPY OF THE ABOVE AND FOREGOING UPON THE FOLLOWING BY PLACING A COPY IN THE UNITED STATES AMAIL POSTAGE PREPAID AND PROPERLY ADDRESSED THIS THE 14th DAY OF APRIL 2008 AS FOLLOWS

CC: HONORABLE TROY KING
    ATTORNEY GENERAL
    STATE OF ALABAMA
    ALABAMA STATEHOUSE
    11 SOUTH UNION STREET
    MONTGOMERY, ALABAMA   36130

RESPECTFULLY SUBMITTED

*Clarence Waters*
CLARENCE WATERS
AIS# 132116
WILLIAM E. DONALDSON CORRECTIONAL FAC
100 WARRIOR LANE
BESSEMER, ALABAMA   35023-7299

13

Office of the Clerk
United States District Court
For the Middle District of Alabama
P.O. Box 711
Montgomery, Alabama 36101-0711

Mrs. Clarence Wilson
Apt # 132116
William E. Donaldson Correctional Facility
100 Warrior Lane
Bessemer, Alabama 35023-7299

2:06-CV-650-MEF

"The correspondence is forwarded from an Alabama State Prison. The Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication."